**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| ULTRA PETROLEUM CORP., | ) | Case No. 16-32202 |
| Debtor. | ) | |
| Tax I.D. No. 98-0483838 | ) | |
| In re: | ) | Chapter 11 |
| KEYSTONE GAS GATHERING, LLC, | ) | Case No. 16-32203 |
| Debtor. | ) | |
| Tax I.D. No. N/A | ) | |
| In re: | ) | Chapter 11 |
| ULTRA RESOURCES, INC., | ) | Case No. 16-32204 |
| Debtor. | ) | |
| Tax I.D. No. 83-0320643 | ) | |
| In re: | ) | Chapter 11 |
| ULTRA WYOMING, INC., | ) | Case No. 16-32205 |
| Debtor. | ) | |
| Tax I.D. No. 45-4916117 | ) | |
| In re: | ) | Chapter 11 |
| ULTRA WYOMING LGS, LLC, | ) | Case No. 16-32206 |
| Debtor. | ) | |
| Tax I.D. No. 46-1530378 | ) | |

| | |
|---|---|
| In re: | ) Chapter 11 |
| UP ENERGY CORPORATION, | ) Case No. 16-32207 |
| Debtor. | ) |
| Tax I.D. No. 80-0044296 | ) |
| In re: | ) Chapter 11 |
| UPL PINEDALE, LLC, | ) Case No. 16-32208 |
| Debtor. | ) |
| Tax I.D. No. 47-1717214 | ) |
| In re: | ) Chapter 11 |
| UPL THREE RIVERS HOLDINGS, LLC, | ) Case No. 16-32209 |
| Debtor. | ) |
| Tax I.D. No. 46-3867158 | ) (Joint Administration Requested) <br> ) (Emergency Hearing Requested) |

## DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES

> **THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE. A HEARING WILL BE HELD ON THIS MATTER FOR <u>MAY 3, 2016 AT 1:30 PM</u> (CT) BEFORE THE HONORABLE MARVIN J. ISGUR, 515 RUSK STREET, COURTROOM 404, HOUSTON, TEXAS 77002.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

KE 39905495

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion (this "Motion").

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, directing procedural consolidation and joint administration of their related chapter 11 cases. The Debtors request that the Court maintain one file and one docket for all of the jointly-administered cases under the case of Ultra Petroleum Corp. and that the Court administer these chapter 11 cases under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | § Chapter 11 |
| | § |
| ULTRA PETROLEUM CORP., *et al.*,[1] | § Case No. 16-32202 (MI) |
| | § |
| Debtors. | § (Jointly Administered) |
| | § |

---

1. The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any), are: Ultra Petroleum Corp. (3838); Keystone Gas Gathering, LLC; Ultra Resources, Inc. (0643); Ultra Wyoming, Inc. (6117); Ultra Wyoming LGS, LLC (0378); UP Energy Corporation (4296); UPL Pinedale, LLC (7214); and UPL Three Rivers Holdings, LLC (7158). The Debtors' service address is: 400 North Sam Houston Parkway East, Suite 1200, Houston, Texas 77060.

2. The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

3. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Ultra Petroleum Corp. to reflect the joint administration of these chapter 11 cases:

3

An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing joint administration of the chapter 11 cases of: Ultra Petroleum Corp., Case No. 16-32202; Keystone Gas Gathering, LLC, Case No. 16-32203; Ultra Resources, Inc., Case No. 16-32204; Ultra Wyoming, Inc., Case No. 16-32205; Ultra Wyoming LGS, LLC, Case No. 16-32206; UP Energy Corporation, Case No. 16-32207; UPL Pinedale, LLC, Case No. 16-32208; UPL Three Rivers Holdings, LLC, Case No. 16-32209. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 16-32202 (MI).**

### Jurisdiction, Venue, and Procedural Background

4.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The bases for the relief requested herein are sections 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), rules 1015(b) and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 1015-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

6.      On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description surrounding the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Garland R. Shaw in Support of Chapter 11 Petitions and First Day Motions*, to be filed in connection with this motion.

### Basis For Relief

7.      Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The Debtor entities that

4

commenced the above-captioned chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein. Bankruptcy Local Rule 1015-1 further provides for the joint administration of related chapter 11 cases.

8.  Joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the Office of the United States Trustee for the Southern District of Texas and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

9.  Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested, but instead will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

## Emergency Consideration

10.  The Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." As set forth in this Motion, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause

irreparable harm. Furthermore, the failure to receive the requested relief during the first 21 days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture. Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

### Notice

11. The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the agent under Ultra Resources, Inc.'s prepetition credit agreement; (d) holders of Ultra Resources, Inc.'s private placement notes; (e) counsel to the ad hoc group of holders of Ultra Resources, Inc.'s private placement notes; (f) the trustee under Ultra Petroleum Corp.'s senior notes; (g) counsel to the ad hoc group of holders of Ultra Petroleum Corp.'s senior notes; (h) the United States Attorney's Office for the Southern District of Texas; (i) the Internal Revenue Service; (j) the Environmental Protection Agency; (k) the office of the attorneys general for the states in which the Debtors operate; (l) the Securities and Exchange Commission; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice is required.

### No Prior Request

12. No prior request for the relief sought in this Motion has been made to this or any other court.

KE 39905495

WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Houston, Texas
April 29, 2016

/s/ *Patricia B. Tomasco*

| | |
|---|---|
| **JACKSON WALKER, L.L.P.** | **KIRKLAND & ELLIS LLP** |
| Patricia B. Tomasco (TX Bar No. 01797600) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | James H.M. Sprayregen, P.C. |
| Jennifer F. Wertz (TX Bar No. 24072822) | (*pro hac vice* admission pending) |
| 1401 McKinney Street, Suite 1900 | David R. Seligman, P.C. (*pro hac vice* admission pending) |
| Houston, Texas 77010 | Michael B. Slade (TX Bar No. 24013521) |
| Telephone:  (713) 752-4200 | Gregory F. Pesce (*pro hac vice* admission pending) |
| Facsimile:  (713) 752-4221 | 300 North LaSalle |
| Email:  ptomasco@jw.com | Chicago, Illinois 60654 |
| Email:  mcavenaugh@jw.com | Telephone:  (312) 862-2000 |
| Email:  jwertz@jw.com | Facsimile:  (312) 862-2200 |
| | Email:  james.sprayregen@kirkland.com |
| | david.seligman@kirkland.com |
| | michael.slade@kirkland.com |
| | gregory.pesce@kirkland.com |

- and -

Christopher T. Greco (*pro hac vice* admission pending)
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:   christopher.greco@kirkland.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

KE 39905495

## Certificate of Service

  I certify that on April 29, 2016, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                    /s/ *Patricia B. Tomasco*
                    One of Counsel

KE 39905495

## Exhibit A

**Proposed Order**

KE 39905495

**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ULTRA PETROLEUM CORP., | ) ) ) | Case No. 16-32202 |
| Debtor. | ) ) ) | |
| Tax I.D. No. 98-0483838 | ) ) | |
| In re: | ) ) | Chapter 11 |
| KEYSTONE GAS GATHERING, LLC, | ) ) ) | Case No. 16-32203 |
| Debtor. | ) ) ) | |
| Tax I.D. No. N/A | ) ) | |
| In re: | ) ) | Chapter 11 |
| ULTRA RESOURCES, INC., | ) ) ) | Case No. 16-32204 |
| Debtor. | ) ) ) | |
| Tax I.D. No. 83-0320643 | ) ) | |
| In re: | ) ) | Chapter 11 |
| ULTRA WYOMING, INC., | ) ) ) | Case No. 16-32205 |
| Debtor. | ) ) ) | |
| Tax I.D. No. 45-4916117 | ) ) | |
| In re: | ) ) | Chapter 11 |
| ULTRA WYOMING LGS, LLC, | ) ) ) | Case No. 16-32206 |
| Debtor. | ) ) ) | |
| Tax I.D. No. 46-1530378 | ) | |

KE 39905495

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| UP ENERGY CORPORATION, | ) | Case No. 16-32207 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 80-0044296 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| UPL PINEDALE, LLC, | ) | Case No. 16-32208 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-1717214 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| UPL THREE RIVERS HOLDINGS, LLC, | ) | Case No. 16-32209 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 46-3867158 | ) | |

**ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

2

found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 16-32202 (MI). Additionally, the following checked items are ordered:

   a. ☒ One disclosure statement and plan of reorganization may be filed for all cases by any plan proponent.

   b. ☒ Case No. 16-[____] (higher case number) shall be transferred to Judge Marvin Isgur, who has the lower numbered case.

   c. ☒ Parties may request joint hearings on matters pending in any of the jointly administered cases.

   d. ☒ Other:  See below.

3. The caption of the jointly administered cases should read as follows:

3

KE 39905495

# IN THE UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ULTRA PETROLEUM CORP., *et al.*,[1] | § | Case No. 16-32202 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

---

1. The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any), are: Ultra Petroleum Corp. (3838); Keystone Gas Gathering, LLC; Ultra Resources, Inc. (0643); Ultra Wyoming, Inc. (6117); Ultra Wyoming LGS, LLC (0378); UP Energy Corporation (4296); UPL Pinedale, LLC (7214); and UPL Three Rivers Holdings, LLC (7158). The Debtors' service address is: 400 North Sam Houston Parkway East, Suite 1200, Houston, Texas 77060.

4. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5. A docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors other than Ultra Petroleum Corp. to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing joint administration of the chapter 11 cases of: Ultra Petroleum Corp., Case No. 16-32202; Keystone Gas Gathering, LLC, Case No. 16-32203; Ultra Resources, Inc., Case No. 16-32204; Ultra Wyoming, Inc., Case No. 16-32205; Ultra Wyoming LGS, LLC, Case No. 16-32206; UP Energy Corporation, Case No. 16-32207; UPL Pinedale, LLC, Case No. 16-32208; UPL Three Rivers Holdings, LLC, Case No. 16-32209. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 16-32202 (MI).**

6. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Southern District of Texas shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

4

5

7. Any party in interest may request joint hearings on matters pending in any of these chapter 11 cases.

8. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2016
  Houston, Texas

THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE