ENTERED
06/14/2016

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| ULTRA PETROLEUM CORP., *et al.*,[1] | ) | Case No. 16-32202 (MI) |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re: Docket Nos. 19, 78** |

**FINAL ORDER AUTHORIZING THE DEBTORS TO (I) PAY PREPETITION WAGES, SALARIES, OTHER COMPENSATION, REIMBURSABLE EXPENSES, AND DIRECTOR OBLIGATIONS AND (II) CONTINUE EMPLOYEE BENEFITS PROGRAMS**

Upon the *Motion for Entry of Interim and Final Orders Authorizing the Debtors to (I) Pay Prepetition Wages, Salaries, Other Compensation, Reimbursable Expenses, and Director Obligations and (II) Continue Employee Benefits Programs* [Docket No. 19] (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"), the United States Bankruptcy Court for the Southern District of Texas (the "Court") orders as follows:

1. The Debtors are authorized to continue and/or modify, change, and discontinue the Employee Compensation and Benefits and to implement new programs, policies, and benefits, in the ordinary course of business during these chapter 11 cases and without the need for further Court approval, subject to applicable law; *provided* that, pending further order of the

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any), are: Ultra Petroleum Corp. (3838); Keystone Gas Gathering, LLC; Ultra Resources, Inc. (0643); Ultra Wyoming, Inc. (6117); Ultra Wyoming LGS, LLC (0378); UP Energy Corporation (4296); UPL Pinedale, LLC (7214); and UPL Three Rivers Holdings, LLC (7158).

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion (as defined below).

Court, the Debtors are authorized to pay and honor prepetition amounts related to the Employee Compensation and Benefits programs up to the priority amounts set forth in sections 507(a)(4) or 507(a)(5) of the Bankruptcy Code (the "Cap Amount"); *provided*, *however*, that increases to the Cap Amount are authorized, without the necessity of a further order of this Court, as agreed upon in writing by counsel for the Debtors and the Official Committee of Unsecured Creditors (the "Committee") (but no such additional amounts may be paid to any person who is an officer, director, or principal of a Debtor or an affiliate), provided that if the Debtors and the Committee fail to agree to an increase of the Cap Amount, the Committee shall not object to any request by the Debtors for an expedited hearing to consider an increase of the Cap Amount.

2. The Debtors are authorized, to pay and honor prepetition amounts related to the Employee Compensation and Benefits programs; *provided* that, pending further order of the Court, the Debtors shall not make any payments on account of or related to prepetition Independent Director Compensation, and all rights of the Committee appointed in these chapter 11 cases with respect to the foregoing are fully reserved and preserved in all respects.

3. Pursuant to section 362(d) of the Bankruptcy Code, Employees are authorized to proceed with their claims under the Workers' Compensation Program in the appropriate judicial or administrative forum and the Debtors are authorized to continue the Workers' Compensation Program and pay all prepetition amounts relating thereto in the ordinary course of business. This modification of the automatic stay pertains solely to claims under the Workers' Compensation Program.

4. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or

other applicable nonbankruptcy law; (b) a waiver of the Debtors' rights to dispute any claim; (c) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (d) an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (e) a waiver of any claims or causes of action which may exist against any entity.

5. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

6. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Employee Compensation and Benefits.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules for the Southern District of Texas are satisfied by such notice.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Dated: 6-13, 2016
Houston, Texas

THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE