IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ULTRA PETROLEUM CORP., *et al.*,[1] | § | Case No. 16-32202 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |
| | § | |

**DEBTORS' SUPPLEMENTAL APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF WATT THOMPSON & HENNEMAN LLP AS SPECIAL CLAIMS LITIGATION COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION**

> **A HEARING WILL BE CONDUCTED ON THIS MATTER ON NOVEMBER 28, 2016, AT 1:30 P.M., PREVAILING CENTRAL TIME, IN COURTROOM 404, 4TH FLOOR, UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK AVENUE, HOUSTON, TEXAS 77002.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-ONE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this supplemental application (this "Application").

**Relief Requested**

1. On October 20, 2016, the Debtors filed the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Watt Thompson & Henneman LLP as*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any), are: Ultra Petroleum Corp. (3838); Keystone Gas Gathering, LLC; Ultra Resources, Inc. (0643); Ultra Wyoming, Inc. (6117); Ultra Wyoming LGS, LLC (0378); UP Energy Corporation (4296); UPL Pinedale, LLC (7214); and UPL Three Rivers Holdings, LLC (7158).

*Special Claims Litigation Counsel for the Debtors and Debtors in Possession* (the "Original Application"), which application is scheduled for hearing on November 28, 2016, at 1:30 p.m. (prevailing Central Time). The Original Application requested the entry of an order authorizing the retention and employment of Watt Thompson & Henneman LLP ("WTH") as their claims litigation counsel in connection with certain claims asserted by owners of net profits interests and/or working interest in the Pinedale Unit, including inter alia, Doyle and Margaret Hartman, the Southern California Public Power Authority, and the Turlock Irrigation District (the "Original Claims Matters").

2. By this Application, the Debtors respectfully supplement the Original Application to seek authority to retain and employ WTH as their claims litigation in connection with certain claims asserted by Jonah LLC, Bushong Oil & Gas Properties LLC, McMurry Limited Liability Company, Weeks Pinedale, LLC, and Weeks Resources, LLC (together with the Original Claims Matters, collectively, the "Claims Matters").

3. The relief requested by the Original Application and the supplemental relief requested by this Application is not opposed by the official joint committee of unsecured creditors appointed in these chapter 11 cases (the "Committee"). Furthermore, the Debtors have engaged in discussions with the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") regarding the supplemental relief requested by this Application. As of the date hereof, the U.S. Trustee has not formally consented to the relief requested, but the Debtors remain in discussions with the U.S. Trustee and are hopeful that the U.S. Trustee will not oppose the relief requested.

**Jurisdiction, Venue, and Procedural Background**

4. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This

matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The bases for the relief requested herein are sections 327(e), 328(a), and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Bankruptcy Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules").

6. The Debtors continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On May 5, 2016, the U.S. Trustee appointed the Committee [Docket No. 102]. On September 26, 2016, the U.S. Trustee reconstituted the Committee [Docket No. 569].

**WTH's Qualifications**

7. The Debtors seek to retain WTH because of WTH's recognized expertise and extensive experience and knowledge regarding the Claims Matters, which WTH advised the Debtors on prior to the date hereof.

8. In connection with its representation of the Debtors in the Claims Matters, WTH has become familiar with the Debtors' businesses and many of the potential legal issues that may arise in the context of the Claims Matters. The Debtors believe that WTH is both well-qualified and uniquely able to represent the Debtors in these chapter 11 cases in connection with the Claims Matters in an efficient and timely manner.

**Services to be Provided**

9. Subject to further order of the Court, the Debtors request the retention and employment of WTH to act as special claims litigation counsel in connection with the Claims Matters.

3

**Professional Compensation**

10. WTH intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and any other applicable procedures and orders of the Court. The hourly rates and corresponding rate structure WTH will use in these chapter 11 cases are the same as, or more favorable than, the hourly rates and corresponding rate structure that WTH uses in other complex litigation matters, whether related to chapter 11 cases or otherwise, and regardless of whether a fee application is required. These rates and the rate structure reflect that such complex matters typically involve great complexity, high stakes, and severe time pressures.

11. WTH operates in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance, and reputation, the nature of the work involved, and other factors.

12. WTH's current hourly rates for matters related to these chapter 11 cases range as follows:[2]

---

[2] For professionals and paraprofessionals residing outside of the U.S., hourly rates are billed in the applicable currency. When billing a U.S. entity, such foreign rates are converted into U.S. dollars at the then applicable conversion rate. After converting these foreign rates into U.S. dollars, it is possible that certain rates may exceed the billing rates listed in the chart herein.

4

| Billing Category[3] | U.S. Range |
|---|---|
| Partners | $400-$500 |
| Of Counsel | $350-$450 |
| Associates | $180-$320 |
| Paraprofessionals | $130 |

13. WTH's hourly rates are set at a level designed to compensate WTH fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions.[4]

14. The rate structure provided by WTH is appropriate and reflects rates generally lower than the rates that WTH charges for other similar types of representations or the rates that other comparable counsel would charge to do work substantially similar to the work WTH will perform in these chapter 11 cases.

15. It is WTH's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also WTH's policy to charge its clients only the amount actually incurred by WTH in connection with such items. Examples of such expenses include postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying, airfare, meals, and lodging.

---

[3] Although WTH does not anticipate using contract attorneys during these chapter 11 cases, in the unlikely event that it becomes necessary to use contract attorneys, WTH will not charge a markup to the Debtors with respect to fees billed by such attorneys. Moreover, any contract attorneys or non-attorneys who are employed by the Debtors in connection with work performed by WTH will be subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code.

[4] For example, like many of its peer law firms, WTH typically increases the hourly billing rate of attorneys and paraprofessionals once a year in the form of: (i) step increases historically awarded in the ordinary course on the basis of advancing seniority and promotion and (ii) periodic increases within each attorney's and paraprofessional's current level of seniority. The step increases do not constitute "rate increases" (as the term is used in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013). As set forth in the Order, WTH will provide ten business-days' notice to the Debtors, the U.S. Trustee, and any official committee before implementing any periodic increases, and shall file any such notice with the Court.

16. WTH currently charges the Debtors $0.25 per page for standard duplication in its offices in the United States. WTH does not charge its clients for incoming facsimile transmissions. WTH has negotiated a discounted rate for Westlaw computer-assisted legal research. Computer-assisted legal research is used whenever the researcher determines that using Westlaw is more cost effective than using traditional (non-computer assisted legal research) techniques.

### Compensation Received by WTH from the Debtors

17. Pursuant to Bankruptcy Rule 2016(b), WTH has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, associates, and contract attorneys associated with WTH or (b) any compensation another person or party has received or may receive.

18. As of the date hereof, the Debtors owed WTH approximately $4,440.00 on account of legal services rendered by WTH to the Debtors before the date hereof. As set forth below, WTH submits that this does not represent a conflict for purposes of section 327(e) of the Bankruptcy Code.

### WTH's Disinterestedness

19. To the best of the Debtors' knowledge and as disclosed herein and in the declaration and supplemental declarations of Joseph G. Thompson III, a managing partner of Watt Thompson & Henneman LLP (collectively, the "Thompson Declarations"), (a) WTH does not represent any interest adverse to the Debtors or their estates with respect to the matters on which WTH is to be engaged, as required by section 327(e) of the Bankruptcy Code and (b) WTH has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Thompson Declarations.

20. WTH will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, WTH will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## Supporting Authority

21. The Debtors seek retention of WTH as special claims litigation counsel pursuant to section 327(e) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> [M]ay employ, for a specified special purpose . . . an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

22. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

23. In considering whether to appoint special counsel, courts generally consider whether "(1) the representation is in the best interest of the estate, (2) the attorney represented the debtor in the past, (3) the attorney is for a specific purpose approved by the court, other than to represent the debtor in conducting the case, (4) the attorney does not represent or hold an

7

interest adverse to the debtor or the debtor's estate." *In re Woodworkers Warehouse, Inc.*, 323 B.R. 403, 406 (Bankr. D. Del. 2005); *see also In re AroChem Corp.*, 176 F.3d 610, 622 (2d Cir. 1999) (noting that "where the interest of the special counsel and the interest of the estate are identical with respect to the matter for which special counsel is retained, there is no conflict and the representation can stand").

24. The Debtors submit that for all the reasons stated above and in the Thompson Declarations, the retention and employment of WTH as special claims litigation counsel to the Debtors is warranted. Further, as stated in the Thompson Declarations, WTH does not represent any interest adverse to the Debtors or their estates with respect to the matters on which WTH is to be engaged, as required by section 327(e) of the Bankruptcy Code.

## Notice

25. The Debtors will provide notice of this Application to: (a) the U.S. Trustee; (b) the Committee's counsel; (c) any party entitled to service pursuant to the *Order Granting Complex Chapter 11 Bankruptcy Case Treatment* [Docket No. 41]; and (d) any other party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice is required.

## No Prior Request

26. Other than the relief requested by the Original Application, no prior request for the relief sought in this Application has been made to this or any other court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Debtors respectfully request that the Court enter the order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated:  November 22, 2016          */s/ Garrett B. Smith*
       Houston, Texas               Garrett B. Smith
                                        Ultra Petroleum Corp.
                                        Vice President, General Counsel
                                        and Corporate Secretary

**Certificate of Service**

I certify that on November 22, 2016, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Gregory F. Pesce*
One of Counsel