# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

ENTERED
02/21/2017

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ULTRA PETROLEUM CORP., et al.,[1] | § | Case No. 16-32202 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |
| | § | Re: Docket Nos. 818 & 1106 |

AMENDED

### ORDER (I) APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES WITH RESPECT TO CONFIRMATION OF THE DEBTORS' PROPOSED JOINT PLAN OF REORGANIZATION, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, (IV) APPROVING THE RIGHTS OFFERING PROCEDURES AND RELATED MATTERS, (V) SCHEDULING CERTAIN DATES WITH RESPECT THERETO, AND (VI) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to sections 105, 363, 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3016, 3017, 3018, 3020, and Bankruptcy Local Rules 2002-1 and 3016-1, approving (a) the adequacy of the *Disclosure Statement for the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization* [Docket No. 1106] (the "Disclosure Statement"), (b) the Solicitation and Voting Procedures, (c) the Voting Record Date, (d) the manner and form of the Solicitation Packages and the materials contained therein, (e) the Plan Supplement Notice, (f) the Non-Voting Status Notices, (g) the form of notices to counterparties to Executory Contracts and Unexpired Leases

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any), are: Ultra Petroleum Corp. (3838); Keystone Gas Gathering, LLC; Ultra Resources, Inc. (0643); Ultra Wyoming, Inc. (6117); Ultra Wyoming LGS, LLC (0378); UP Energy Corporation (4296); UPL Pinedale, LLC (7214); and UPL Three Rivers Holdings, LLC (7158).

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

that will be assumed or rejected pursuant to the Plan, (h) the Voting and Tabulation Procedures, (i) the Confirmation Hearing Notice, (j) the Rights Offering Procedures, and (k) certain dates and deadlines related thereto, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interest of the Debtors' estates, their creditors, their equity holders, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

I.      **Approval of the Disclosure Statement.**

1.      The Disclosure Statement, substantially in the form filed at ECF No. 1106, is hereby approved as providing Holders of Claims and Interests entitled to vote on the Plan with adequate information to make an informed judgment about the Plan, in accordance with section 1125(a)(1) of the Bankruptcy Code.

2.      The Disclosure Statement (including all applicable exhibits thereto) provides Holders of Claims, Holders of Interests, and other parties in interest with sufficient notice of the

discharge, injunction, exculpation, and release provisions contained in Article VIII of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

**II.     Approval of the Solicitation and Voting Procedures.**

3.     The Debtors are authorized to solicit, receive, and tabulate votes to accept the Plan in accordance with the Solicitation and Voting Procedures, substantially in the form attached hereto as **Schedule 2**, which are hereby approved in their entirety.

**III.    Approval of the Materials and Timeline for Soliciting Votes and the Procedures for Confirming the Plan.**

      **A.     Approval of Certain Dates and Deadlines with Respect to the Plan and Disclosure Statement.**

4.     The following dates are hereby established (subject to modification as necessary) with respect to the solicitation of votes to accept, and voting on, the Plan and confirming the Plan (all times prevailing Central Time):

| Event | Date |
|---|---|
| Voting Record Date | February 9, 2017 |
| Solicitation Deadline | February 17, 2017, or as soon as reasonably practicable thereafter |
| Commencement of the Rights Offering (the "**Subscription Commencement Date**") | The date that is five (5) business days after entry of this Order  2/21/17 |
| Debtors' Expert Reports Deadline | February 20, 2017 |
| Publication Deadline | February 21, 2017 |
| The Debtors' Deadline for Substantial Completion of Document Production (for all requests already received prior to February 10, 2017) | February 20, 2017 |
| Witness Disclosure Deadline | February 28, 2017 |
| Plan Supplement Deadline | February 28, 2017 |
| Assumption/Rejection Notice Deadline | February 28, 2017 |
| Objecting Parties' Expert Reports Deadline | March 4, 2017 |

| Event | Date |
|---|---|
| Plan Objection Deadline | March 6, 2017, at 4:00 p.m., prevailing Central Time |
| Deadline to Object to Debtors' Proposed Assumption, Rejection, and/or Cure Amount in an Assumption Notice or Rejection Notice | March 21, 2017, at 4:00 p.m., prevailing Central Time |
| Rebuttal Expert Reports Deadline | March 8, 2017 |
| Discovery Cutoff Date | March 10, 2017 |
| Deadline to File Confirmation Brief | March 10, 2017, at 12:00 p.m., prevailing Central Time |
| Plan Objection Response Deadline | March 10, 2017, at 12:00 p.m., prevailing Central Time |
| Final Witness List and Exhibit List Deadline | March 10, 2017, at 12:00 p.m., prevailing Central Time |
| Voting Deadline | March 13, 2017, at 4:00 p.m., prevailing Central Time |
| Deadline to File Voting Report | March 13, 2017 |
| Confirmation Hearing Date | March 14, 2017, at 10:00 a.m., prevailing Central Time |

**B.     Approval of the Form of, and Distribution of, Solicitation Packages to Parties Entitled to Vote on the Plan.**

5.     In addition to the Disclosure Statement and exhibits thereto, including the Plan and this Order (without exhibits, except the Solicitation Procedures), the Solicitation Packages to be transmitted on or before the Solicitation Deadline to those Holders of Claims and Interests in the Voting Classes entitled to vote on the Plan as of the Voting Record Date, shall include the following, the form of each of which is hereby approved:

a.     the Ballots, substantially in the forms attached to the Order as **Schedules 3A**, **3B**, **3C**, **3D**, and **3E** respectively;[3]

b.     the Cover Letter, substantially in the form attached to the Order as **Schedule 6**; and

c.     the Confirmation Hearing Notice, substantially in the form attached to the Order as **Schedule 7**.

---

[3]     The Debtors will make every reasonable effort to ensure that any holder of a Claim that has filed duplicate Claims against the Debtors (whether against the same or multiple Debtors) that are classified under the Plan in the same Voting Class, receives no more than one Solicitation Package (and, therefore, one Ballot) on account of such Claim and with respect to that Class.

6.     The Solicitation Packages provide the Holders of Claims and Interests entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Bankruptcy Local Rules.

7.     The Debtors shall distribute Solicitation Packages to all Holders of Claims and Interests entitled to vote on the Plan on or before the Solicitation Deadline.  Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

8.     The Debtors are authorized to distribute the Plan, the Disclosure Statement, and this Order to Holders of Claims and Interests entitled to vote on the Plan in electronic format (*i.e.*, on a CD-ROM or flash drive).  The Ballots as well as the Cover Letter and the Confirmation Hearing Notice will *only* be provided in paper form.  On or before the Solicitation Deadline, the Debtors shall provide (a) complete Solicitation Packages to the U.S. Trustee and (b) the Order (in electronic format) and the Confirmation Hearing Notice to all parties on the 2002 List as of the Voting Record Date.

9.     Any party that receives materials in electronic format, but would prefer to receive materials in paper format, may contact the Solicitation Agent and request paper copies of the corresponding materials previously received in electronic format (to be provided at the Debtors' expense).

10.     The Solicitation Agent is authorized to assist the Debtors in (a) distributing the Solicitation Package, (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims against and Interests in the Debtors, (c) responding to inquiries from Holders of Claims and Interests and other parties in interest relating to the

Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan, (d) soliciting votes on the Plan, and (e) if necessary, contacting creditors and equity holders regarding the Plan.

11.     The Solicitation Agent is also authorized to accept Ballots via electronic online transmission solely through a customized online balloting portal on the Debtors' case website. The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the holder's electronic signature will be deemed to be immediately legally valid and effective.

12.     The Debtors shall indemnify the Solicitation Agent under the terms of the Engagement Agreement, dated March 1, 2016 (the "Engagement Agreement"), between the Debtors and the Solicitation Agent; *provided* that the Debtors shall have no obligation to indemnify the Solicitation Agent, or provide contribution or reimbursement to the Solicitation Agent, for any claim or expense that is: (a) judicially determined pursuant to a final court order of a court of competent jurisdiction to have arisen from the Solicitation Agent's gross negligence, willful misconduct, or fraud; (b) for a contractual dispute in which the Debtors allege the breach of the Solicitation Agent's contractual obligations if the Court determines that indemnification, contribution, or reimbursement, as applicable, would not be permissible under applicable law; or (c) settled prior to a judicial determination under (a) or (b), but determined by this Court, after notice and a hearing, to be a claim or expense for which the Solicitation Agent should not receive indemnity, contribution, or reimbursement, as applicable, under the terms of the Engagement Agreement.

C.      **Approval of the Confirmation Hearing Notice**.

13.     The Confirmation Hearing Notice, substantially in the form attached hereto as **Schedule 7**, is approved and shall be deemed to constitute adequate and sufficient notice of the hearings to consider approval of the Plan, the manner in which a copy of the Plan could be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.  The Debtors shall file the Confirmation Hearing Notice on the Court's docket no later than February 15, 2017, and shall serve such notice upon all parties in interest identified in the creditor matrix on or before February 21, 2017.  The Debtors shall publish the Confirmation Hearing Notice (in a format modified for publication) one time within eight business days following entry of the Order, and in no event later than February 24, 2017, in *USA Today* (national edition) and the *Houston Chronicle*.

D.      **Approval of Notice of Filing of the Plan Supplement**.

14.     The Debtors shall file and serve a notice of the filing of the Plan Supplement, substantially in the form attached hereto as **Schedule 8**, no later February 28, 2017.

E.      **Approval of the Form of Notices to Non-Voting Classes**.

15.     The Debtors may, but are not required to, provide Solicitation Packages to Holders of Claims and Interests in the Non-Voting Classes; *provided* that, on or before the Solicitation Deadline, the Solicitation Agent shall mail (first-class postage prepaid) a Non-Voting Status Notice in lieu of Solicitation Packages, the form of each of which is hereby approved, to those parties, outlined below, that are not entitled to vote on the Plan:

| Classes | Status | Treatment |
|---------|--------|-----------|
| 1, 2, 4, 5, 6, and 7 | Unimpaired—Conclusively Presumed to Accept | Will receive a notice, substantially in the form attached to the Order as **Schedule 4-A**, in lieu of a Solicitation Package. |

| Classes | Status | Treatment |
|---------|--------|-----------|
| 9 | Impaired—Conclusively Deemed to Reject | Will receive a notice, substantially in the form attached to the Order as **Schedule 4-B**, in lieu of a Solicitation Package. |
| N/A | Disputed Claims and Interests | Holders of Claims that are subject to a pending objection by the Debtors are not entitled to vote the disputed portion of their Claim. As such, Holders of such Claims will receive a notice, substantially in the form attached to the Order as **Schedule 5** (which notice shall be served together with such objection). |

16.     The Debtors are authorized, but not required, to provide Solicitation Packages or any other type of notice in connection with solicitation to the Holders of Class 6 Intercompany Claims or Class 7 Intercompany Interests.

17.     The Debtors are not required to mail Solicitation Packages or other solicitation materials to:    (a) Holders of Claims that have already been paid in full during the Chapter 11 Cases pursuant to an order previously entered by this Court or that are authorized to be paid in full in the ordinary course of business, whether pursuant to an order previously entered by this Court or otherwise; or (b) any party to whom the Disclosure Statement Hearing Notice was sent but was subsequently returned as undeliverable.

**F.     Approval of Notices to Contract and Lease Counterparties.**

18.     The Debtors are authorized to mail a notice of assumption or rejection of any Executory Contracts or Unexpired Leases (and any corresponding Cure Claims), substantially in the forms attached hereto as **Schedule 9** and **Schedule 10**, to the applicable counterparties to Executory Contracts and Unexpired Leases that will be assumed or rejected pursuant to the Plan (as the case may be), within the time periods specified in the Plan.

**G.      Approval of the Procedures for Filing Objections to the Plan**.

19.      *Objections to the Plan will not be considered by the Court unless such objections* are timely filed and properly served in accordance with this Order.  Specifically, all objections to confirmation of the Plan or requests for modifications to the Plan, if any, ***must***:  (a) be in writing; (b) conform to the Bankruptcy Rules and the Bankruptcy Local Rules; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court.

**H.      Approval of the Rights Offering Procedures**.

20.      The Rights Offering Procedures, substantially in the form annexed hereto as **Schedule 11**, are approved.

21.      The Subscription Agreement, substantially in the form annexed hereto as **Schedule 12A**, is approved.

22.      The Beneficial Holder Subscription Form, substantially in the form annexed hereto as **Schedule 12B**, is approved.

23.      The Master Subscription Form, substantially in the form annexed hereto as **Schedule 12C**, is approved.

24.      The Debtors may, in accordance with the Backstop Commitment Agreement, modify the Rights Offering Procedures or adopt any additional detailed procedures, consistent with the provisions of the Rights Offering Procedures, to effectuate the Rights Offering and to issue the Rights Offering Shares.

## IV.   Objections.

25.    To the extent that any objections, reservations of rights, statements, or joinders to the Motion have not been resolved, withdrawn, waived, or settled prior to entry of this Order or otherwise resolved herein or as stated on the record of the Hearing, they are hereby overruled on the merits based on the record before the Court.

## V.   Miscellaneous.

26.    The Debtors reserve the right to modify the Plan without further order of the Court in accordance with Article X of the Plan, including the right to withdraw the Plan as to an individual Debtor at any time before the Confirmation Date; *provided, however*, that the rights of all parties in interest with respect to any modification of the Plan, including the right to object to confirmation of the Plan on the grounds that any such modification is impermissible under the Bankruptcy Code or that there was insufficient disclosure of such modification in the Disclosure Statement, are fully reserved and preserved in all respects.

27.    Nothing in this Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a proof of claim after the Voting Record Date.

28.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

29.    The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

30.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

31.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

32.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

33.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated:  2-21-17

Houston, Texas

THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

11

## SCHEDULE 1

**(RESERVED)**

## SCHEDULE 2

**Form of Solicitation and Voting Procedures**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ULTRA PETROLEUM CORP., *et al.*,[1] | § | Case No. 16-32202 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |
| | § | |

## SOLICITATION AND VOTING PROCEDURES

**PLEASE TAKE NOTICE THAT** on [February 13], 2017, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order (the "Disclosure Statement Order"): (a) authorizing Ultra Petroleum Corp. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit votes on the *Debtors' Second Amended Joint Chapter 11 Plan of Reorganization* (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement for the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization* (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (e) approving the Rights Offering Procedures.

### A.     The Voting Record Date.

The Court has established **February 9, 2017**, as the record date for purposes of determining which Holders of Claims and Interests in Class 3 (HoldCo Note Claims) and Class 8 (Existing HoldCo Common Stock) are entitled to vote on the Plan (the "Voting Record Date").

### B.     The Voting Deadline.

The Court has established **March 13, 2017, at 4:00 p.m.**, prevailing Central Time as the voting deadline (the "Voting Deadline") for the Plan.  The Debtors may extend the Voting Deadline, in their discretion, without further order of the Court.  To be counted as votes to accept

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any), are: Ultra Petroleum Corp. (3838); Keystone Gas Gathering, LLC; Ultra Resources, Inc. (0643); Ultra Wyoming, Inc. (6117); Ultra Wyoming LGS, LLC (0378); UP Energy Corporation (4296); UPL Pinedale, LLC (7214); and UPL Three Rivers Holdings, LLC (7158).

[2]     Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Plan.

or reject the Plan, all ballots ("Ballots") must be properly executed, completed, and delivered in accordance with the instructions included with the Ballot and received by Epiq Bankruptcy Solutions, LLC (the "Solicitation Agent") no later than the Voting Deadline.

**C.     Form, Content, and Manner of Notices**.

**1.     The Solicitation Package**.

The following materials shall constitute the solicitation package (the "Solicitation Package"):

  a.   a copy of these Solicitation and Voting Procedures;

  b.   the *Notice of Hearing to Consider Confirmation of the Chapter 11 Plan Filed By the Debtors and Related Voting and Objection Procedures*, in substantially the form annexed as Schedule 7 to the Disclosure Statement Order (the "Confirmation Hearing Notice");

  c.   a cover letter, substantially in the form annexed as Schedule 6 to the Disclosure Statement Order, describing the contents of the Solicitation Package and urging the Holders of Claims and Interests in each of the Voting Classes to vote to accept the Plan;

  d.   the applicable form of Ballot, substantially in the form of the Ballots annexed as Schedule 3 to the Disclosure Statement Order, as applicable;

  e.   the approved Disclosure Statement, substantially in the form annexed as Schedule 1 to the Disclosure Statement Order (and exhibits thereto, including the Plan);

  f.   a pre-addressed, postage pre-paid reply envelope; and

  g.   any additional documents that the Court has ordered to be made available.

**2.     Distribution of the Solicitation Package**.

The Solicitation Package shall provide the Plan, the Disclosure Statement, and the Disclosure Statement Order (without exhibits except the Solicitation Procedures) in electronic format (*i.e.*, CD-ROM or flash drive format), and all other contents of the Solicitation Package, including Ballots, shall be provided in paper format. Any party that receives the materials in electronic format but would prefer paper format may request paper copies of the corresponding materials previously received in electronic format (to be provided at the Debtors' expense) by contacting the Solicitation Agent by: (a) calling (844) 319-8438 (domestic toll-free) or +1 503-520-4495 (international); (b) visiting the Debtors' restructuring website at: http://dm.epiq11.com/Ultra; (c) writing to Ultra Petroleum Corp., c/o Epiq Bankruptcy Solutions, LLC, 777 Third Avenue, 12th Floor New York, New York 10017; and/or (d) emailing tabulation@epiqsystems.com with a reference to "Ultra Petroleum" in the subject line.

The Debtors shall serve, or cause to be served, all of the materials in the Solicitation Package (excluding the Ballots) on the U.S. Trustee and all parties that have requested service of papers in this case pursuant to Bankruptcy Rule 2002 as of the Voting Record Date.  In addition, the Debtors shall mail, or cause to be mailed, the Solicitation Package to all Holders of Claims and Interests in the Voting Classes that are entitled to vote, as described in section D below, on or before the date that is five business days following entry of the Disclosure Statement Order, or as soon as reasonably practicable thereafter.[3]

To avoid duplication and reduce expenses, the Debtors will make every reasonable effort to ensure that any Holder of a Claim that has filed duplicative Claims against a Debtor (whether against the same or multiple Debtors) that are classified under the Plan in the same Voting Class receives no more than one Solicitation Package (and, therefore, one Ballot) on account of such Claim and with respect to that Class as against that Debtor.

3.   **Resolution of Disputed Claims and Interests for Voting Purposes; Resolution Event.**  Disputed claims, and the voting rights of any holder of a disputed claim, will be determined in accordance with the Federal Rules of Bankruptcy Procedure; provided, the OPCO funded debt procedures were announced on the record on February 13, 2017 and will be controlling.

4.   **Non-Voting Status Notices for Unimpaired Classes and Classes Deemed to Reject the Plan.**

Certain Holders of Claims and Interests that are not classified in accordance with section 1123(a)(1) of the Bankruptcy Code or that are not entitled to vote because they are Unimpaired or otherwise presumed to accept the Plan under section 1126(f) of the Bankruptcy Code will receive only the *Non-Voting Status Notice for Unimpaired Claims Conclusively Presumed to Accept the Plan*, substantially in the form annexed as <u>Schedule 4-A</u> to the Disclosure Statement Order.  Such notice will instruct these Holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots).

Furthermore, certain Holders of Interests that are not classified in accordance with section 1123(a)(1) of the Bankruptcy Code or that are not entitled to vote because they are Impaired or otherwise deemed to reject the Plan under section 1126(g) of the Bankruptcy Code will receive only the *Non-Voting Status Notice for Impaired Claims Conclusively Deemed to Reject the Plan*, substantially in the form annexed as <u>Schedule 4-B</u> to the Disclosure Statement Order.  Such notice will instruct these Holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots).

5.   **Notices in Respect of Executory Contracts and Unexpired Leases.**

Counterparties to Executory Contracts and Unexpired Leases that receive an *Assumption Notice* or a *Rejection Notice*, substantially in the forms attached as <u>Schedule 9</u> and <u>Schedule 10</u> to the Disclosure Statement Order, respectively, may file an objection to the Debtors' proposed

---

[3]   Master Ballots will be distributed to Nominees approximately seven days after the initial solicitation mailing in accordance with customary solicitation procedures.

assumption, rejection, and/or cure amount, as applicable.  Such objections must be *filed* by **March 21, 2017, at 4:00 p.m.**, prevailing Central Time.

  **D.**  **Voting and Tabulation Procedures.**

  **1.**  <u>**Holders of Claims and Interests Entitled to Vote**</u>.

  Only the following Holders of Claims and Interests in the Voting Classes shall be entitled to vote with regard to such Claims and Interests, as applicable:

    a.  Holders of HoldCo Note Claims;

    b.  Holders of any Existing HoldCo Common Stock; and

    c.  the assignee of any Claim or Interest that was transferred on or before the Voting Record Date by any Entity described in subparagraphs (a) through (b) above; *provided* that such transfer or assignment has been fully effectuated pursuant to the procedures set forth in the Bankruptcy Rules and the Bankruptcy Code.

  **2.**  <u>**Establishing Claim and Interest Amounts for Voting Purposes**</u>.

  **Class 3 Claims**.  The Claims amount of Class 3 Claims of Beneficial Holders[4] for voting purposes only will be established through the records of the applicable Nominees, as evidenced by the securities position report(s) from The Depository Trust Company or other relevant depository, in the amount of the applicable positions held as of the Voting Record Date by such registered holder.

  **Class 8 Interests**.  The Interests amount of Class 8 Interests for voting purposes only will be based on the Record Date amounts as evidenced by the applicable stock transfer agent records and depository listings.

  **Filed and Scheduled Claims**.  The Claim amount established herein shall control for voting purposes only and shall not constitute the Allowed amount of any Claim.  Moreover, any amounts filled in on Ballots by the Debtors through the Solicitation Agent, as applicable, are not binding for purposes of allowance and distribution.  In tabulating votes, the following hierarchy shall be used to determine the amount of the Claim associated with each claimant's vote:

    a.  the Claim amount (i) settled and/or agreed upon by the Debtors and a Holder of a Claim, as reflected in a document filed with the Court, (ii) set forth in an order of the Court, or (iii) set forth in a document executed by the Debtors and a Holder of a Claim pursuant to authority granted by the Court;

    b.  the Claim amount Allowed (temporarily or otherwise) by an Order;

---

[4] A "<u>Beneficial Holder</u>" means a beneficial holder of publicly traded securities whose Claims or Interests have not been satisfied prior to the Voting Record Date (as defined herein) pursuant to Court order or otherwise, as reflected in the records maintained by the Nominees holding through The Depository Trust Company, or other relevant security depository, and/or the transfer agent, as of the Voting Record Date.

c.  the Claim amount contained in a Proof of Claim that has been timely filed by the applicable Claims Bar Date (or deemed timely filed by the Court under applicable law), except for any amounts asserted on account of any interest accrued after the Petition Date; *provided* that any Ballot cast by a Holder of a Claim that timely files a Proof of Claim in respect of (i) a contingent Claim or a Claim in a wholly-unliquidated or unknown amount (based on a reasonable review by the Debtors and/or the Solicitation Agent) that is not the subject of an objection will count toward satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and will count as a Ballot for a Claim in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code, and (ii) a partially liquidated and partially unliquidated Claim, such Claim will be Allowed for voting purposes only in the liquidated amount; *provided, further*, that to the extent the Claim amount contained in the Proof of Claim is different from the Claim amount set forth in a document filed with the Court as referenced in subparagraph (a) above, the Claim amount in the document filed with the Court shall supersede the Claim amount set forth on the respective Proof of Claim for voting purposes; and

d.  in the absence of any of the foregoing, such Claim shall be disallowed for voting purposes.

## 3.   <u>Voting and Ballot Tabulation Procedures</u>.

The following voting procedures and standard assumptions shall be used in tabulating Ballots, subject to the Debtors' right to waive any of the below specified requirements for completion and submission of Ballots so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules, or Bankruptcy Local Rules:

a.  except as otherwise provided in the Solicitation and Voting Procedures, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline (as the same may be extended by the Debtors), the Debtors shall reject such Ballot as invalid and, therefore, shall not count it in connection with Confirmation of the Plan;

b.  the Debtors will file with the Court by no later than March 13, 2017, a voting report (the "<u>Voting Report</u>").  The Voting Report shall, among other things, delineate every Ballot that does not conform to the voting instructions or that contains any form of irregularity including, but not limited to, those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or lacking necessary information, received via facsimile or damaged (collectively, in each case, the "<u>Irregular Ballots</u>").  The Voting Report shall indicate the Debtors' intentions with regard to each Irregular Ballot;

c.    the method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each Holder, and except as otherwise provided, a Ballot will be deemed delivered only when the Solicitation Agent actually receives the executed Ballot;

d.    an executed Ballot is required to be submitted by the Entity submitting such Ballot (except with respect to Master Ballots submitted by Nominees). Delivery of a Ballot to the Solicitation Agent by facsimile, or any electronic means other than as expressly approved by the Disclosure Statement Order or these Solicitation Procedures will not be valid;

e.    no Ballot should be sent to the Debtors, the Debtors' agents (other than the Solicitation Agent), the Debtors' financial or legal advisors, and if so sent will not be counted;

f.    if multiple Ballots are received from the same Holder with respect to the same Claim or Interest, as applicable, prior to the Voting Deadline, the last properly executed Ballot timely received will be deemed to reflect that voter's intent and will supersede and revoke any prior received Ballot;

g.    Holders must vote all of their Claims or Interests, as applicable, within a particular Class either to accept or reject the Plan and may not split any votes. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted. Further, to the extent there are multiple Claims or Interests, as applicable, within the same Class, the applicable Debtor may, in its discretion, aggregate the Claims or Interests, as applicable, of any particular Holder within a Class for the purpose of counting votes;

h.    a person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity of a Holder of Claims or Interests must indicate such capacity when signing;

i.    the Debtors, subject to a contrary order of the Court, may waive any defects or irregularities as to any particular Irregular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report;

j.    neither the Debtors, nor any other Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification;

k.    unless waived by the Debtors or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted;

l.    in the event a designation of lack of good faith with respect to a Claim or Interest is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim or Interest will be counted for purposes of determining whether the Plan has been accepted and/or rejected;

m.    subject to any order of the Court, the Debtors reserve the right to reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; *provided* that any such rejections will be documented in the Voting Report and subject to Court approval;

n.    if a Claim has been estimated or otherwise Allowed only for voting purposes by order of the Court, such Claim shall be temporarily Allowed in the amount so estimated or Allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

o.    if an objection to a Claim or Interest is filed, such Claim or Interest shall be treated in accordance with the procedures set forth herein;

p.    the following Ballots shall not be counted in determining the acceptance or rejection of the Plan:  (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of such Claim or Interest; (ii) any Ballot cast by any Entity that does not hold a Claim or Interest in a Voting Class; (iii) any Ballot cast for a Claim scheduled as unliquidated, contingent, or disputed for which no Proof of Claim was timely filed by the Voting Record Date (unless the applicable bar date has not yet passed, in which case such Claim shall be entitled to vote in the amount of $1.00); (iv) any unsigned Ballot or Ballot lacking an original signature (for the avoidance of doubt, a Ballot submitted via the Solicitation Agent online balloting portal shall be deemed an original signature); (v) any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan; and (vi) any Ballot submitted by any Entity not entitled to vote pursuant to the procedures described herein;

q.    after the Voting Deadline, no Ballot may be withdrawn or modified except as authorized by Court order;

r.    the Debtors are authorized to enter into stipulations with the Holder of any Claim or Interest agreeing to the amount of such Claim or Interest for voting purposes; and

s.    where any portion of a single Claim or Interest has been transferred to a transferee, all Holders of any portion of such single Claim or Interest will

be (i) treated as a single creditor or equity holder, as applicable, for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code (and for the other voting and solicitation procedures set forth herein), and (ii) required to vote every portion of such Claim or Interest collectively to accept or reject the Plan. In the event that (i) a Ballot, (ii) a group of Ballots within a Voting Class received from a single creditor or equity holder, or (iii) a group of Ballots received from the various Holders of multiple portions of a single Claim or Interest partially reject and partially accept the Plan, such Ballots shall not be counted.

4.    **Master Ballot Voting and Tabulation Procedures.**

In addition to the foregoing generally applicable voting and ballot tabulation procedures, the following procedures shall apply to Holders of HoldCo Note Claims and Existing HoldCo Common Stock that hold their position through a broker, bank, or other nominee or an agent of a broker, bank, or other nominee (each of the foregoing, a "Nominee"):

a.    the Solicitation Agent shall distribute or cause to be distributed the appropriate number of copies of Ballots to the beneficial holders (collectively, the "Beneficial Holder Ballots") of Class 3 HoldCo Note Claims or Class 8 Existing HoldCo Common Stock as of the Voting Record Date;

b.    Nominees identified by the Solicitation Agent as Entities through which Beneficial Holders hold their Claims or Interests, as applicable, will be provided with (i) Solicitation Packages for each Beneficial Holder represented by the Nominee as of the Voting Record Date, which will contain a Beneficial Holder Ballot for each Beneficial Holder, and (ii) a master ballot (the "Master Ballot");

c.    any Nominee that is a holder of record with respect to Class 3 HoldCo Note Claims or Class 8 Existing HoldCo Common Stock shall vote on behalf of, or facilitate voting by, Beneficial Holders of such Claims or Interests, as applicable, either by: (i) (a) immediately, and in any event within five Business Days after its receipt of the Solicitation Packages, distributing the Solicitation Packages, including Beneficial Holder Ballots, it receives from the Solicitation Agent to all such Beneficial Holders;[5] (b) providing such Beneficial Holders with a return address to send the completed Beneficial Holder Ballots; (c) compiling and validating the

---

[5]    Solicitation Packages may be sent in paper format or via electronic transmission in accordance with the customary requirements of each Nominee. Each Nominee will then distribute the Solicitation Packages, as appropriate, in accordance with their customary practices and obtain votes to accept or to reject the Plan also in accordance with their customary practices. If it is the Nominee's customary and accepted practice to submit a "voting instruction form" to the Beneficial Holders for the purpose of recording the Beneficial Holder's vote, the Nominee will be authorized to send the voting instruction form in lieu of, or in addition to, a Beneficial Holder.

votes and other relevant information of all such Beneficial Holders on the Master Ballot; and (d) transmitting the Master Ballot to the Solicitation Agent on or before the Voting Deadline, or (ii) if the Nominee elects to "pre-validate" the Beneficial Holder Ballots, immediately, and in any event within five Business Days after its receipt of the Solicitation Packages, distributing the Solicitation Packages it receives from the Solicitation Agent to all such Beneficial Holders, including in each package a Beneficial Holder Ballot that it has "pre-validated"[6], and a return envelope provided by and addressed to the Solicitation Agent, so that the Beneficial Holder may complete and return the pre-validated Beneficial Holder Ballot directly to the Solicitation Agent on or before the Voting Deadline;

d.     any Beneficial Holder holding Class 3 HoldCo Note Claims or Class 8 Existing HoldCo Common Stock as a record holder in its own name shall vote on the Plan by completing and signing a Ballot and returning it directly to the Solicitation Agent on or before the Voting Deadline;

e.     any Beneficial Holder Ballot returned to a Nominee by a Beneficial Holder shall not be counted for purposes of accepting or rejecting the Plan until such Nominee properly completes and delivers to the Solicitation Agent a Master Ballot that reflects the vote of such Beneficial Holders on or before the Voting Deadline or otherwise validates the Beneficial Holder Ballot in a manner acceptable to the Solicitation Agent.  Nominees shall retain all Beneficial Holder Ballots returned by Beneficial Holders for a period of one year after the Effective Date of the Plan;

f.     if a Beneficial Holder holds Class 3 HoldCo Note Claims or Class 8 Existing HoldCo Common Stock through more than one Nominee or through multiple accounts, such Beneficial Holder may receive more than one Beneficial Holder Ballot and each such Beneficial Holder should execute a separate Beneficial Holder Ballot for each block of Class 3 HoldCo Note Claims or Class 8 Existing HoldCo Common Stock that it holds through any Nominee and must return each such Beneficial Holder Ballot to the appropriate Nominee;

g.     if a Beneficial Holder holds a portion of its Class 3 HoldCo Note Claims or Class 8 Existing HoldCo Common Stock through a Nominee or Nominees and another portion in its own name as the record holder, such Beneficial Holder should follow the procedures described in section D.4.d herein to vote the portion held in its own name and the procedures described in section D.4.f herein to vote the portion held by the Nominee(s);

---

[6]   A Nominee "pre-validates" a Beneficial Holder's Ballot by signing the Beneficial Holder Ballot and including their DTC participant number, the account number of the Beneficial Holder, and the principal amount of Class 3 HoldCo Notes or number of HoldCo Interests held by the Beneficial Holder, as applicable.

h.   votes cast by Beneficial Holders through Nominees will be applied to the applicable positions held by such Nominees in Class 3 or Class 8, as applicable, as of the Voting Record Date, as evidenced by the applicable securities position report(s) obtained from the Depository Trust Company. Votes submitted by a Nominee pursuant to a Master Ballot will not be counted in excess of the amount of such Claims held by such Nominee as of the Voting Record Date;

i.   if conflicting votes or "over-votes" are submitted by a Nominee pursuant to a Master Ballot, the Debtors will use reasonable efforts to reconcile discrepancies with the Nominees. If over-votes on a Master Ballot are not reconciled prior to the preparation of the Voting Report, the Debtors shall apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and to reject the Plan submitted on the Master Ballot that contained the over-vote, but only to the extent of the Nominee's position in Class 3 or Class 8, as applicable;

j.   for purposes of tabulating votes, each Nominee or Beneficial Holder will be deemed to have voted the principal amount of its Claims in Class 3 or Class 8, as applicable, although any principal amounts may be adjusted by the Solicitation Agent to reflect the amount of the Claim actually voted, including prepetition interest;

k.   a single Nominee may complete and deliver to the Solicitation Agent multiple Master Ballots. Votes reflected on multiple Master Ballots will be counted, except to the extent that they are duplicative of other Master Ballots. If two or more Master Ballots are inconsistent, the latest received valid Master Ballot received prior to the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior received Master Ballot. Likewise, if a Beneficial Holder submits more than one Beneficial Holder Ballot to its Nominee, (i) the latest received Beneficial Holder Ballot received before the submission deadline imposed by the Nominee shall be deemed to supersede any prior Beneficial Holder Ballot submitted by the Beneficial Holder, and (ii) the Nominee shall complete the Master Ballot accordingly; and

l.   the Debtors will, upon written request, reimburse Nominees for customary mailing and handling expenses incurred by them in forwarding the Beneficial Holder Ballot and other enclosed materials to the Beneficial Holders for which they are the Nominee. No fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting Beneficial Holder Ballot with respect to the Plan.

**E.   Amendments to the Plan and Solicitation and Voting Procedures.**

The Debtors reserve the right to make non-substantive or immaterial changes to the Disclosure Statement, Plan, Ballots, Confirmation Hearing Notice, and related documents

without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors, if any, and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Package before their distribution.

*     *     *     *     *

## SCHEDULE 3A

**Form of Class 3 Master Ballot**

UNITED STATES BANKRUPTCY COURT
*SOUTHERN DISTRICT OF TEXAS*
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ULTRA PETROLEUM CORP., *et al.*,[1] | § | Case No. 16-32202 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |
| | § | |

## MASTER BALLOT FOR VOTING TO ACCEPT
## OR REJECT THE DEBTORS' SECOND AMENDED JOINT CHAPTER 11 PLAN OF
## REORGANIZATION

### CLASS 3 HOLDCO NOTE CLAIMS

**5.75% Senior Notes Due 2018 (CUSIPs 903914AA7 and C93125AA7)**
**6.125% Senior Notes Due 2024 (CUSIPs 903914AC3 and C93125AB5)**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS
CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT
MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED*
BY THE SOLICITATION AGENT BY MARCH 13, 2017, AT 4:00 P.M., PREVAILING CENTRAL
TIME (THE "VOTING DEADLINE") IN ACCORDANCE WITH THE FOLLOWING.**

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes with respect to the *Debtors' Second Amended Joint Chapter 11 Plan of Reorganization* (as may be amended from time to time, the "Plan") as set forth in the *Disclosure Statement for the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization* (as may be amended from time to time, the "Disclosure Statement"). The Bankruptcy Court for the Southern District of Texas (the "Court") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [February 13], 2017 (the "Disclosure Statement Order"). Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this master ballot (the "Master Ballot") because you are the Nominee (as defined below) of a Beneficial Holder[2] of Class 3 HoldCo Note Claims as of February 9, 2017 (the "Voting Record Date").

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any), are: Ultra Petroleum Corp. (3838); Keystone Gas Gathering, LLC; Ultra Resources, Inc. (0643); Ultra Wyoming, Inc. (6117); Ultra Wyoming LGS, LLC (0378); UP Energy Corporation (4296); UPL Pinedale, LLC (7214); and UPL Three Rivers Holdings, LLC (7158).

[2]   A "Beneficial Holder" means a beneficial owner of publicly traded securities whose Claims or Interests have not been satisfied prior to the Voting Record Date (as defined herein) pursuant to Court order or otherwise, as reflected in the records maintained by the Nominees holding through The Depository Trust Company, or other relevant security depository, and/or the transfer agent, as of the Voting Record Date.

[CUSIP indicated on Exhibit A hereto]

This Master Ballot is to be used by you as a broker, bank, or other nominee; or as the agent of a broker, bank, or other nominee (each of the foregoing, a "Nominee"); or as the proxy holder of a Nominee for certain Beneficial Holders' Class 3 HoldCo Note Claims (the "Class 3 Claims"), to transmit to the Solicitation Agent (as defined below) the votes of such Beneficial Holders in respect of their Class 3 Claims to accept or reject the Plan.

This Master Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Master Ballot in error, please contact the Solicitation Agent *immediately* at the address, telephone number, or email address set forth below.

The rights and treatment for each Class are described in the Disclosure Statement, which was included in the package (the "Solicitation Package") you are receiving with this Master Ballot (as well as the Plan, Disclosure Statement Order, and certain other materials). If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them (a) from Epiq Bankruptcy Solutions, LLC (the "Solicitation Agent") at no charge by: (i) accessing the Debtors' restructuring website at http://dm.epiq11.com/Ultra; (ii) calling the Solicitation Agent at (646) 282-2500; or (iii) emailing tabulation@epiqsystems.com with a reference to "Ultra Petroleum" in the subject line; or (b) for a fee via PACER at http://www.txs.uscourts.gov.

You are authorized to collect votes to accept or to reject the Plan from Beneficial Holders in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Beneficial Holder Ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means.

The Court may confirm the Plan and thereby bind all holders of Claims and Interests. If the Beneficial Holder holds Claims or Interests in more than one Class, the Beneficial Holder will receive a ballot for each Class in which it is entitled to vote. As to Class 3 Claims, to have the votes of your Beneficial Holders count as either an acceptance or rejection of the Plan, you must complete and return this Master Ballot so that the Solicitation Agent *actually receives* it on or before the Voting Deadline.

**THE VOTING DEADLINE IS ON MARCH 13, 2017, AT 4:00 P.M., PREVAILING CENTRAL TIME.**

<u>Item 1</u>. **Certification of Authority to Vote.**

The undersigned certifies that, as of the Voting Record Date, the undersigned (please check the applicable box):

        ☐   *Is a broker, bank, or other nominee for the Beneficial Holders of the aggregate principal amount of the Class 3 Claims listed in Item 2 below, and is the record holder of such bonds, or*

        ☐   *Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee that is the registered holder of the aggregate principal amount of Class 3 Claims listed in Item 2 below, or*

        ☐   *Has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a beneficial holder, that is the registered holder of the aggregate principal amount of Class 3 Claims listed in Item 2 below,*

and accordingly, has full power and authority to vote to accept or reject the Plan, on behalf of the Beneficial Holders of the Class 3 Claims described in Item 2.

[CUSIP indicated on Exhibit A hereto]

<u>Item 2</u>.  **Class 3 Claims Vote on Plan**.

The undersigned transmits the following votes, and releases of Beneficial Holders of Class 3 Claims and certifies that the following Beneficial Holders of Class 3 Claims, as identified by their respective customer account numbers set forth below, are the Beneficial Holders of such Class 3 Claims as of the Voting Record Date and have delivered to the undersigned, as Nominee, applicable and customary "voting instruction forms," and/or Beneficial Holders Ballots (the "<u>Ballots</u>") casting such votes.

Indicate in the appropriate column below the aggregate principal amount voted for each account or attach such information to this Master Ballot in the form of the following table.  Please note that each holder must vote all such Beneficial Holder's Class 3 Claims to accept or reject the Plan and may not split such vote.  Any Beneficial Holder Ballot executed by the Beneficial Holder that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.  If the Beneficial Holder has checked the box on Item 4 of the Beneficial Holder Ballot pertaining to the releases by holders of Claims and Interests, as detailed in Article 8.3 of the Plan, please place an X in the Item 4 column below.

| Your Customer Account Number for Each Beneficial Holder of Class 3 Claims | Principal Amount Held as of Voting Record Date | <u>Item 2</u><br>Indicate the vote cast on the Beneficial Holder Ballot by checking the appropriate box below. | | | <u>Item 3</u><br>If the box in Item 3 of the Ballot was completed, check the box in the column below |
|---|---|---|---|---|---|
| | | Accept the Plan | o r | Reject the Plan | |
| 1 | $ | ☐ | | ☐ | ☐ |
| 2 | $ | ☐ | | ☐ | ☐ |
| 3 | $ | ☐ | | ☐ | ☐ |
| 4 | $ | ☐ | | ☐ | ☐ |
| 5 | $ | ☐ | | ☐ | ☐ |
| 6 | $ | ☐ | | ☐ | ☐ |
| TOTALS | $ | | | | |

[CUSIP indicated on Exhibit A hereto]

<u>Item 3.</u>  **Other Class 3 Ballots Submitted by Beneficial Holders.**  The undersigned certifies that it has transcribed in the following table the information, if any, provided by the Beneficial Holders in Item 4 of the Beneficial Holder Ballot:

| Your Customer Account Number and/or Customer Name for Each Beneficial Holder That Completed Item 5 of the Beneficial Holder Ballot | Transcribe from Item 4 of the Beneficial Holder Ballot | | | |
|---|---|---|---|---|
| | Account Number | Name of Registered Holder or Nominee | Principal Amount of Other Class 3 HoldCo Note Claims | CUSIP of Other Class 3 HoldCo Note Claims |
| 1. | | | $ | |
| 2. | | | $ | |
| 3. | | | $ | |
| 4. | | | $ | |
| 5. | | | $ | |

<u>Item 4.</u>  Important information regarding the Third Party Release.

<u>Article 8.3 of the Plan contains the following provision:</u>

*Notwithstanding anything contained in the Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after the Effective Date, each Released Party is deemed released and discharged by the Debtors, the Reorganized Debtors, and their Estates from any and all Claims and Causes of Action, whether known or unknown, including any derivative claims, asserted on behalf of the Debtors, that the Debtors, the Reorganized Debtors, or their Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership or operation thereof), the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Action brought as counterclaims or defenses to Claims asserted against the Debtors), the formulation, preparation, dissemination, negotiation, or Filing of the Plan Support Agreement, the Backstop Commitment Agreement, or any Restructuring Transaction, contract, instrument, release, or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Plan Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Rights Offering, the Backstop Commitment Agreement, the Exit Facility, the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (a) any post-Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan or (b) any individual from any claim related to an act or omission that is determined in a Final Order by a court competent jurisdiction to have constituted actual fraud or willful misconduct.*

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release, which includes by reference each of the related provisions and definitions *contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Debtor Release is:* (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims released by the Debtor Release; (3) in the best interests of the

[CUSIP indicated on Exhibit A hereto]

**Debtors and all holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Reorganized Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.**

*        *        *

UNDER THE PLAN, "RELEASING PARTY" MEANS EACH OF THE FOLLOWING IN THEIR CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE CONSENTING HOLDCO NOTEHOLDERS; (D) THE HOLDCO NOTES INDENTURE TRUSTEES; (E) THE CONSENTING HOLDCO EQUITYHOLDERS; (F) BACKSTOP PARTIES; (G) THE EXIT FACILITY AGENTS; (H) THE EXIT COMMITMENT PARTIES; (I) THE LENDERS UNDER THE EXIT FACILITY; (J) THE EXIT NOTES TRUSTEE; (K) THE EXIT NOTEHOLDERS; (L) ALL HOLDERS OF CLAIMS AND INTERESTS WHO VOTE TO ACCEPT THE PLAN; (M) ALL HOLDERS OF CLAIMS IN CLASSES THAT ARE DEEMED TO ACCEPT THE PLAN; (N) ALL HOLDERS OF CLAIMS AND INTERESTS IN VOTING CLASSES WHO ABSTAIN FROM VOTING ON THE PLAN <u>AND</u> WHO DO NOT OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; AND (O) WITH RESPECT TO THE FOREGOING CLAUSES (A) THROUGH (N), EACH SUCH ENTITY AND ITS CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR CURRENT AND FORMER AFFILIATES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, PRINCIPALS, MEMBERS, EMPLOYEES, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, ASSIGNS, SUBSIDIARIES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS.

AS A "RELEASING PARTY" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE 8.3 OF THE PLAN, AS SET FORTH ABOVE.  YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE 8.3 OF THE PLAN ONLY IF THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE RELEASES AND <u>ONLY IF</u> YOU (A) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN OR (B) VOTE TO REJECT THE PLAN.  IN THE CASE OF SUCH A DETERMINATION BY THE COURT IF YOU VOTE TO REJECT THE PLAN, YOU WILL AUTOMATICALLY BE CONSIDERED TO HAVE OPTED OUT OF THE RELEASES, REGARDLESS OF WHETHER YOU CHECK THE BOX BELOW. IF YOU SATISFY THE ABOVE REQUIREMENTS AND CHECK THE BOX BELOW (OR VOTE TO REJECT THE PLAN), YOUR OPT-OUT WILL ONLY BE EFFECTIVE IF SO ORDERED BY THE COURT. REGARDLESS OF WHETHER THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE RELEASES, IF YOU (A) VOTE TO ACCEPT THE PLAN, (B) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, OR (C) SUBMIT THE BALLOT AND ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN BUT FAIL TO CHECK THE BOX BELOW, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE 8.3 OF THE PLAN.

<u>Item 5</u>.  Certifications.

Upon execution of this Master Ballot, the undersigned certifies that:

- it has received a copy of the Disclosure Statement, the Plan, the Master Ballots, the Beneficial Holder Ballot, and the remainder of the Solicitation Package and has delivered the same to the Beneficial Holders of the Class 3 Claims listed in Item 2 above;

- it has received a completed and a signed Beneficial Holder Ballot from each Beneficial Holder listed in Item 2 of this Master Ballot;

- it is the registered holder of all Class 3 Claims listed in Item 2 above being voted, or

- it has been authorized by each Beneficial Holder of Class 3 Claims listed in Item 2 above to vote on the Plan;

[CUSIP indicated on Exhibit A hereto]

- no other Master Ballots with respect to the same Class 3 Claims identified in Item 2 have been cast or, if any other Master Ballots have been cast with respect to such Claims, then any such earlier Master Ballots are hereby revoked;

- it has properly disclosed:  (a) the number of Beneficial Holder of Class 3 Claims that completed the Beneficial Holder Ballots; (b) the respective amounts of the Class 3 Claims owned, as the case may be, by each Beneficial Holder of Class 3 Claims that completed a Beneficial Holder Ballot; (c) each such Beneficial Holder of Class 3 Claims' respective vote concerning the Plan; (e) each such Beneficial Holder of Class 3 Claims' certification as to other Class 3 Claims voted; and (f) the customer account or other identification number for each such Beneficial Holder of Class 3 Claims; and

- it will maintain ballots and evidence of separate transactions returned by Beneficial Holder of Class 3 Claims (whether properly completed or defective) for at least one year after the Effective Date of the Plan and disclose all such information to the Court or the Debtors, if so ordered.

| | |
|---|---|
| Name of Nominee: | |
| | (Print or Type) |
| Participant Number: | |
| Name of Proxy Holder or Agent for Nominee (if applicable): | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory (if applicable): | |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email Address: | |
| Date Completed: | |

[CUSIP indicated on Exhibit A hereto]

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT (WITH AN ORIGINAL SIGNATURE)** *PROMPTLY* **IN THE ENVELOPE PROVIDED OR VIA FIRST CLASS MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO THE SOLICITATION AGENT AT:**

Ultra Petroleum Ballot Processing
c/o Epiq Bankruptcy Solutions, LLC
777 Third Avenue, 12th Floor
New York, NY 10017

---

IF THE SOLICITATION AGENT DOES NOT *ACTUALLY RECEIVE*
THIS CLASS 3 MASTER BALLOT **ON OR BEFORE MARCH 13, 2017, AT 4:00 P.M.**, PREVAILING
CENTRAL TIME, (AND IF THE VOTING DEADLINE IS NOT EXTENDED), THE VOTES TRANSMITTED
BY THIS CLASS 3 MASTER BALLOT MAY BE COUNTED TOWARD CONFIRMATION
OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.

---

[CUSIP indicated on Exhibit A hereto]

| Class 3 — HoldCo Note Claims |
| --- |

## INSTRUCTIONS FOR COMPLETING THIS MASTER BALLOT

1.  The Debtors are soliciting the votes of holders of Claims and Interests with respect to the Plan attached as **Exhibit A** to the Disclosure Statement. Capitalized terms used in the Master Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, a copy of which also accompanies the Master Ballot. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS MASTER BALLOT.**

2.  The Plan can be confirmed by the Court and thereby made binding upon the holders if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Allowed Claims in at least one class of Claims that votes on the Plan and at least two-thirds in amount of the Allowed Interests in each class of Interests voting on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3.  You should immediately distribute the Beneficial Holder Ballots and the Solicitation Package to all Beneficial Holders of Class 3 Claims and take any action required to enable each such Beneficial Holder to vote timely the Claims that it holds. You may distribute the Solicitation Packages to Beneficial Holders, as appropriate, in accordance with your customary practices. You are authorized to collect votes to accept or to reject the Plan from Beneficial Holders in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a beneficial ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means. Any Beneficial Holder Ballot returned to you by a Beneficial Holder of a Class 3 Claim shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver, to the Solicitation Agent, a Master Ballot that reflects the vote of such Beneficial Holders by **March 13, 2017, at 4:00 p.m.,** prevailing Central Time or otherwise validate the Master Ballot in a manner acceptable to the Solicitation Agent.

4.  If you are transmitting the votes of any Beneficial Holder of Class 3 Claims other than yourself, you may either:

    (a) "Pre-validate" the individual Class 3 HoldCo Note Claim Ballot contained in the Solicitation Package and then forward the Solicitation Package to the Beneficial Holder of the Class 3 Claim for voting within five (5) Business Days after the receipt by such Nominee of the Solicitation Package, with the Beneficial Holder then returning the individual Beneficial Holder Ballot directly to the Solicitation Agent in the return envelope to be provided in the Solicitation Package. A Nominee "pre-validates" a Beneficial Holder's Ballot by signing the Beneficial Holder Ballot and including their DTC participant number; indicating the account number of the Beneficial Holder and the principal amount of Class 3 Claim held by the Nominee for such Beneficial Holder and then forwarding the Beneficial Holder Ballot together with the Solicitation Package to the Beneficial Holder. The Beneficial Holder then completes the information requested on the Beneficial Holder Ballot and returns the Beneficial Holder Ballot directly to the Solicitation Agent. A list of the Beneficial Holders to whom "pre-validated" Beneficial Holder Ballots were delivered should be maintained by Nominees for inspection for at least one year from the Effective Date; OR

    (b) Within five (5) Business Days after receipt by such Nominee of the Solicitation Package, forward the Solicitation Package to the Beneficial Holder of the Class 3 Claim for voting along with a return envelope provided by and addressed to the Nominee, with the Beneficial Holder then returning the individual Beneficial Holder Ballot to the Nominee. In such case, the Nominee will tabulate the votes of its respective owners on a Master Ballot that will be provided to the Nominee separately by the Solicitation Agent, in accordance with any instructions set forth in the instructions to the Master Ballot, and then return the Master Ballot to the Solicitation Agent. The Nominee should advise the Beneficial Holder to return their individual Beneficial Holder Ballots to the Nominee by a date calculated by the Nominee to allow it to prepare and return the Master Ballot to the Solicitation Agent so that the Master Ballot is actually received by the Solicitation Agent on or before the Voting Deadline.

[CUSIP indicated on Exhibit A hereto]

5. With regard to any Beneficial Holder Ballots returned to you by a Beneficial Holder, you must: (a) compile and validate the votes and other relevant information of each such Beneficial Holder on the Master Ballot using the customer name or account number assigned by you to each such Beneficial Holder; (b) execute the Master Ballot; (c) transmit such Master Ballot to the Solicitation Agent by the Voting Deadline; and (d) retain such Beneficial Holder Ballots from Beneficial Holders, whether in hard copy or by electronic direction, in your files for a period of one year after the Effective Date of the Plan. You may be ordered to produce the Beneficial Holder Ballots to the Debtors or the Court.

6. The Master Ballot **must** be returned to the Solicitation Agent so as to be ***actually received*** by the Solicitation Agent on or before the Voting Deadline. **The Voting Deadline is March 13, 2017, at 4:00 p.m.**, prevailing Central Time.

7. If a Master Ballot is received ***after*** the Voting Deadline and if the Voting Deadline is not extended, it may be counted only in the discretion of the Debtors. Additionally, **the following Master Ballots will *not* be counted**:

    (a) any Master Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;
    (b) any Master Ballot cast by a Party that does not hold a Claim in a Class that is entitled to vote on the Plan;
    (c) any Master Ballot sent by facsimile or any electronic means;
    (d) any unsigned Master Ballot;
    (e) any Master Ballot that does not contain an original signature provided however, that any Master Ballot;
    (f) any Master Ballot not marked to accept or reject the Plan; and/or
    (g) any Master Ballot submitted by any party not entitled to cast a vote with respect to the Plan.

8. The method of delivery of Master Ballots to the Solicitation Agent is at the election and risk of each Nominee of Class 3 Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation Agent ***actually receives*** the originally executed Master Ballot. In all cases, Beneficial Holders and Nominees should allow sufficient time to assure timely delivery.

9. If a Beneficial Holder or Nominee holds a Claim in a Voting Class against multiple Debtors, a vote on the Ballot will apply to all Debtors against whom such Beneficial Holder or Nominee has a Claim , as applicable, in that Voting Class.

10. If multiple Master Ballots are received from the same Nominee with respect to the same Beneficial Holder Ballot belonging to a Beneficial Holder of a Claim prior to the Voting Deadline, the latest, timely received, and properly completed Master Ballot will supersede and revoke any earlier received Master Ballots.

11. The Master Ballot does ***not*** constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

12. **Please be sure to sign and date the Master Ballot**. You should indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity on behalf of the Beneficial Holder and, if required or requested by the Solicitation Agent, the Debtors, or the Court, must submit proper evidence to the requesting party to so act on behalf of such Beneficial Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

13. If you are both the Nominee and the Beneficial Holder of any of the Class 3 Claims and you wish to vote such Class 3 Claims, you may return a Beneficial Holder Ballot or Master Ballot for such Class 3 Claims and you must vote your entire Class 3 Claims to either to accept or reject the Plan and may not split your vote. Accordingly, a Beneficial Holder Ballot that partially rejects and partially accepts the Plan, other than a Master Ballot with the votes of multiple Beneficial Holders, will not be counted.

[CUSIP indicated on Exhibit A hereto]

14. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class will be aggregated and treated as if such creditor held one Claim in such Class, and all votes related to such Claim will be treated as a single vote to accept or reject the Plan; *provided* that if separate affiliated entities hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such creditor held one Claim in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

15. The following additional rules shall apply to Master Ballots.

    (a) votes cast by Beneficial Holders through a Nominee will be applied against the positions held by such Holders in the Class 3 Claims as of the Record Voting Date, as evidenced by the record and depository listings;

    (b) votes submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated holder Ballot, will not be counted in excess of the record amount of the Class 3 Claims held by such Nominee;

    (c) to the extent that conflicting votes or "over-votes" are submitted by a Nominee, whether pursuant to a Master Ballot or a pre-validated holder Beneficial Holder Ballot, the Solicitation Agent will attempt to reconcile discrepancies with the Nominee;

    (d) to the extent that over-votes on a Master Ballot or a pre-validated holder Beneficial Holder Ballot are not reconcilable prior to the preparation of the vote certification, the Solicitation Agent will apply the votes to accept and reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or the pre-validated holder Ballot that contained the over-vote, but only to the extent of the Nominee's position in Class 3 Claims; and

    (e) For purposes of tabulating votes, each holder holding through a particular account will be deemed to have voted the principal amount relating its holding in that particular account, although the Solicitation Agent may be asked to adjust such principal amount to reflect the claim amount.

**PLEASE MAIL YOUR CLASS 3 MASTER BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT, THESE VOTING INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL THE SOLICITATION AGENT AT: 646 282-2500 OR EMAIL TABULATION@EPIQSYSTEMS.COM WITH A REFERENCE TO "ULTRA PETROLEUM" IN THE SUBJECT LINE.**

**IF THE SOLICITATION AGENT DOES NOT *ACTUALLY RECEIVE* THIS MASTER BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS MARCH 13, 2017, AT 4:00 P.M. PREVAILING CENTRAL TIME, (AND IF THE VOTING DEADLINE IS NOT EXTENDED), THE VOTES TRANSMITTED HEREBY MAY BE COUNTED ONLY IN THE DISCRETION OF THE DEBTORS.**

[CUSIP indicated on Exhibit A hereto]

## Exhibit A

*Please check ONE box below to indicate the CUSIP to which this Master Ballot pertains (or clearly indicate such information directly on the Master Ballot or on a schedule thereto):*

| Class 3 (HoldCo Note Claims) | |
|---|---|
| ☐   CUSIP 903914AA7 | ☐   CUSIP C93125AA7 |
| ☐   CUSIP 903914AC3 | ☐   CUSIP C93125AB5 |

[CUSIP indicated on Exhibit A hereto]

## SCHEDULE 3B

**Form of Class 3 Beneficial Holder Ballot**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ULTRA PETROLEUM CORP., *et al.*,[1] | § | Case No. 16-32202 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |
| | § | |

### BENEFICIAL BALLOT FOR VOTING TO ACCEPT
### OR REJECT THE DEBTORS' SECOND AMENDED JOINT CHAPTER 11 PLAN OF
### REORGANIZATION

### CLASS 3 HOLDCO NOTE CLAIMS

**5.75% Senior Notes Due 2018 (CUSIPs 903914AA7 and C93125AA7)**
**6.125% Senior Notes Due 2024 (CUSIPs 903914AC3 and C93125AB5)**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**IN ORDER FOR YOUR VOTE TO BE COUNTED, YOUR BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE SOLICITATION AGENT BY MARCH 13, 2017, AT 4:00 P.M. PREVAILING CENTRAL TIME (THE "VOTING DEADLINE"). IF, HOWEVER, YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE, YOU MUST FOLLOW THE DIRECTIONS OF YOUR NOMINEE TO CAST YOUR VOTE AND ALLOW SUFFICIENT TIME FOR YOUR NOMINEE TO RECEIVE YOUR VOTE AND TRANSMIT SUCH VOTE ON A MASTER BALLOT, WHICH MASTER BALLOT MUST BE RETURNED TO THE SOLICITATION AGENT BY THE VOTING DEADLINE IN ORDER FOR YOUR VOTE TO BE COUNTED.**

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes with respect to the *Debtors' Second Amended Joint Chapter 11 Plan of Reorganization* (as may be amended from time to time, the "Plan") as set forth in the *Disclosure Statement for the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization* (as may be amended from time to time, the "Disclosure Statement"). The Bankruptcy Court for the Southern District of Texas (the "Court") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [February 13], 2017 (the "Disclosure Statement Order"). Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this Class 3 ballot for Beneficial Holders[2] (the "Class 3 Beneficial Holder Ballot") because you are a Beneficial Holder of a HoldCo Note Claim in Class 3 as of February 9, 2017 (the "Voting Record Date").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any), are: Ultra Petroleum Corp. (3838); Keystone Gas Gathering, LLC; Ultra Resources, Inc. (0643); Ultra Wyoming, Inc. (6117); Ultra Wyoming LGS, LLC (0378); UP Energy Corporation (4296); UPL Pinedale, LLC (7214); and UPL Three Rivers Holdings, LLC (7158).

[CUSIP indicated on Exhibit A hereto]

Accordingly, you have a right to vote to accept or reject the Plan. You can cast your vote through this Class 3 Beneficial Holder Ballot and return it to your broker, bank, or other nominee, or the agent of a broker, bank, or other nominee (each of the foregoing, a "Nominee"), in accordance with the instructions provided by your Nominee, that will then submit a master ballot (the "Master Ballot") on behalf of the Beneficial Holders of Class 3 Claims.

This Class 3 Beneficial Holder Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Class 3 Beneficial Holder Ballot in error, or if you believe that you have received the wrong ballot, please contact the Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

Your rights are described in the Disclosure Statement, which was included in the package (the "Solicitation Package") you are receiving with this Class 3 Ballot (as well as the Plan, Disclosure Statement Order, and certain other materials). If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them (a) from Epiq Bankruptcy Solutions, LLC (the "Solicitation Agent") at no charge by: (i) accessing the Debtors' restructuring website at http://dm.epiq11.com/Ultra; (ii) calling the Solicitation Agent at (844) 319-8438 (domestic toll-free) or +1 503-520-4495 (international); or (iii) emailing tabulation@epiqsystems.com with a reference to "Ultra Petroleum" in the subject line; or (b) for a fee via PACER at http://www.txs.uscourts.gov.

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Claim has been placed in Class 3, HoldCo Note Claims, under the Plan. If you hold Claims or Interests in more than one Class, you will receive a ballot for each Class in which you are entitled to vote.

The Court may confirm the Plan and thereby bind all Holders of Claims and Interests. In order for your vote to count, your Nominee must receive this Class 3 Beneficial Holder Ballot in sufficient time for your Nominee to include your vote on a Master Ballot that must be received by the Solicitation Agent on or before the Voting Deadline, which is **March 13, 2017, at 4:00 p.m.**, prevailing Central Time. Please allow sufficient time for your vote to be included on the Master Ballot completed by your Nominee. If a Master Ballot recording your vote is not received by the Voting Deadline, and if the Voting Deadline is not extended, your vote will not count.

**Item 1. Amount of Claim.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Beneficial Holder of HoldCo Note Claims in the following principal amount (insert amount in box below, unless otherwise completed by your Nominee):

$\boxed{\$\text{_____}}$

**Item 2. Class 3 Claims Vote on Plan.**

The Beneficial Holder of the Class 3 HoldCo Note Claim against the Debtors set forth in Item 1 votes to (please check one):

| | |
|---|---|
| ❏   **ACCEPT** (vote FOR) the Plan | ❏   **REJECT** (vote AGAINST) the Plan |

---

2    A "Beneficial Holder" means a beneficial owner of publicly traded securities whose Claims or Interests have not been satisfied prior to the Voting Record Date (as defined herein) pursuant to Court order or otherwise, as reflected in the records maintained by the Nominees holding through The Depository Trust Company, or other relevant security depository, as of the Voting Record Date.

[CUSIP indicated on Exhibit A hereto]

<u>Your vote on the Plan will be applied to each applicable Debtor in the same manner and in the same amount as indicated in Item 1 and Item 2 above.</u>

<u>Item 3</u>.  Important information regarding the *Third Party Release*.

<u>Article 8.3 of the Plan contains the following provision:</u>

Notwithstanding anything contained in the Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after the Effective Date, each Released Party is deemed released and discharged by the Debtors, the Reorganized Debtors, and their Estates from any and all *Claims and Causes of Action, whether known or unknown, including any derivative claims, asserted on* behalf of the Debtors, that the Debtors, the Reorganized Debtors, or their Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership or operation thereof), the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Action brought as counterclaims or defenses to Claims asserted against the Debtors), the formulation, preparation, dissemination, negotiation, or Filing of the Plan Support Agreement, the Backstop Commitment Agreement, or any Restructuring Transaction, contract, instrument, release, or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Plan Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Rights Offering, the Backstop Commitment Agreement, the Exit Facility, the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (a) any post-Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan or (b) any individual from any claim related to an act or omission that is determined in a Final Order by a court competent jurisdiction to have constituted actual fraud or willful misconduct.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release, which includes by reference each of the related provisions and definitions *contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Debtor Release is:* (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims released by the Debtor Release; (3) in the best interests of the Debtors and all holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Reorganized Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.

*      *      *

UNDER THE PLAN, "RELEASING PARTY" MEANS EACH OF THE FOLLOWING IN THEIR CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE CONSENTING HOLDCO NOTEHOLDERS; (D) THE HOLDCO NOTES INDENTURE TRUSTEES; (E) THE CONSENTING HOLDCO EQUITYHOLDERS; (F) BACKSTOP PARTIES; (G) THE EXIT FACILITY AGENTS; (H) THE EXIT COMMITMENT PARTIES; (I) THE LENDERS UNDER THE EXIT FACILITY; (J) THE EXIT NOTES TRUSTEE; (K) THE EXIT NOTEHOLDERS; (L) ALL HOLDERS OF CLAIMS AND INTERESTS WHO VOTE TO ACCEPT THE PLAN; (M) ALL HOLDERS OF CLAIMS IN CLASSES THAT ARE DEEMED TO ACCEPT THE PLAN; (N) ALL HOLDERS OF CLAIMS AND INTERESTS IN VOTING CLASSES WHO ABSTAIN FROM VOTING ON THE PLAN <u>AND</u> WHO DO NOT OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; AND (O) WITH RESPECT TO THE FOREGOING CLAUSES (A) THROUGH (N), EACH SUCH ENTITY AND ITS CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR CURRENT

[CUSIP indicated on Exhibit A hereto]

AND FORMER AFFILIATES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, PRINCIPALS, MEMBERS, EMPLOYEES, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, ASSIGNS, SUBSIDIARIES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS.

AS A "RELEASING PARTY" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE 8.3 OF THE PLAN, AS SET FORTH ABOVE. YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE 8.3 OF THE PLAN ONLY IF THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE RELEASES AND ONLY IF YOU (A) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN OR (B) VOTE TO REJECT THE PLAN. IN THE CASE OF SUCH A DETERMINATION BY THE COURT IF YOU VOTE TO REJECT THE PLAN, YOU WILL AUTOMATICALLY BE CONSIDERED TO HAVE OPTED OUT OF THE RELEASES, REGARDLESS OF WHETHER YOU CHECK THE BOX BELOW. IF YOU SATISFY THE ABOVE REQUIREMENTS AND CHECK THE BOX BELOW (OR VOTE TO REJECT THE PLAN), YOUR OPT-OUT WILL ONLY BE EFFECTIVE IF SO ORDERED BY THE COURT. REGARDLESS OF WHETHER THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE RELEASES, IF YOU (A) VOTE TO ACCEPT THE PLAN, (B) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, OR (C) SUBMIT THE BALLOT AND ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN BUT FAIL TO CHECK THE BOX BELOW, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE 8.3 OF THE PLAN.

The Beneficial Holder of the Class 3 HoldCo Note Claim set forth in Item 1 elects to:

☐ **Opt Out** *of the Third Party Release.*

**Item 4**.  **Other Class 3 Beneficial Holder Ballots Submitted.**  By returning this Beneficial Holder Ballot, the holder of the Class 3 HoldCo Note Claims identified in Item 1 certifies that (a) this Beneficial Holder Ballot is the only Beneficial Holder Ballot submitted for Notes Claims owned by such holder, except as identified in the following table, and (b) *all* Beneficial Holder Ballots submitted by the holder indicate the same vote to accept or reject the Plan that the holder has indicated in Item 2 of this Beneficial Holder Ballot *(please use additional sheets of paper if necessary)*:

**ONLY COMPLETE THIS TABLE IF YOU HAVE VOTED <u>OTHER</u>
CLASS 3 HOLDCO NOTE CLAIMS ON OTHER BENEFICIAL HOLDER BALLOTS**

| Account Number | Name of Registered Holder or Nominee | Principal Amount of Other Class 3 HoldCo Note Claims | CUSIP of Other Class 3 HoldCo Note Claims |
|---|---|---|---|
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |

**Item 5**.  **Certifications.**

By signing this Class 3 Beneficial Holder Ballot, the undersigned certifies to the Court and the Debtors:

- that, as of the Voting Record Date, either:  (i) the Entity is the holder of the HoldCo Note Claims being voted; or (ii) the Entity is an authorized signatory for an Entity that is a holder of the Note Claims being voted;

- that the Entity (or in the case of an authorized signatory, the holder) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

- that the Entity has cast the same vote with respect to all HoldCo Note Claims in a single Class; and

- that no other Class 3 Beneficial Holder Ballots with respect to the amount of the HoldCo Note Claims identified in Item 1 have been cast or, if any other Class 3 Beneficial Holder Ballots have been cast with respect to such HoldCo Note Claims, then any such earlier Class 3 Beneficial Holder Ballots are hereby revoked.

[CUSIP indicated on Exhibit A hereto]

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than holder) |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND
RETURN IT (WITH AN ORIGINAL SIGNATURE) *PROMPTLY* IN THE ENVELOPE PROVIDED OR
OTHERWISE IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED BY YOUR NOMINEE.**

IF THE SOLICITATION AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT (IF PRE-VALIDATED)
OR THE CLASS 3 MASTER BALLOT SUBMITTED ON YOUR BEHALF WHICH REFLECTS YOUR VOTE
**ON OR BEFORE MARCH 13, 2017, AT 4:00 P.M.** PREVAILING CENTRAL TIME, (AND IF THE VOTING
DEADLINE IS NOT EXTENDED),   YOUR VOTE TRANSMITTED BY THIS CLASS 3 BENEFICIAL
HOLDER BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE
DISCRETION OF THE DEBTORS.

*[CUSIP indicated on Exhibit A hereto]*

| Class 3 — HoldCo Note Claims |
|---|

## INSTRUCTIONS FOR COMPLETING THIS CLASS 3 BENEFICIAL HOLDER BALLOT

1.   The Debtors are soliciting the votes of holders of Claims and Interests with respect to the Plan attached as **Exhibit A** to the Disclosure Statement.  Capitalized terms used in the Class 3 Beneficial Holder Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, a copy of which also accompanies the Class 3 Beneficial Holder Ballot.  **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.   The Plan can be confirmed by the Court and thereby made binding upon the holders if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Allowed Claims in at least one class of Claims that votes on the Plan and at least two-thirds in amount of the Allowed Interests in each class of Interests voting on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

3.   To ensure that your vote is counted, you must submit your Class 3 Beneficial Holder Ballot as directed, so that your vote is actually received by the Solicitation Agent by the Voting Deadline.  You may instruct your Nominee to vote on your behalf in the Master Ballot as follows:  (a) complete the Class 3 Beneficial Holder Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Class 3 Beneficial Holder Ballot; and (c) sign and return the Class 3 Beneficial Holder Ballot to your Nominee in accordance with the instructions provided by your Nominee.  The Voting Deadline for the receipt of Master Ballots by the Solicitation Agent is **March 13, 2017, at 4:00 p.m.**, prevailing Central Time.  Your completed Class 3 Beneficial Holder Ballot must be received by your Nominee in sufficient time to permit your Nominee to deliver your votes to the Solicitation Agent on or before the Voting Deadline.

4.   **The following Class 3 Beneficial Holder Ballots submitted to your Nominee will *not* be counted:**

(a)   any Class 3 Beneficial Holder Ballot that partially rejects and partially accepts the Plan;

(b)   any Class 3 Beneficial Holder Ballots sent by any means other than in accordance with the instructions of your Nominee; and **if you are directed by your Nominee to submit the Beneficial Holder Ballot to the Nominee via electronic means, such instructions to your Nominee shall have the same effect as if you had completed and returned a physical Beneficial Holder Ballot, including all certifications;**

(c)   any Class 3 Beneficial Holder Ballot cast by an Entity that does not hold a Claim in Class 3;

(d)   any unsigned Class 3 Beneficial Holder Ballot;

(e)   any paper Class 3 Beneficial Holder Ballot not bearing an original signature;

(f)   any Class 3 Beneficial Holder Ballot submitted by a holder not entitled to vote pursuant to the Plan;

(g)   any Class 3 Beneficial Holder Ballot not received by the Nominee in sufficient time to cast with the Class Master Ballot; and

(h)   any Class 3 Beneficial Holder Ballot not marked to accept or reject the Plan or any Class 3 Beneficial Holder Ballot marked both to accept and reject the Plan.

5.   If your Class 3 Beneficial Holder Ballot is not received by your Nominee in sufficient time to be included on a timely submitted Master Ballot, it will not be counted unless the Debtors determine otherwise.  In all cases, Beneficial Holders should allow sufficient time to assure timely delivery of your Class 3 Beneficial Holder Ballot to your Nominee.  No Class 3 Beneficial Holder Ballot should be sent to any of the Debtors, the Debtors' financial or legal advisors, and if so sent will not be counted.

[CUSIP indicated on Exhibit A hereto]

6. If you deliver multiple Class 3 Beneficial Holder Ballots with respect to the same Claim prior to the Voting Deadline, the last received valid Class 3 Beneficial Holder Ballot timely received will supersede and revoke any earlier received Class 3 Beneficial Holder Ballots.

7. You must vote all of your Claims within Class 3 either to accept or reject the Plan and may **not** split your vote. Further, if a holder has multiple Claims within Class 3, the Debtors may, in their discretion, aggregate the Claims of any particular holder with multiple Claims within Class 3 for the purpose of counting votes.

8. This Class 3 Beneficial Holder Ballot does *not* constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

9. **Please be sure to sign and date your Class 3 Beneficial Holder Ballot.** If you are signing a Class 3 Beneficial Holder Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you should indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, or the Court, must submit proper evidence to the requesting party to so act on behalf of such holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Class 3 Beneficial Holder Ballot.

10. If you hold Claims or Interests in more than one Class under the Plan you may receive more than one ballot coded for each different Class. Each ballot votes *only* your Claims or Interests indicated on that ballot, so please complete and return each ballot that you receive.

11. If you are both the Nominee and the Beneficial Holder of any of the Class 3 Claims and you with to vote such Class 3 Claims, you may return a Beneficial Holder Ballot or Master Ballot for such Class 3 Claims and you must vote your entire Class 3 Class to either accept or reject the Plan and may *not* split your vote. Accordingly, a Beneficial Holder Ballot that partially rejects and partially accepts the Plan, other than a Master Ballot with the votes of multiple Beneficial Holders, will not be counted.

12. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class will be aggregated and treated as if such creditor held one Claim in such Class, and all votes related to such Claim will be treated as a single vote to accept or reject the Plan; *provided* that if separate affiliated entities hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such creditor held one Claim in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

<u>**PLEASE MAIL YOUR CLASS 3 BENEFICIAL HOLDER BALLOT PROMPTLY**</u>

**IF YOU HAVE ANY QUESTIONS REGARDING THIS CLASS 3 BENEFICIAL HOLDER BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE RESTRUCTURING HOTLINE AT: (844) 319-8438 (DOMESTIC TOLL-FREE) OR +1 503-520-4495 (INTERNATIONAL) OR EMAIL TABULATION@EPIQSYSTEMS.COM WITH A REFERENCE TO "ULTRA PETROLEUM" IN THE SUBJECT LINE.**

---

**IF THE SOLICITATION AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT (IF PRE-VALIDATED) OR THE CLASS 3 MASTER BALLOT FILED ON YOUR BEHALF ON OR BEFORE MARCH 13, 2017, AT 4:00 P.M., PREVAILING CENTRAL TIME, AND IF THE VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE TRANSMITTED BY THIS CLASS 3 BENEFICIAL HOLDER BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.**

---

[CUSIP indicated on Exhibit A hereto]

## Exhibit A

*Your Nominee may have checked a box below to indicate the CUSIP to which this Beneficial Holder Ballot pertains, or otherwise provided that information to you on a label or Schedule attached to the Beneficial Holder Ballot:*

| Class 3 (HoldCo Note Claims) | |
|---|---|
| ☐   CUSIP 903914AA7 | ☐   CUSIP C93125AA7 |
| ☐   CUSIP 903914AC3 | ☐   CUSIP C93125AB5 |

[CUSIP indicated on Exhibit A hereto]

## SCHEDULE 3C

**Form of Class 8 Ballot**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ULTRA PETROLEUM CORP., *et al.*,[1] | § | Case No. 16-32202 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |
| | § | |

**BALLOT FOR VOTING TO ACCEPT OR REJECT
THE DEBTORS' SECOND AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION**

**CLASS 8 EXISTING HOLDCO COMMON STOCK**

> **PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**
>
> **IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE SOLICITATION AGENT BY MARCH 13, 2017, AT 4:00 P.M., PREVAILING CENTRAL TIME (THE "VOTING DEADLINE") IN ACCORDANCE WITH THE FOLLOWING.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") are soliciting votes with respect to the *Debtors' Second Amended Joint Chapter 11 Plan of Reorganization* (as may be amended from time to time, the "Plan") as set forth in the *Disclosure Statement for the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization* (as may be amended from time to time, the "Disclosure Statement"). The Bankruptcy Court for the Southern District of Texas (the "Court") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [February 13], 2017 (the "Disclosure Statement Order"). Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this Class 8 ballot (this "Class 8 Ballot") because you are a Holder of Class 8 Existing HoldCo Common Stock as of February 9, 2017 (the "Voting Record Date"). Accordingly, you have a right to vote to accept or reject the Plan.

Your rights are described in the Disclosure Statement, which was included in the package (the "Solicitation Package") you are receiving with this Class 8 Ballot (as well as the Plan, Disclosure Statement Order, and certain other materials). If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them (a) from Epiq Bankruptcy Solutions, LLC (the "Solicitation Agent") at no charge by: (i) accessing the Debtors' restructuring website at http://dm.epiq11.com/Ultra; (ii) writing to the Solicitation Agent at Ultra Petroleum Ballot Processing, c/o Epiq Bankruptcy Solutions, LLC, 710300 SW Allen Boulevard, Beaverton, OR 97005; (iii) calling the Solicitation

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any), are: Ultra Petroleum Corp. (3838); Keystone Gas Gathering, LLC; Ultra Resources, Inc. (0643); Ultra Wyoming, Inc. (6117); Ultra Wyoming LGS, LLC (0378); UP Energy Corporation (4296); UPL Pinedale, LLC (7214); and UPL Three Rivers Holdings, LLC (7158).

Agent at (844) 319-8438 (domestic toll-free) or +1 503-520-4495 (international); or (iv) emailing tabulation@epiqsystems.com with a reference to "Ultra Petroleum" in the subject line; or (b) for a fee via PACER at http://www.txs.uscourts.gov.

This Class 8 Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Class 8 Ballot in error, or if you believe that you have received the wrong ballot, please contact the Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Interest. Your Interest has been placed in Class 8, Existing HoldCo Common Stock, under the Plan. If you hold Interests in more than one Class, you will receive a ballot for each Class in which you are entitled to vote.

<u>Item 1</u>.  **Amount of Interest.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of a Class 8 Existing HoldCo Common Stock in the following aggregate amount (insert amount in box below):

<u>Item 2</u>.  **Class 8 Interests Vote on Plan.**

The Holder of the Class 8 Existing HoldCo Common Stock against the Debtors set forth in Item 1 votes to (please check <u>one</u>):

| ☐ **ACCEPT** (vote FOR) the Plan | ☐ **REJECT** (vote AGAINST) the Plan |
|---|---|

<u>Item 3</u>.  **Important information regarding the Third Party Release.**

<u>Article 8.3 of the Plan contains the following provision</u>:

*Notwithstanding anything contained in the Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after the Effective Date, each Released Party is deemed released and discharged by the Debtors, the Reorganized Debtors, and their Estates from any and all Claims and Causes of Action, whether known or unknown, including any derivative claims, asserted on behalf of the Debtors, that the Debtors, the Reorganized Debtors, or their Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership or operation thereof), the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Action brought as counterclaims or defenses to Claims asserted against the Debtors), the formulation, preparation, dissemination, negotiation, or Filing of the Plan Support Agreement, the Backstop Commitment Agreement, or any Restructuring Transaction, contract, instrument, release, or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Plan Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Rights Offering, the Backstop Commitment Agreement, the Exit Facility, the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan,*

2

or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (a) any post-Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan or (b) any individual from any claim related to an act or omission that is determined in a Final Order by a court competent jurisdiction to have constituted actual fraud or willful misconduct.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Debtor Release is: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims released by the Debtor Release; (3) in the best interests of the Debtors and all holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Reorganized Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.

*      *      *

UNDER THE PLAN, "RELEASING PARTY" MEANS EACH OF THE FOLLOWING IN THEIR CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE CONSENTING HOLDCO NOTEHOLDERS; (D) THE HOLDCO NOTES INDENTURE TRUSTEES; (E) THE CONSENTING HOLDCO EQUITYHOLDERS; (F) BACKSTOP PARTIES; (G) THE EXIT FACILITY AGENTS; (H) THE EXIT COMMITMENT PARTIES; (I) THE LENDERS UNDER THE EXIT FACILITY; (J) THE EXIT NOTES TRUSTEE; (K) THE EXIT NOTEHOLDERS; (L) ALL HOLDERS OF CLAIMS AND INTERESTS WHO VOTE TO ACCEPT THE PLAN; (M) ALL HOLDERS OF CLAIMS IN CLASSES THAT ARE DEEMED TO ACCEPT THE PLAN; (N) ALL HOLDERS OF CLAIMS AND INTERESTS IN VOTING CLASSES WHO ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; AND (O) WITH RESPECT TO THE FOREGOING CLAUSES (A) THROUGH (N), EACH SUCH ENTITY AND ITS CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR CURRENT AND FORMER AFFILIATES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, PRINCIPALS, MEMBERS, EMPLOYEES, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, ASSIGNS, SUBSIDIARIES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS.

AS A "RELEASING PARTY" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE 8.3 OF THE PLAN, AS SET FORTH ABOVE.  YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE 8.3 OF THE PLAN ONLY IF THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE RELEASES AND ONLY IF YOU (A) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN OR (B) VOTE TO REJECT THE PLAN.  IN THE CASE OF SUCH A DETERMINATION BY THE COURT IF YOU VOTE TO REJECT THE PLAN, YOU WILL AUTOMATICALLY BE CONSIDERED TO HAVE OPTED OUT OF THE RELEASES, REGARDLESS OF WHETHER YOU CHECK THE BOX BELOW. IF YOU SATISFY THE ABOVE REQUIREMENTS AND CHECK THE BOX BELOW (OR VOTE TO REJECT THE PLAN), YOUR OPT-OUT WILL ONLY BE EFFECTIVE IF SO ORDERED BY THE COURT. REGARDLESS OF WHETHER THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE RELEASES, IF YOU (A) VOTE TO ACCEPT THE PLAN, (B) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, OR (C) SUBMIT THE BALLOT AND ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN BUT FAIL TO CHECK THE BOX BELOW, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE 8.3 OF THE PLAN.

The Holder of the Class 8 Existing HoldCo Common Stock set forth in Item 1 elects to:

      ☐  **Opt Out** of the Third Party Release.

3

**Item 4. Certifications.**

By signing this Class 8 Ballot, the undersigned certifies to the Court and the Debtors:

- that, as of the Voting Record Date, either: (i) the Entity is the Holder of the Existing HoldCo Common Stock being voted; or (ii) the Entity is an authorized signatory for an Entity that is a Holder of the Existing HoldCo Common Stock being voted;

- that the Entity (or in the case of an authorized signatory, the Holder) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

- that the Entity has cast the same vote with respect to all Existing HoldCo Common Stock in a single Class; and

- that no other Class 8 Ballots with respect to the amount of the Existing HoldCo Common Stock identified in Item 1 have been cast or, if any other Class 8 Ballots have been cast with respect to such Existing HoldCo Common Stock, then any such earlier Class 8 Ballots are hereby revoked.

| | |
|---|---|
| Name of Holder: | _____ |
| | (Print or Type) |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than Holder) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Telephone Number: | _____ |
| Email: | _____ |
| Date Completed: | _____ |

CUSIP 903914109

PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND
RETURN IT (WITH AN ORIGINAL SIGNATURE) *PROMPTLY* VIA FIRST CLASS MAIL (OR IN THE
ENCLOSED REPLY ENVELOPE PROVIDED), OVERNIGHT COURIER, OR HAND DELIVERY TO:

**Ultra Petroleum Ballot Processing**
**c/o Epiq Bankruptcy Solutions, LLC**
**10300 SW Allen Boulevard**
**Beaverton, OR 97005**

In addition, to submit your Ballot via the Solicitation Agent's online portal, please visit http://dm.epiq11.com/Ultra. Click on the "E-Ballot" section of the website and follow the instructions to submit your Ballot.

IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:

Unique E-Ballot ID#:_____

The Solicitation Agent's online portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

Each E-Ballot ID# is to be used solely for voting only those Interests described in Item 1 of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.

Creditors and Equityholders that cast a Ballot using the Solicitation Agent's online portal should NOT also submit a paper Ballot.

> IF THE SOLICITATION AGENT DOES NOT *ACTUALLY RECEIVE* THIS CLASS 8 BALLOT ON OR BEFORE **MARCH 13, 2017 AT 4:00 P.M. PREVAILING CENTRAL TIME**, (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS CLASS 8 BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.

CUSIP 903914109

| Class 8 — Existing HoldCo Common Stock |
|---|

### INSTRUCTIONS FOR COMPLETING THIS CLASS 8 BALLOT

1. The Debtors are soliciting the votes of Holders of Claims and Interests with respect to the Plan attached as Exhibit A to the Disclosure Statement. Capitalized terms used in the Class 8 Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, a copy of which also accompanies the Class 8 Ballot. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. The Plan can be confirmed by the Court and thereby made binding upon the holders if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Allowed Claims in at least one class of Claims that votes on the Plan and at least two-thirds in amount of the Allowed Interests in each class of Interests voting on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3. To ensure that your Class 8 Ballot is counted, you **must either:** (a) complete and submit this hard copy Class 8 Ballot or (b) vote through the Debtors' online balloting portal accessible through the Debtors' case website http://dm.epiq11.com/Ultra. **Ballots will not be accepted by facsimile or electronic means (other than the online portal).**

4. **Use of Hard Copy Ballot.** To ensure that your hard copy Class 8 Ballot is counted, you must: (a) complete your Class 8 Ballot in accordance with these instructions; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Class 8 Ballot; and (c) clearly sign and return your original Class 8 Ballot in the enclosed pre-addressed, pre-paid envelope or via first class mail, overnight courier, or hand delivery to Ultra Petroleum Ballot Processing, c/o Epiq Bankruptcy Solutions, LLC, 7 10300 SW Allen Boulevard, Beaverton, OR 97005.

5. **Use of Online Ballot Portal.** To ensure that your electronic Class 8 Ballot is counted, please follow the instructions of the Debtors' case administration website at http://dm.epiq11.com/Ultra. You will need to enter your unique E-Ballot identification number indicated above. The online balloting portal is the sole manner in which Ballots will be accepted via electronic or online transmission. **Ballots will not be accepted by facsimile or electronic means (other than the online portal).**

6. Your Class 8 Ballot **must** be returned to the Solicitation Agent so as to be **actually received** by the Solicitation Agent on or before the Voting Deadline. **The Voting Deadline is March 13, 2017, at 4:00 p.m.,** prevailing Central Time.

7. If a Class 8 Ballot is received **after** the Voting Deadline and if the Voting Deadline is not extended, it may be counted only in the discretion of the Debtors. Additionally, **the following Class 8 Ballots will not be counted:**

    (a) any Class 8 Ballot that partially rejects and partially accepts the Plan;
    (b) Class 8 Ballots sent to the Debtors, the Debtors' agents (other than the Solicitation Agent), or the Debtors' financial or legal advisors;
    (c) Class 8 Ballots sent by facsimile or any electronic means other than via the online portal;
    (d) any Class 8 Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Interest;
    (e) any Class 8 Ballot cast by an Entity that does not hold an Interest in Class 8;
    (f) any Class 8 Ballot submitted by an Entity not entitled to vote pursuant to the Plan;
    (g) any unsigned Class 8 Ballot;
    (h) any Class 8 Ballot not received by the Solicitation Agent by the Voting Deadline;
    (i) any paper ballot not bearing an original signature; and/or
    (j) any Class 8 Ballot not marked to accept or reject the Plan or any Class 8 Ballot marked both to accept and reject the Plan.

6

CUSIP 903914109

8.  The method of delivery of Class 8 Ballots to the Solicitation Agent is at the election and risk of each Holder of Existing HoldCo Common Stock.  Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation Agent *actually receives* the originally executed Class 8 Ballot.  In all cases, Holders should allow sufficient time to assure timely delivery.

9.  If multiple Class 8 Ballots are received from the same Holder of Existing HoldCo Common Stock with respect to the same Existing HoldCo Common Stock prior to the Voting Deadline, the latest, timely received, and properly completed Class 8 Ballot will supersede and revoke any earlier received Class 8 Ballots.

10.  You must vote all of your Existing HoldCo Common Stock within Class 8 either to accept or reject the Plan and may *not* split your vote.  Further, if a Holder has multiple Existing HoldCo Common Stock within Class 8, the Debtors may aggregate the Interests of any particular Holder with multiple Existing HoldCo Common Stock within Class 8 for the purpose of counting votes.

11.  This Class 8 Ballot does *not* constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim or Interest.

12.  **Please be sure to sign and date your Class 8 Ballot.**  If you are signing a Class 8 Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, or the Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Class 8 Ballot.

13.  If you hold Claims or Interests in more than one Class under the Plan you may receive more than one ballot coded for each different Class.  Each ballot votes *only* your Claims or Interests indicated on that ballot, so please complete and return each ballot that you received.

### PLEASE MAIL YOUR CLASS 8 BALLOT PROMPTLY

**IF YOU HAVE ANY QUESTIONS REGARDING THIS CLASS 8 BALLOT,
THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING,
PLEASE CALL THE RESTRUCTURING HOTLINE AT:
(844) 319-8438 (DOMESTIC TOLL-FREE) OR +1 503-520-4495 (INTERNATIONAL) OR EMAIL
TABULATION@EPIQSYSTEMS.COM WITH A REFERENCE TO "ULTRA PETROLEUM" IN THE
SUBJECT LINE.**

**IF THE SOLICITATION AGENT DOES NOT *ACTUALLY RECEIVE* THIS CLASS 8 BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS MARCH 13, 2017, AT 4:00 P.M. PREVAILING CENTRAL TIME, (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED HEREBY MAY BE COUNTED ONLY IN THE DISCRETION OF THE DEBTORS.**

CUSIP 903914109

## SCHEDULE 3D

**Form of Class 8 Master Ballot**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ULTRA PETROLEUM CORP., *et al.*,[1] | § | Case No. 16-32202 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |
| | § | |

---

**MASTER BALLOT FOR VOTING TO ACCEPT
OR REJECT THE DEBTORS' SECOND AMENDED JOINT CHAPTER 11 PLAN OF
REORGANIZATION**

---

**CLASS 8 EXISTING HOLDCO COMMON STOCK**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS
CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED,
EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE SOLICITATION
AGENT BY MARCH 13, 2017, AT 4:00 P.M., PREVAILING CENTRAL TIME (THE "VOTING
DEADLINE") IN ACCORDANCE WITH THE FOLLOWING.**

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes with respect to the *Debtors' Second Amended Joint Chapter 11 Plan of Reorganization* (as may be amended from time to time, the "Plan") as set forth in the *Disclosure Statement for the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization* (as may be amended from time to time, the "Disclosure Statement"). The Bankruptcy Court for the Southern District of Texas (the "Court") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [February 13], 2017 (the "Disclosure Statement Order"). Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this master ballot (this "Master Ballot") because you are the Nominee (as defined below) of a Beneficial Holder[2] of Class 8 Existing HoldCo Common Stock, as of February 9, 2017 (the "Voting Record Date"). Accordingly, you have a right to vote to accept or reject the Plan.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any), are: Ultra Petroleum Corp. (3838); Keystone Gas Gathering, LLC; Ultra Resources, Inc. (0643); Ultra Wyoming, Inc. (6117); Ultra Wyoming LGS, LLC (0378); UP Energy Corporation (4296); UPL Pinedale, LLC (7214); and UPL Three Rivers Holdings, LLC (7158).

[2]   A "Beneficial Holder" means a beneficial owner of publicly traded securities whose Claims or Interests have not been satisfied prior to the Voting Record Date (as defined herein) pursuant to Court order or otherwise, as reflected in the records maintained by the Nominees holding through The Depository Trust Company, or other relevant security depository, and/or the transfer agent, as of the Voting Record Date.

CUSIP 903914109

**This Master Ballot is to be used by you as a broker, bank, or other nominee; or as the agent of a broker, bank, or other nominee (each of the foregoing, a "Nominee"); or as the proxy holder of a Nominee for certain Beneficial Holders' Existing HoldCo Common Stock in Class 8 (the "Class 8 Interests"), to transmit to the Solicitation Agent (as defined below) the votes of such Beneficial Holders in respect of their Class 8 Interests to accept or reject the Plan.**

This ballot may not be used for any purpose other than for submitting votes and making certain certifications with respect to the Plan. If you believe you have received this Master Ballot in error, please contact the Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

The rights and treatment for each Class are described in the Disclosure Statement, which was included in the package (the "Solicitation Package") you are receiving with this Master Ballot (as well as the Plan, Disclosure Statement Order, and certain other materials). If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them (a) from Epiq Bankruptcy Solutions, LLC (the "Solicitation Agent") at no charge by: (i) accessing the Debtors' restructuring website at http://dm.epiq11.com/Ultra; (ii) writing to the Solicitation Agent at Ultra Petroleum Ballot Processing, c/o Epiq Bankruptcy Solutions, LLC, 10300 SW Allen Boulevard, Beaverton, OR 97005; (iii) calling the Solicitation Agent at (646) 282-2500; or (iv) emailing tabulation@epiqsystems.com with a reference to "Ultra Petroleum" in the subject line; or (b) for a fee via PACER at http://www.txs.uscourts.gov.

You are authorized to collect votes to accept or to reject the Plan from Beneficial Holders in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Beneficial Holder Ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means.

The Court may confirm the Plan and thereby bind all Holders of Claims and Interests. To have the votes of your Beneficial Holders count as either an acceptance or rejection of the Plan, you must complete and return this Master Ballot so that the Solicitation Agent *actually receives* it on or before the Voting Deadline.

**THE VOTING DEADLINE IS ON MARCH 13, 2017, AT 4:00 P.M., PREVAILING CENTRAL TIME.**

<u>Item 1</u>. **Certification of Authority to Vote.**

The undersigned certifies that, as of the Voting Record Date, the undersigned (please check the applicable box):

☐ Is a broker, bank, or other nominee for the Beneficial Holders of the aggregate principal amount of the Class 8 Interests listed in Item 2 below, and is the record holder of such bonds, or

☐ Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee that is the registered holder of the aggregate principal amount of Class 8 Interests listed in Item 2 below, or

☐ Has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a beneficial holder, that is the registered holder of the aggregate principal amount of Class 8 Interests listed in Item 2 below,

and accordingly, has full power and authority to vote to accept or reject the Plan, on behalf of the Beneficial Holders of the Class 8 Interests described in Item 2.

CUSIP 903914109

**Item 2.** **Class 8 Interests Vote on Plan.**

The undersigned transmits the following votes, and releases of Beneficial Holders of Class 8 Interests and certifies that the following Beneficial Holders of Class 8 Interests, as identified by their respective customer account numbers set forth below, are the Beneficial Holders of such Claims or Interests as of the Voting Record Date and have delivered to the undersigned, as Nominee, applicable and customary "voting instruction forms," and/or Beneficial Holder ballots (the "Ballots") casting such votes.

*Indicate in the appropriate column below the aggregate amount voted for each account or attach such information to this Master Ballot in the form of the following table.* Please note that each holder must vote all such Beneficial Holder's Class 8 Interests to accept or reject the Plan and may not split such vote. Any Beneficial Holder Ballot executed by the Beneficial Holder that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted. If the Beneficial Holder has checked the box on Item 4 of the Beneficial Holder Ballot pertaining to the releases by Holders of Claims and Interests, as detailed in Article 8.3 of the Plan, please place an X in the Item 4 column below.

| Your Customer Account Number for Each Beneficial Holder of Class 8 Interests | Amount Held as of Voting Record Date | Item 2 Indicate the vote cast on the Beneficial Holder Ballot by checking the appropriate box below. | | | Item 3 If the box in Item 3 of the Ballot was completed, check the box in the column below |
|---|---|---|---|---|---|
| | | Accept the Plan | or | Reject the Plan | |
| 1 | | ☐ | | ☐ | ☐ |
| 2 | | ☐ | | ☐ | ☐ |
| 3 | | ☐ | | ☐ | ☐ |
| 4 | | ☐ | | ☐ | ☐ |
| 5 | | ☐ | | ☐ | ☐ |
| 6 | | ☐ | | ☐ | ☐ |
| TOTALS | | | | | |

**Item 3.** **Important information regarding the Third Party Release.**

**Article 8.3 of the Plan contains the following provision:**

Notwithstanding anything contained in the Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after the Effective Date, each Released Party is deemed released and discharged by the Debtors, the Reorganized Debtors, and their Estates from any and all Claims and Causes of Action, whether known or unknown, including any derivative claims, asserted on behalf of the Debtors, that the Debtors, the Reorganized Debtors, or their Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership or operation thereof), the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Action brought as counterclaims or defenses to Claims asserted against the Debtors), the formulation, preparation, dissemination, negotiation, or Filing of the Plan Support Agreement, the Backstop Commitment Agreement, or any Restructuring Transaction, contract, instrument, release, or other agreement or document (including providing any legal opinion

requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Plan Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Rights Offering, the Backstop Commitment Agreement, the Exit Facility, the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (a) any post-Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan or (b) any individual from any claim related to an act or omission that is determined in a Final Order by a court competent jurisdiction to have constituted actual fraud or willful misconduct.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Debtor Release is: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims released by the Debtor Release; (3) in the best interests of the Debtors and all holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Reorganized Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.

\*        \*        \*

UNDER THE PLAN, "RELEASING PARTY" MEANS EACH OF THE FOLLOWING IN THEIR CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE CONSENTING HOLDCO NOTEHOLDERS; (D) THE HOLDCO NOTES INDENTURE TRUSTEES; (E) THE CONSENTING HOLDCO EQUITYHOLDERS; (F) BACKSTOP PARTIES; (G) THE EXIT FACILITY AGENTS; (H) THE EXIT COMMITMENT PARTIES; (I) THE LENDERS UNDER THE EXIT FACILITY; (J) THE EXIT NOTES TRUSTEE; (K) THE EXIT NOTEHOLDERS; (L) ALL HOLDERS OF CLAIMS AND INTERESTS WHO VOTE TO ACCEPT THE PLAN; (M) ALL HOLDERS OF CLAIMS IN CLASSES THAT ARE DEEMED TO ACCEPT THE PLAN; (N) ALL HOLDERS OF CLAIMS AND INTERESTS IN VOTING CLASSES WHO ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; AND (O) WITH RESPECT TO THE FOREGOING CLAUSES (A) THROUGH (N), EACH SUCH ENTITY AND ITS CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR CURRENT AND FORMER AFFILIATES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, PRINCIPALS, MEMBERS, EMPLOYEES, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, ASSIGNS, SUBSIDIARIES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS.

AS A "RELEASING PARTY" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE 8.3 OF THE PLAN, AS SET FORTH ABOVE. YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE 8.3 OF THE PLAN ONLY IF THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE RELEASES AND ONLY IF YOU (A) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN OR (B) VOTE TO REJECT THE PLAN. IN THE CASE OF SUCH A DETERMINATION BY THE COURT IF YOU VOTE TO REJECT THE PLAN, YOU WILL AUTOMATICALLY BE CONSIDERED TO HAVE OPTED OUT OF THE RELEASES, REGARDLESS OF WHETHER YOU CHECK THE BOX BELOW. IF YOU SATISFY THE ABOVE REQUIREMENTS AND CHECK THE BOX BELOW (OR VOTE TO REJECT THE PLAN), YOUR OPT-OUT WILL ONLY BE EFFECTIVE IF SO ORDERED BY THE COURT. REGARDLESS OF WHETHER THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE RELEASES, IF YOU (A) VOTE TO ACCEPT THE PLAN, (B) FAIL TO SUBMIT A BALLOT BY THE

VOTING DEADLINE, OR (C) SUBMIT THE BALLOT AND ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN BUT FAIL TO CHECK THE BOX BELOW, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE 8.3 OF THE PLAN.

<u>Item 4</u>.  **Certifications.**

Upon execution of this Master Ballot, the undersigned certifies that:

- it has received a copy of the Disclosure Statement, the Plan, the Master Ballots, the Beneficial Holder Ballots, and the remainder of the Solicitation Package and has delivered the same to the Beneficial Holders of the Class 8 Interests listed in Item 2 above;

- it has received a completed and signed Beneficial Holder Ballot from each Beneficial Holder listed in Item 2 of this Master Ballot;

- it is the registered Holder of all Class 8 Interests listed in Item 2 above being voted;

- it has been authorized by each Beneficial Holder of Class 8 Interests listed in Item 2 above to vote on the Plan;

- no other Master Ballots with respect to the same Class 8 Interests identified in Item 2 have been cast or, if any other Master Ballots have been cast with respect to such Interests, then any such earlier Master Ballots are hereby revoked;

- it has properly disclosed: (a) the number of Beneficial Holder of Class 8 Interests that completed the Beneficial Holder Ballots; (b) the respective amounts of the Class 8 Interests owned, as the case may be, by each Beneficial Holder of Class 8 Interests that completed a Beneficial Holder Ballot; (c) each such Beneficial Holder of Class 8 Interests' respective vote concerning the Plan; (e) each such Beneficial Holder of Class 8 Interests' certification as to other Class 8 Interests voted; and (f) the customer account or other identification number for each such Beneficial Holder of Class 8 Interests; and

- it will maintain ballots and evidence of separate transactions returned by Beneficial Holder of Class 8 Interests (whether properly completed or defective) for at least  year after the Effective Date of the Plan and disclose all such information to the Court or the Debtors, if so ordered.

| | |
|---|---|
| Name of Nominee: | |
| | (Print or Type) |
| Participant Number: | |
| Name of Proxy Holder or Agent for Nominee (if applicable): | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory (if applicable): | |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email Address: | |
| Date Completed: | |

*PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND
RETURN IT (WITH AN ORIGINAL SIGNATURE) PROMPTLY IN THE
ENVELOPE PROVIDED VIA FIRST-CLASS MAIL OR OVERNIGHT COURIER TO:*

**Ultra Petroleum Ballot Processing
c/o Epiq Bankruptcy Solutions, LLC
777 Third Avenue, 12th Floor
New York, NY 10017**

IF THE SOLICITATION AGENT DOES NOT *ACTUALLY RECEIVE*
THIS CLASS 8 MASTER BALLOT **ON OR BEFORE MARCH 13, 2017, AT 4:00 P.M.,** PREVAILING
CENTRAL TIME, (AND IF THE VOTING DEADLINE IS NOT EXTENDED), THE VOTES TRANSMITTED
BY THIS CLASS 8 MASTER BALLOT MAY BE COUNTED TOWARD CONFIRMATION
OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.

CUSIP 903914109

| Class 8 — Existing HoldCo Common Stock |
|---|

### INSTRUCTIONS FOR COMPLETING THIS MASTER BALLOT

1. The Debtors are soliciting the votes of Holders of Claims and Interests with respect to the Plan attached as **Exhibit A** to the Disclosure Statement.  Capitalized terms used in the Master Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, a copy of which also accompanies the Master Ballot.  **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS MASTER BALLOT.**

2. The Plan can be confirmed by the Court and thereby made binding upon the holders if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Allowed Claims in at least one class of Claims that votes on the Plan and at least two-thirds in amount of the Allowed Interests in each class of Interests voting on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

3. You should immediately distribute the Beneficial Holder Ballots and the Solicitation Package to all Beneficial Holders of Class 8 Interests and take any action required to enable each such Beneficial Holder to vote timely the Claims that it holds.  You may distribute the Solicitation Packages to Beneficial Holders, as appropriate, in accordance with your customary practices.  You are authorized to collect votes to accept or to reject the Plan from Beneficial Holders in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a beneficial ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means.  Any Beneficial Holder Ballot returned to you by a Beneficial Holder of a Class 8 Interest shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver, to the Solicitation Agent, a Master Ballot that reflects the vote of such Beneficial Holders by **March 13, 2017, at 4:00 p.m.**, prevailing Central Time or otherwise validate the Master Ballot in a manner acceptable to the Solicitation Agent.

4. If you are transmitting the votes of any Beneficial Holder of Class 8 Interests other than yourself, you may either:

   (a) "Pre-validate" the individual Class 8 Beneficial Holder Ballot contained in the Solicitation Package and then forward the Solicitation Package to the Beneficial Holder of the Class 8 Interest for voting within five (5) Business Days after receipt of the Solicitation Package, with the Beneficial Holder then *returning the individual Beneficial Holder Ballot directly to the Solicitation Agent in the return envelope to be provided in the Solicitation Package*.  A Nominee "pre-validates" a Beneficial Holder's Ballot by signing the Beneficial Holder Ballot and including their DTC participant number; indicating the account number of the Beneficial Holder and the amount of Class 8 Interests held by the Nominee for such Beneficial Holder; and then forwarding the Beneficial Holder Ballot together with the Solicitation Package to the Beneficial Holder.  The Beneficial Holder then completes the information requested on the Beneficial Holder Ballot and returns the Beneficial Holder Ballot directly to the Solicitation Agent.  A list of the Beneficial Holders to whom "pre-validated" Beneficial Holder Ballots were delivered should be maintained by Nominees for inspection for at least one year from the Effective Date; OR

   (b) Within five (5) Business Days after receipt of the Solicitation Package, forward the Solicitation Package to the Beneficial Holders of the Class 8 Interest for voting along with a return envelope provided by and addressed to the Nominee, with the Beneficial Holder then returning the individual Beneficial Holder Ballot to the Nominee.  In such case, the Nominee will tabulate the votes of its respective owners on a Master Ballot that will be provided to the Nominee separately by the Solicitation Agent, in accordance with any instructions set forth in the instructions to the Master Ballot, and then return the Master Ballot to the Solicitation Agent.  The Nominee should advise the Beneficial Holder to return their individual Beneficial Holder Ballots to the Nominee by a date calculated by the Nominee to allow it to prepare and return the Master Ballot to the Solicitation Agent

CUSIP 903914109

so that the Master Ballot is actually received by the Solicitation Agent on or before the Voting Deadline.

5. With regard to any Beneficial Holder Ballots returned to you by a Beneficial Holder, you must: (a) compile and validate the votes and other relevant information of each such Beneficial Holder on the Master Ballot using the customer name or account number assigned by you to each such Beneficial Holder; (b) execute the Master Ballot; (c) transmit such Master Ballot to the Solicitation Agent by the Voting Deadline; and (d) retain such Beneficial Holder Ballots from Beneficial Holders, whether in hard copy or by electronic direction, in your files for a period of one year after the Effective Date of the Plan. You may be ordered to produce the Beneficial Holder Ballots to the Debtors or the Court.

6. The Master Ballot *must* be returned to the Solicitation Agent so as to be ***actually received*** by the Solicitation Agent on or before the Voting Deadline. **The Voting Deadline is March 13, 2017, at 4:00 p.m.**, prevailing Central Time.

7. If a Master Ballot is received ***after*** the Voting Deadline and if the Voting Deadline is not extended, it may be counted only in the discretion of the Debtors. Additionally, **the following Master Ballots will *not* be counted:**

   (a) any Master Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;
   (b) any Master Ballot cast by a Party that does not hold a Claim in a Class that is entitled to vote on the Plan;
   (c) any Master Ballot sent by facsimile or any electronic means;
   (d) any unsigned Master Ballot;
   (e) any Master Ballot that does not contain an original signature;
   (f) any Master Ballot not marked to accept or reject the Plan; and/or
   (g) any Master Ballot submitted by any party not entitled to cast a vote with respect to the Plan.

8. The method of delivery of Master Ballots to the Solicitation Agent is at the election and risk of each Nominee of Class 8 Interest. Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation Agent ***actually receives*** the originally executed Master Ballot. In all cases, Beneficial Holders and Nominees should allow sufficient time to assure timely delivery.

9. If multiple Master Ballots are received from the same Nominee with respect to the same Beneficial Holder Ballot belonging to a Beneficial Holder of a Claim or Interest prior to the Voting Deadline, the latest, timely received, and properly completed Master Ballot will supersede and revoke any earlier received Master Ballots.

10. The Master Ballot does ***not*** constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim or Interest.

11. **Please be sure to sign and date the Master Ballot**. You should indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity and, if required or requested by the Solicitation Agent, the Debtors, or the Court, must submit proper evidence to the requesting party to so act on behalf of such Beneficial Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

12. If you are both the Nominee and the Beneficial Holder of any of the Class 8 Interests and you wish to vote such Class 8 Interests, you may return a Beneficial Holder Ballot or Master Ballot for such Class 8 Interests and you must vote your entire Class 8 Interests to either to accept or reject the Plan and may not split your vote. Accordingly, a Beneficial Holder Ballot, other than a Master Ballot with the votes of multiple Beneficial Holders, that partially rejects and partially accepts the Plan will not be counted.

CUSIP 903914109

13. The following additional rules shall apply to Master Ballots.

    (a) Votes cast by Beneficial Holders through a Nominee will be applied against the positions held by such entities in the Class 8 Interests as of the Record Voting Date, as evidenced by the record and depository listings.

    (b) Votes submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Beneficial Holder Ballots, *will not be counted in excess of the record amount of the Class 8 Interests held by such Nominee*;

    (c) to the extent that conflicting votes or "over-votes" are submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated holder Beneficial Holder Ballots, the Solicitation Agent will attempt to reconcile discrepancies with the Nominee;

    (d) To the extent that over-votes on a Master Ballot or pre-validated holder Beneficial Holder Ballots are not reconcilable prior to the preparation of the vote certification, the Solicitation Agent will apply the votes to accept and reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or pre-validated holder Ballots that contained the over-vote, but only to the extent of the Nominee's position in Class 8 Interests; and

    (e) For purposes of tabulating votes, each holder holding through a particular account will be deemed to have voted the amount relating its holding in that particular account, although the Solicitation Agent may be asked to adjust such principal amount to reflect the claim amount.

**<u>PLEASE MAIL YOUR MASTER BALLOT PROMPTLY</u>**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT,
THESE VOTING INSTRUCTIONS, OR THE PROCEDURES FOR VOTING,
PLEASE CALL THE RESTRUCTURING HOTLINE AT: 646-282-2500 OR EMAIL
TABULATION@EPIQSYSTEMS.COM WITH A REFERENCE TO "ULTRA PETROLEUM" IN THE
SUBJECT LINE.**

---

**IF THE SOLICITATION AGENT DOES NOT *ACTUALLY RECEIVE* THIS MASTER BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS MARCH 13, 2017, AT 4:00 P.M. PREVAILING CENTRAL TIME, (AND IF THE VOTING DEADLINE IS NOT EXTENDED), THE VOTES TRANSMITTED HEREBY MAY BE COUNTED ONLY IN THE DISCRETION OF THE DEBTORS.**

---

## SCHEDULE 3E

**Form of Class 8 Beneficial Holder Ballot**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ULTRA PETROLEUM CORP., *et al.*,[1] | § | Case No. 16-32202 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |
| | § | |

**BENEFICIAL BALLOT FOR VOTING TO ACCEPT
OR REJECT THE DEBTORS' CHAPTER 11 PLAN OF REORGANIZATION**

**CLASS 8 EXISTING HOLDCO COMMON STOCK**

> **PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**
>
> **IN ORDER FOR YOUR VOTE TO BE COUNTED, YOU MUST FOLLOW THE DIRECTIONS OF YOUR NOMINEE TO CAST YOUR VOTE. THIS BALLOT (OR THE MASTER BALLOT REFLECTING THE VOTE CAST ON THIS BALLOT) MUST BE ACTUALLY RECEIVED BY THE SOLICITATION AGENT BEFORE MARCH 13, 2017, AT 4:00 P.M. PREVAILING CENTRAL TIME (THE "VOTING DEADLINE").**
>
> **IF, HOWEVER, YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE, YOU MUST FOLLOW THE DIRECTIONS OF YOUR NOMINEE TO CAST YOU VOTE AND ALLOW SUFFICIENT TIME FOR YOUR NOMINEE TO RECEIVE YOUR VOTE AND TRANSMIT SUCH VOTE ON A MASTER BALLOT, WHICH MASTER BALLOT MUST BE RETURNED TO THE SOLICITATION AGENT BY THE VOTING DEADLINE IN ORDER FOR YOUR VOTE TO BE COUNTED.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes with respect to the *Debtors' Second Amended Joint Chapter 11 Plan of Reorganization* (as may be amended from time to time, the "Plan") as set forth in the *Disclosure Statement for the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization* (as may be amended from time to time, the "Disclosure Statement"). The Bankruptcy Court for the Southern District of Texas (the "Court") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [February 13], 2017 (the "Disclosure Statement Order"). Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this Class 8 ballot for Beneficial Holders[2] (the "Class 8 Beneficial Holder Ballot") because you are a Beneficial Holder of Existing HoldCo Common Stock in Class 8 as of February 9, 2017 (the "Voting Record

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any), are: Ultra Petroleum Corp. (3838); Keystone Gas Gathering, LLC; Ultra Resources, Inc. (0643); Ultra Wyoming, Inc. (6117); Ultra Wyoming LGS, LLC (0378); UP Energy Corporation (4296); UPL Pinedale, LLC (7214); and UPL Three Rivers Holdings, LLC (7158).

Date"). Accordingly, you have a right to vote to accept or reject the Plan. To cast your vote, complete this Class 8 Beneficial Holder Ballot and return it to your broker, bank, or other nominee, or the agent of a broker, bank, or other nominee (each of the foregoing, a "Nominee"), in accordance with the instructions provided by your Nominee. Your Nominee will then submit a master ballot (the "Master Ballot") on behalf of the Beneficial Holders of Class 8 Interests.

This Class 8 Beneficial Holder Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Class 8 Beneficial Holder Ballot in error, or if you believe that you have received the wrong ballot, please contact the Solicitation Agent *immediately* at the address, telephone number, or email address set forth below.

Your rights are described in the Disclosure Statement, which was included in the package (the "Solicitation Package") you are receiving with this Class 8 Beneficial Holder Ballot (as well as the Plan, Disclosure Statement Order, and certain other materials). If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them (a) from Epiq Bankruptcy Solutions, LLC (the "Solicitation Agent") at no charge by: (i) accessing the *Debtors' restructuring website at http://dm.epiq11.com/Ultra; (ii) writing to the Solicitation Agent at Ultra Petroleum Ballot Processing, c/o Epiq Bankruptcy Solutions, LLC, 7 10300 SW Allen Boulevard, Beaverton, OR 97005; (iii) calling the Solicitation Agent at (844) 319-8438 (domestic toll-free) or +1 503-520-4495 (international) or (iv) emailing tabulation@epiqsystems.com with a reference to "Ultra Petroleum" in the subject line; or (b) for a fee via PACER at http://www.txs.uscourts.gov.

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Interest. Existing HoldCo Common Stock have been placed in Class 8 under the Plan. If you hold Claims or Interests in more than one Class, you will receive a ballot for each Class in which you are entitled to vote.

The Court may confirm the Plan and thereby bind all Holders of Claims and Interests. In order for your vote to count, your Nominee must receive this Class 8 Beneficial Holder Ballot in sufficient time for your Nominee to include your vote on a Master Ballot that must be received by the Solicitation Agent on or before the Voting Deadline, which is **March 13, 2017, at 4:00 p.m.,** prevailing Central Time. Please allow sufficient time for your vote to be included on the Master Ballot completed by your Nominee. If a Master Ballot recording your vote is not received by the Voting Deadline, and if the Voting Deadline is not extended, your vote will not count.

Item 1. **Amount of Interests**.

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the beneficial Holder of Existing HoldCo Common Stock in Class 8 in the following number of shares (insert amount in box below, unless otherwise completed by your Nominee):

---

[2]   A "Beneficial Holder" means a beneficial owner of publicly traded securities whose Claims or Interests have not been satisfied prior to the Voting Record Date (as defined herein) pursuant to Court order or otherwise, as reflected in the records maintained by the Nominees holding through The Depository Trust Company, or other relevant security depository, and/or the transfer agent as of the Voting Record Date.

2

CUSIP 903914109

<u>Item 2</u>.  Class 8 Interests Vote on Plan.

The Beneficial Holder of the Class 8 Interest in the Debtors set forth in Item 1 votes to (please check <u>one</u>):

| ☐ | <u>**ACCEPT**</u> (vote FOR) the Plan | ☐ | <u>**REJECT**</u> (vote AGAINST) the Plan |

<u>Item 3</u>.  Important information regarding the Third Party Release.

<u>Article 8.3 of the Plan contains the following provision:</u>

Notwithstanding anything contained in the Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after the Effective Date, each Released Party is deemed released and discharged by the Debtors, the Reorganized Debtors, and their Estates from any and all Claims and Causes of Action, whether known or unknown, including any derivative claims, asserted on behalf of the Debtors, that the Debtors, the Reorganized Debtors, or their Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership or operation thereof), the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Action brought as counterclaims or defenses to Claims asserted against the Debtors), the formulation, preparation, dissemination, negotiation, or Filing of the Plan Support Agreement, the Backstop Commitment Agreement, or any Restructuring Transaction, contract, instrument, release, or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Plan Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Rights Offering, the Backstop Commitment Agreement, the Exit Facility, the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (a) any post-Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan or (b) any individual from any claim related to an act or omission that is determined in a Final Order by a court competent jurisdiction to have constituted actual fraud or willful misconduct.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Debtor Release is: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims released by the Debtor Release; (3) in the best interests of the Debtors and all holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Reorganized Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.

*        *        *

UNDER THE PLAN, "RELEASING PARTY" MEANS EACH OF THE FOLLOWING IN THEIR CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE CONSENTING HOLDCO NOTEHOLDERS; (D) THE HOLDCO NOTES INDENTURE TRUSTEES; (E) THE CONSENTING HOLDCO EQUITYHOLDERS; (F) BACKSTOP PARTIES; (G) THE EXIT FACILITY AGENTS; (H) THE EXIT

3

COMMITMENT PARTIES; (I) THE LENDERS UNDER THE EXIT FACILITY; (J) THE EXIT NOTES TRUSTEE; (K) THE EXIT NOTEHOLDERS; (L) ALL HOLDERS OF CLAIMS AND INTERESTS WHO VOTE TO ACCEPT THE PLAN; (M) ALL HOLDERS OF CLAIMS IN CLASSES THAT ARE DEEMED TO ACCEPT THE PLAN; (N) ALL HOLDERS OF CLAIMS AND INTERESTS IN VOTING CLASSES WHO ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; AND (O) WITH RESPECT TO THE FOREGOING CLAUSES (A) THROUGH (N), EACH SUCH ENTITY AND ITS CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR CURRENT AND FORMER AFFILIATES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, PRINCIPALS, MEMBERS, EMPLOYEES, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, ASSIGNS, SUBSIDIARIES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS.

AS A "RELEASING PARTY" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE 8.3 OF THE PLAN, AS SET FORTH ABOVE.  YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE 8.3 OF THE PLAN ONLY IF THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE RELEASES AND ONLY IF YOU (A) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN OR (B) VOTE TO REJECT THE PLAN.  IN THE CASE OF SUCH A DETERMINATION BY THE COURT IF YOU VOTE TO REJECT THE PLAN, YOU WILL AUTOMATICALLY BE CONSIDERED TO HAVE OPTED OUT OF THE RELEASES, REGARDLESS OF WHETHER YOU CHECK THE BOX BELOW. IF YOU SATISFY THE ABOVE REQUIREMENTS AND CHECK THE BOX BELOW (OR VOTE TO REJECT THE PLAN), YOUR OPT-OUT WILL ONLY BE EFFECTIVE IF SO ORDERED BY THE COURT. REGARDLESS OF WHETHER THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE RELEASES, IF YOU (A) VOTE TO ACCEPT THE PLAN, (B) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, OR (C) SUBMIT THE BALLOT AND ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN BUT FAIL TO CHECK THE BOX BELOW, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE 8.3 OF THE PLAN.

The Beneficial Holder of the Class 8 Interest set forth in Item 1 elects to:

☐   **Opt Out** of the Third Party Release.

<u>**Item 4**</u>.  **Certifications**.

By signing this Class 8 Beneficial Holder Ballot, the undersigned certifies to the Court and the Debtors:

- that, as of the Voting Record Date, either: (i) the Entity is the Holder of the Existing HoldCo Common Stock being voted; or (ii) the Entity is an authorized signatory for an Entity that is a Holder of the Note Claims being voted;

- that the Entity (or in the case of an authorized signatory, the holder) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

- that the Entity has cast the same vote with respect to all Existing HoldCo Common Stock in a single Class; and

- that no other Class 8 Beneficial Holder Ballots with respect to the amount of the Existing HoldCo Common Stock identified in Item 1 have been cast or, if any other Class 8 Beneficial Holder Ballots have been cast with respect to such Existing HoldCo Common Stock, then any such earlier Class 8 Beneficial Holder Ballots are hereby revoked.

CUSIP 903914109

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| | |
| Signature: | |
| Name of Signatory: | |
| | (If other than Holder) |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND
RETURN IT (WITH AN ORIGINAL SIGNATURE) *PROMPTLY* IN THE ENVELOPE PROVIDED OR
OTHERWISE IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED BY YOUR NOMINEE.**

IF THE SOLICITATION AGENT DOES
NOT *ACTUALLY RECEIVE* THE CLASS 8 MASTER BALLOT SUBMITTED ON
YOUR BEHALF WHICH REFLECTS YOUR VOTE **ON OR BEFORE MARCH 13, 2017, AT 4:00 P.M.**
PREVAILING CENTRAL TIME, (AND IF THE VOTING DEADLINE IS NOT EXTENDED),
YOUR VOTE TRANSMITTED BY THIS CLASS 8 BENEFICIAL HOLDER BALLOT MAY BE
COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.

CUSIP 903914109

| Class 8 — Existing HoldCo Common Stock |
|---|

## INSTRUCTIONS FOR COMPLETING THIS CLASS 8 BENEFICIAL HOLDER BALLOT

1. The Debtors are soliciting the votes of Holders of Claims and Interests with respect to the Plan attached as **Exhibit A** to the Disclosure Statement. Capitalized terms used in the Class 8 Beneficial Holder Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, a copy of which also accompanies the Class 8 Beneficial Holder Ballot. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. The Plan can be confirmed by the Court and thereby made binding upon the holders if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Allowed Claims in at least one class of Claims that votes on the Plan and at least two-thirds in amount of the Allowed Interests in each class of Interests voting on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. *Please review the Disclosure Statement for more information.*

3. To ensure that your vote is counted, you must submit your Class 8 Beneficial Holder Ballot as directed, so that your vote is actually received by the Solicitation Agent by the Voting Deadline. You may instruct your Nominee to vote on your behalf in the Master Ballot as follows: (a) complete the Class 8 Beneficial Holder Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Class 8 Beneficial Holder Ballot; and (c) sign and return the Class 8 Beneficial Holder Ballot to your Nominee in accordance with the instructions provided by your Nominee. The Voting Deadline for the receipt of Master Ballots by the Solicitation Agent is **March 13, 2017, at 4:00 p.m.**, prevailing Central Time. Your completed Class 8 Beneficial Holder Ballot must be received by your Nominee in sufficient time to permit your Nominee to deliver your votes to the Solicitation Agent on or before the Voting Deadline.

4. **The following Class 8 Beneficial Holder Ballots submitted to your Nominee will *not* be counted:**

    (a) any Class 8 Beneficial Holder Ballot that partially rejects and partially accepts the Plan;

    (b) any Class 8 Beneficial Holder Ballot sent by facsimile or any electronic means other than in accordance with the instructions of your Nominee, and if you are directed by your Nominee to submit the Beneficial Holder Ballot to the Nominee via electronic means, such instructions to your Nominee will have the same effect as if you had completed and returned a physical Beneficial Holder Ballot, including all certifications;

    (c) any Class 8 Beneficial Holder Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;

    (d) any Class 8 Beneficial Holder Ballot cast by an Entity that does not hold an Interest in Class 8;

    (e) any unsigned Class 8 Beneficial Holder Ballot;

    (f) any Class 8 Beneficial Holder Ballot submitted by a Holder not entitled to vote pursuant to the Plan;

    (g) any Class 8 Beneficial Holder Ballot not bearing an original signature; and/or

    (h) any Class 8 Beneficial Holder Ballot not marked to accept or reject the Plan or any Class 8 Beneficial Holder Ballot marked both to accept and reject the Plan.

5. If your Class 8 Beneficial Holder Ballot is not received by your Nominee in sufficient time to be included on a timely submitted Master Ballot, it will not be counted unless the Debtors determine otherwise. In all cases, Beneficial Holders should allow sufficient time to assure timely delivery of your Class 8 Beneficial Holder Ballot to your Nominee. No Class 8 Beneficial Holder Ballot should be sent to any of the Debtors, the Debtors' financial or legal advisors, and if so sent will not be counted.

6. If you deliver multiple Class 8 Beneficial Holder Ballots to the Nominee with respect to the same Interest prior to the Voting Deadline, the last received valid Class 8 Beneficial Holder Ballot timely received will supersede and revoke any earlier received Class 8 Beneficial Holder Ballots.

6

CUSIP 903914109

7. You must vote all of your Interests within Class 8 either to accept or reject the Plan and may **not** split your vote. Further, if a Holder has multiple Interests within Class 8, the Debtors may, in their discretion, aggregate the Interests of any particular Holder with multiple Interests within Class 8 for the purpose of counting votes.

8. This Class 8 Beneficial Holder Ballot does *not* constitute, and shall not be deemed to be, (a) a Proof of Claim or Proof of Interest or (b) an assertion or admission of a Claim or Interest.

9. **Please be sure to sign and date your Class 8 Beneficial Holder Ballot.** If you are signing a Class 8 Beneficial Holder Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you should indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, or the Court, must submit proper evidence to the requesting party to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Class 8 Beneficial Holder Ballot.

10. If you hold Claims or Interests in more than one Class under the Plan you may receive more than one ballot coded for each different Class. Each ballot votes *only* your Claims or Interests indicated on that ballot, so please complete and return each ballot that you receive.

### PLEASE MAIL YOUR CLASS 8 BENEFICIAL HOLDER BALLOT PROMPTLY

**IF YOU HAVE ANY QUESTIONS REGARDING THIS CLASS 8 BENEFICIAL HOLDER BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE RESTRUCTURING HOTLINE AT: (844) 319-8438 (DOMESTIC TOLL-FREE) OR +1 503-520-4495 (INTERNATIONAL) OR EMAIL TABULATION@EPIQSYSTEMS.COM WITH A REFERENCE TO "ULTRA PETROLEUM" IN THE SUBJECT LINE.**

---

**IF THE SOLICITATION AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT (IF PRE-VALIDATED) OR THE CLASS 8 MASTER BALLOT FILED ON YOUR BEHALF ON OR BEFORE MARCH 13, 2017, AT 4:00 P.M., PREVAILING CENTRAL TIME, AND IF THE VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE TRANSMITTED BY THIS CLASS 8 BENEFICIAL HOLDER BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.**

---

CUSIP 903914109

## SCHEDULE 4-A

**Form of Non-Impaired Non-Voting Status Notice**

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ULTRA PETROLEUM CORP., *et al.*,[1] | § | Case No. 16-32202 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |
| | § | |

## NOTICE OF NON-VOTING STATUS TO HOLDER OF
## UNIMPAIRED CLAIMS CONCLUSIVELY PRESUMED TO ACCEPT THE PLAN

**PLEASE TAKE NOTICE THAT** on [February 13], 2017, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) authorizing Ultra Petroleum Corp. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *Debtors' Second Amended Joint Chapter 11 Plan of Reorganization* (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement for the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization* (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (e) approving the Rights Offering Procedures.

**PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim under the Plan, *you are not entitled to vote on the Plan.* Specifically, under the terms of the Plan, as a Holder of a Claim (as currently asserted against the Debtors) that is not Impaired and conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, you are *not* entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **March 14, 2017, at 10:00 a.m.** prevailing Central Time, before the Honorable Marvin Isgur, in the United States Bankruptcy Court for the Southern District of Texas, located at 515 Rusk Street Houston, Texas 77002.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any), are: Ultra Petroleum Corp. (3838); Keystone Gas Gathering, LLC; Ultra Resources, Inc. (0643); Ultra Wyoming, Inc. (6117); Ultra Wyoming LGS, LLC (0378); UP Energy Corporation (4296); UPL Pinedale, LLC (7214); and UPL Three Rivers Holdings, LLC (7158).

[2]   Capitalized terms not otherwise defined herein have the same meanings as set forth in the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **March 6, 2017, at 4:00 p.m.**, prevailing Central Time (the "Plan Objection Deadline"). Any objection to the Plan *must*:  (a) be in writing; (b) conform to the Bankruptcy Rules, the Bankruptcy Local Rules, and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court.

(**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Epiq Bankruptcy Solutions, LLC, the solicitation agent retained by the Debtors in the Chapter 11 Cases (the "Solicitation Agent"), by:  (a) calling the Debtors' restructuring hotline at (844) 319-8438 (domestic toll-free) or +1 503-520-4495 (international); (b) visiting the Debtors' restructuring website at:  http://dm.epiq11.com/Ultra; (c) writing to Solicitation Agent, Attn: Ultra Petroleum Ballot Processing, c/o Epiq Bankruptcy Solutions, LLC, 10300 SW Allen Boulevard, Beaverton, OR 97005; and/or (d) emailing tabulation@epiqsystems.com with a reference to "Ultra Petroleum" in the subject line.  You may also obtain copies of any pleadings filed in the Chapter 11 Cases for a fee via PACER at: http://www.txs.uscourts.gov.

---

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE 8.3 CONTAINS A THIRD-PARTY RELEASE**.  PURSUANT TO THE PLAN YOU ARE DEEMED TO ACCEPT THE PLAN AND THEREFORE ARE DEEMED TO HAVE CONSENTED TO THE RELEASES SET FORTH IN ARTICLE 8.3.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE SOLICITATION AGENT.**

---

Houston, Texas

_____, 2017

/s/ _____

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
David R. Seligman, P.C. (admitted *pro hac vice*)
Michael B. Slade (TX Bar No. 24013521)
(*pro hac vice* admission pending)
Gregory F. Pesce (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:       james.sprayregen@kirkland.com
             david.seligman@kirkland.com
             michael.slade@kirkland.com
             gregory.pesce@kirkland.com

- and -

Christopher T. Greco (admitted *pro hac vice*)
Matthew C. Fagen (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:       christopher.greco@kirkland.com
             matthew.fagen@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

## SCHEDULE 4-B

**Form of Impaired Non-Voting Status Notice**

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § | Chapter 11 |
|  | § |  |
| ULTRA PETROLEUM CORP., *et al.*,[1] | § | Case No. 16-32202 (MI) |
|  | § |  |
| Debtors. | § | (Jointly Administered) |
|  | § |  |

## NOTICE OF NON-VOTING STATUS TO HOLDER OF
## IMPAIRED CLAIMS CONCLUSIVELY DEEMED TO REJECT THE PLAN

**PLEASE TAKE NOTICE THAT** on February 13, 2017, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) authorizing Ultra Petroleum Corp. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *Debtors' Second Amended Joint Chapter 11 Plan of Reorganization* (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement for the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization* (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (e) approving the Rights Offering Procedures.

**PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim under the Plan, *you are not entitled to vote on the Plan.* Specifically, under the terms of the Plan, as a Holder of an Interest (as currently asserted against the Debtors) that is not Impaired and conclusively deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code, you are *not* entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **March 14, 2017, at 10:00 a.m.** prevailing Central Time, before the Honorable Marvin Isgur, in the United States Bankruptcy Court for the Southern District of Texas, located at 515 Rusk Street Houston, Texas 77002.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any), are: Ultra Petroleum Corp. (3838); Keystone Gas Gathering, LLC; Ultra Resources, Inc. (0643); Ultra Wyoming, Inc. (6117); Ultra Wyoming LGS, LLC (0378); UP Energy Corporation (4296); UPL Pinedale, LLC (7214); and UPL Three Rivers Holdings, LLC (7158).

[2] Capitalized terms not otherwise defined herein have the same meanings as set forth in the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **March 6, 2017, at 4:00 p.m.**, prevailing Central Time (the "Plan Objection Deadline"). Any objection to the Plan *must*: (a) be in writing; (b) conform to the Bankruptcy Rules, the Bankruptcy Local Rules, and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Epiq Bankruptcy Solutions, LLC, the solicitation agent retained by the Debtors in the Chapter 11 Cases (the "Solicitation Agent"), by: (a) calling the Debtors' restructuring hotline at (844) 319-8438 (domestic toll-free) or +1 503-520-4495 (international); (b) visiting the Debtors' restructuring website at: http://dm.epiq11.com/Ultra; (c) writing to Solicitation Agent, Attn: Ultra Petroleum Ballot Processing, c/o Epiq Bankruptcy Solutions, LLC, 10300 SW Allen Boulevard, Beaverton, OR 97005; and/or (d) emailing tabulation@epiqsystems.com with a reference to "Ultra Petroleum" in the subject line. You may also obtain copies of any pleadings filed in the Chapter 11 Cases for a fee via PACER at: http://www.txs.uscourts.gov.

---

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE 8.3 CONTAINS A THIRD-PARTY RELEASE**. PURSUANT TO THE PLAN YOU ARE DEEMED TO ACCEPT THE PLAN AND THEREFORE ARE DEEMED TO HAVE CONSENTED TO THE RELEASES SET FORTH IN ARTICLE 8.3. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE SOLICITATION AGENT.**

---

Houston, Texas
_____, 2017

/s/ _____

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
David R. Seligman, P.C. (admitted *pro hac vice*)
Michael B. Slade (TX Bar No. 24013521)
(*pro hac vice* admission pending)
Gregory F. Pesce (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        james.sprayregen@kirkland.com
              david.seligman@kirkland.com
              michael.slade@kirkland.com
              gregory.pesce@kirkland.com

- and -

Christopher T. Greco (admitted *pro hac vice*)
Matthew C. Fagen (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        christopher.greco@kirkland.com
              matthew.fagen@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

## SCHEDULE 5

**Form of Notice to Holders of Disputed Claims and Interests**

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | *Chapter 11* |
| | § | |
| ULTRA PETROLEUM CORP., *et al.*,[1] | § | Case No. 16-32202 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |
| | § | |

## NOTICE OF NON-VOTING STATUS
## WITH RESPECT TO DISPUTED CLAIMS AND INTERESTS

**PLEASE TAKE NOTICE THAT** on February 13, 2017, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) authorizing Ultra Petroleum Corp. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *Debtors' Second Amended Joint Chapter 11 Plan of Reorganization* (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement for the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization* (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (e) approving the Rights Offering Procedures.

**PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because *you are the Holder of a Claim or Interest that is subject to a pending objection by the Debtors.*

Accordingly, this notice is being sent to you for informational purposes only.

**PLEASE TAKE FURTHER NOTICE THAT** the Disclosure Statement, Disclosure Statement Order, the Plan, and other documents and materials included in the Solicitation Package, except ballots, may be obtained at no charge from Epiq Bankruptcy Solutions, LLC, the *solicitation agent retained by the Debtors in these chapter 11 cases (the "Solicitation Agent") by:*

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any), are: Ultra Petroleum Corp. (3838); Keystone Gas Gathering, LLC; Ultra Resources, Inc. (0643); Ultra Wyoming, Inc. (6117); Ultra Wyoming LGS, LLC (0378); UP Energy Corporation (4296); UPL Pinedale, LLC (7214); and UPL Three Rivers Holdings, LLC (7158).

[2]  Capitalized terms not otherwise defined herein have the same meanings as set forth in the Plan.

(a) calling the Debtors' restructuring hotline at (844) 319-8438 (domestic toll-free) or +1 503-520-4495 (international); (b) visiting the Debtors' restructuring website at: http://dm.epiq11.com/Ultra; (c) writing to the Solicitation Agent, Attn: Ultra Petroleum Ballot Processing, c/o Epiq Bankruptcy Solutions, LLC, 10300 SW Allen Boulevard, Beaverton, OR 97005; and/or (d) emailing tabulation@epiqsystems.com with a reference to "Ultra Petroleum" in the subject line.  You may also obtain copies of any pleadings filed in the Chapter 11 Cases for a fee via PACER at:  http://www.txs.uscourts.gov.

PLEASE TAKE FURTHER NOTICE THAT if a Resolution Event occurs, then no later than one business day thereafter, the Solicitation Agent shall distribute a ballot, and a pre-addressed, postage pre-paid envelope to you, which must be returned to the Solicitation Agent no later than the Voting Deadline, which is on **March 13, 2017, at 4:00 p.m.**, prevailing Central Time.

PLEASE TAKE FURTHER NOTICE THAT if you have any questions about the status of any of your Claims or Interests, you should contact the Solicitation Agent in accordance with the instructions provided above.

Houston, Texas

_____, 2017

_/s/_ _____

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
James H.M. Sprayregen, P.C. (admitted _pro hac vice_)
David R. Seligman, P.C. (admitted _pro hac vice_)
Michael B. Slade (TX Bar No. 24013521)
(_pro hac vice_ admission pending)
Gregory F. Pesce (admitted _pro hac vice_)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        james.sprayregen@kirkland.com
              david.seligman@kirkland.com
              michael.slade@kirkland.com
              gregory.pesce@kirkland.com

- and -

Christopher T. Greco (admitted _pro hac vice_)
Matthew C. Fagen (admitted _pro hac vice_)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        christopher.greco@kirkland.com
              matthew.fagen@kirkland.com

_Counsel to the Debtors and Debtors in Possession_

## SCHEDULE 6

**Form of Cover Letter**

_____, 2017

<u>Via First Class Mail</u>

<u>RE</u>:    **<u>In re Ultra Petroleum Corp.</u>, _et al._,**
        **<u>Chapter 11 Case No. 16-32488 (MI) (Jointly Administered)</u>**

      TO ALL HOLDERS OF CLAIMS AND INTERESTS ENTITLED TO VOTE ON THE PLAN:

      Ultra Petroleum Corp. and its affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>")[1] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas (the "<u>Court</u>") on April 29, 2016.

      You have received this letter and the enclosed materials because you are entitled to vote on the _Debtors' Second Amended Joint Chapter 11 Plan of Reorganization_ (as modified, amended, or supplemented from time to time, the "<u>Plan</u>").[2]  On [February 13], 2017, the Court entered an order (the "<u>Disclosure Statement Order</u>"): (a) authorizing the Debtors to solicit acceptances for the Plan; (b) approving the _Disclosure Statement for the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization_ (the "<u>Disclosure Statement</u>") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "<u>Solicitation Package</u>"); (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan, and for filing objections to the Plan; and (e) approving the Rights Offering Procedures.

> YOU ARE RECEIVING THIS LETTER BECAUSE YOU ARE ENTITLED TO VOTE ON THE PLAN.  THEREFORE, YOU SHOULD READ THIS LETTER CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.

      In addition to this cover letter, the enclosed materials comprise your Solicitation Package, and were approved by the Court for distribution to Holders of Claims and Interests in connection with the solicitation of votes to accept the Plan.  The Solicitation Package consists of the following:

      a.  a copy of the Solicitation and Voting Procedures;

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any), are: Ultra Petroleum Corp. (3838); Keystone Gas Gathering, LLC; Ultra Resources, Inc. (0643); Ultra Wyoming, Inc. (6117); Ultra Wyoming LGS, LLC (0378); UP Energy Corporation (4296); UPL Pinedale, LLC (7214); and UPL Three Rivers Holdings, LLC (7158).

[2]    Capitalized terms used but not otherwise defined herein have the meanings as set forth in the Plan.

  b. a Ballot, together with detailed voting instructions and a pre-addressed, postage prepaid return envelope;

  c. this letter;

  d. the Disclosure Statement, as approved by the Court (and exhibits thereto, including the Plan);

  e. the Disclosure Statement Order (excluding the exhibits thereto, except the Solicitation and Voting Procedures);

  f. the notice of the hearing to consider confirmation of the Plan; and

  g. such other materials as the Court may direct.

  Ultra Petroleum Corp. (on behalf of itself and each of the other Debtors) has approved the filing of the Plan and the solicitation of votes to accept the Plan. The Debtors believe that the acceptance of the Plan is in the best interests of their estates, Holders of Claims and Interests, and all other parties in interest. Moreover, the Debtors believe that any alternative other than Confirmation of the Plan could result in extensive delays and increased administrative expenses, which, in turn, likely would result in smaller distributions (or no distributions) on account of Claims asserted in the Chapter 11 Cases.

---

**THE DEBTORS STRONGLY URGE YOU TO PROPERLY AND TIMELY SUBMIT YOUR BALLOT CASTING A VOTE TO ACCEPT THE PLAN. BALLOTS SHOULD BE SUBMITTED VIA THE ONLINE BALLOT PORTAL IN ACCORDANCE WITH THE INSTRUCTIONS INDICATED ON YOUR BALLOT.**

**THE VOTING DEADLINE IS 4:00 P.M. PREVAILING CENTRAL TIME ON MARCH 13, 2017**

---

  The materials in the Solicitation Package are intended to be self-explanatory. If you should have any questions, however, please feel free to contact Epiq Bankruptcy Solutions, LLC, the solicitation agent retained by the Debtors in the Chapter 11 Cases (the "Solicitation Agent"), by: (a) calling the Debtors' restructuring hotline at (844) 319-8438 (domestic toll-free) or +1 503-520-4495 (international); (b) visiting the Debtors' restructuring website at: http://dm.epiq11.com/Ultra; (c) writing to the Solicitation Agent, Attn: Ultra Petroleum Ballot Processing, c/o Epiq Bankruptcy Solutions, LLC, 10300 SW Allen Boulevard, Beaverton, OR 97005; and/or (d) emailing tabulation@epiqsystems.com with a reference to "Ultra Petroleum" in the subject line. You may also obtain copies of any pleadings filed in the Chapter 11 Cases for a fee via PACER at: http://www.txs.uscourts.gov. Please be advised that the Solicitation Agent is authorized to answer questions about, and provide additional copies of, the solicitation materials, but may *not* advise you as to whether you should vote to accept or reject the Plan.

Sincerely,

_____

Ultra Petroleum Corp. on its own behalf and for
each of the other Debtors

## SCHEDULE 7

**Form of Confirmation Hearing Notice**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ULTRA PETROLEUM CORP., *et al.*,[1] | § | Case No. 16-32202 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |
| | § | |

NOTICE OF HEARING TO CONSIDER
CONFIRMATION OF THE CHAPTER 11 PLAN FILED BY THE
DEBTORS AND RELATED VOTING AND OBJECTION DEADLINES

**PLEASE TAKE NOTICE THAT** on February 13, 2017, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"):   (a) authorizing Ultra Petroleum Corp. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *Debtors' Second Amended Joint Chapter 11 Plan of Reorganization* (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement for the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization* (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (e) approving the Rights Offering Procedures.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **March 14, 2017, at 10:00 a.m.** prevailing Central Time, before the Honorable Judge Marvin Isgur, in the United States Bankruptcy Court for the Southern District of Texas, located at 515 Rusk Street Houston, Texas 77002.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any), are: Ultra Petroleum Corp. (3838); Keystone Gas Gathering, LLC; Ultra Resources, Inc. (0643); Ultra Wyoming, Inc. (6117); Ultra Wyoming LGS, LLC (0378); UP Energy Corporation (4296); UPL Pinedale, LLC (7214); and UPL Three Rivers Holdings, LLC (7158).

[2]   Capitalized terms not otherwise defined herein have the same meanings as set forth in the Plan.

> **PLEASE BE ADVISED**:  THE CONFIRMATION HEARING MAY BE CONTINUED FROM TIME TO TIME BY THE COURT OR THE DEBTORS **WITHOUT FURTHER NOTICE** OTHER THAN BY SUCH ADJOURNMENT BEING ANNOUNCED IN OPEN COURT OR BY A NOTICE OF ADJOURNMENT FILED WITH THE COURT AND SERVED ON ALL PARTIES ENTITLED TO NOTICE.

## CRITICAL INFORMATION REGARDING VOTING ON THE PLAN

**Voting Record Date**.  The voting record date is **February 9, 2017**, which is the date for determining which Holders of Claims and Interests in Classes 3 and 8 are entitled to vote on the Plan.

**Voting Deadline**.  The deadline for voting on the Plan is on **March 13, 2017, at 4:00 p.m.** prevailing Central Time (the "Voting Deadline").  If you received a Solicitation Package, including a Ballot and intend to vote on the Plan you *must*: (a) follow the instructions carefully; (b) complete *all* of the required information on the ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions so that it is *actually received* by the Debtors' solicitation agent, Epiq Bankruptcy Solutions, LLC (the "Solicitation Agent") on or before the Voting Deadline.  *A failure to follow such instructions may disqualify your vote*.

## CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN

> ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE 8.3 CONTAINS A THIRD-PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**Plan Objection Deadline**.  The deadline for filing objections to the Plan is **March 6, 2017, at 4:00 p.m.,** prevailing Central Time (the "Plan Objection Deadline").  All objections to the relief sought at the Confirmation Hearing *must*:  (a) be in writing; (b) conform to the Bankruptcy Rules, the Bankruptcy Local Rules, and any orders of the Court; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; *and* (d) be filed with the Court/

## ADDITIONAL INFORMATION

**Obtaining Solicitation Materials**.  The materials in the Solicitation Package are intended to be self-explanatory.  If you should have any questions or if you would like to obtain additional solicitation materials (or paper copies of solicitation materials if you received a CD-ROM), please feel free to contact the Debtors' Solicitation Agent, by: (a) calling the Debtors' restructuring hotline at (844) 319-8438 (domestic toll-free) or +1 503-520-4495 (international); (b) visiting the Debtors' restructuring website at:  http://dm.epiq11.com/Ultra; (c) writing to the Solicitation Agent, Attn:  Ultra Petroleum Ballot Processing, c/o Epiq Bankruptcy Solutions, LLC, 10300 SW Allen Boulevard, Beaverton, OR 97005; and/or (d) emailing tabulation@epiqsystems.com with a reference to "Ultra Petroleum" in the subject line.

You may also obtain copies of any pleadings filed in the Chapter 11 Cases for a fee via PACER at: http://www.txs.uscourts.gov. Please be advised that the Solicitation Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may *not* advise you as to whether you should vote to accept or reject the Plan.

**The Plan Supplement**. The Debtors will file the Plan Supplement (as such terms are defined in the Plan and subject to the availability of such documents as set forth in the Plan) on or before **February 28, 2017**, and, in connection therewith, the Debtors will serve notice on all Holders of Claims and Interests entitled to vote on the Plan, which will: (a) inform parties that the Debtors filed the Plan Supplement; (b) list the information contained in the Plan Supplement; and (c) explain how parties may obtain copies of the Plan Supplement.

---

**BINDING NATURE OF THE PLAN**:

**IF CONFIRMED, THE PLAN SHALL BIND ALL HOLDERS OF CLAIMS AND INTERESTS TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, WHETHER OR NOT SUCH HOLDER WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, HAS FILED A PROOF OF CLAIM IN THE CHAPTER 11 CASES, OR FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN OR VOTED TO REJECT THE PLAN.**

---

Houston, Texas

_____, 2017


/s/ _____

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
David R. Seligman, P.C. (admitted *pro hac vice*)
Michael B. Slade (TX Bar No. 24013521)
(*pro hac vice* admission pending)
Gregory F. Pesce (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        james.sprayregen@kirkland.com
              david.seligman@kirkland.com
              michael.slade@kirkland.com
              gregory.pesce@kirkland.com

- and -

Christopher T. Greco (admitted *pro hac vice*)
Matthew C. Fagen (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        christopher.greco@kirkland.com
              matthew.fagen@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

## SCHEDULE 8

**Form of Plan Supplement Notice**



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  | § |  |
|---|---|---|
| In re: | § | Chapter 11 |
|  | § |  |
| ULTRA PETROLEUM CORP., *et al.*,[1] | § | Case No. 16-32202 (MI) |
|  | § |  |
| Debtors. | § | (Jointly Administered) |
|  | § |  |
|  | § |  |

**NOTICE OF FILING OF PLAN SUPPLEMENT**

**PLEASE TAKE NOTICE THAT** on February 13, 2017, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"):  (a) authorizing Ultra Petroleum Corp. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *Debtors' Second Amended Joint Chapter 11 Plan of Reorganization* (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement for the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization* (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (e) approving the Rights Offering Procedures.

**PLEASE TAKE FURTHER NOTICE THAT** as contemplated by the Plan and the Disclosure Statement Order approving the Disclosure Statement, the Debtors filed the Plan Supplement on or before **February 28, 2017** [Docket No. [●]].

**PLEASE TAKE FURTHER NOTICE THAT** the Plan Supplement contains the following documents (each as defined in the Plan): (a) the New Organizational Documents; (b) a list of retained Causes of Action; (c) the Registration Rights Agreement; (d) the Schedule of Assumed Executory Contracts and Unexpired Leases; (e) the Schedule of Rejected Executory Contracts and Unexpired Leases; (f) the form of the Management Incentive Plan; (g) the Exit Facility Debt Documents, when such documents are available; (h) the REX Settlement Letter Agreement; (i) an estimate of the Expense Reimbursement incurred under the Backstop

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any), are: Ultra Petroleum Corp. (3838); Keystone Gas Gathering, LLC; Ultra Resources, Inc. (0643); Ultra Wyoming, Inc. (6117); Ultra Wyoming LGS, LLC (0378); UP Energy Corporation (4296); UPL Pinedale, LLC (7214); and UPL Three Rivers Holdings, LLC (7158).

[2]   Capitalized terms not otherwise defined herein have the same meanings as set forth in the Plan.

Commitment Agreement (to be provided in advance of the Voting Deadline); and (j) any and all other documentation necessary to effectuate the Restructuring Transactions or that is contemplated by the Plan subject to the process and approval rights of the Required Consenting Parties set forth in the Backstop Commitment Agreement and the Plan Support Agreement. The Debtors shall have the right to amend the documents contained in, and exhibits to, the Plan Supplement through the Effective Date in accordance with the processes and approval rights of the Required Consenting Parties set forth in the Plan Support Agreement and the Backstop Commitment Agreement.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **March 14, 2017, at 10:00 a.m.** prevailing Central Time, before the Honorable Marvin Isgur, in the United States Bankruptcy Court for the Southern District of Texas, located at 515 Rusk Street Houston, Texas 77002.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **March 6, 2017, at 4:00 p.m.** prevailing Central Time (the "Plan Objection Deadline"). Any objection to the Plan *must*: (a) be in writing; (b) conform to the Bankruptcy Rules, the Bankruptcy Local Rules, and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Epiq Bankruptcy Solutions, LLC, the solicitation agent retained by the Debtors in the Chapter 11 Cases (the "Solicitation Agent"), by: (a) calling the Debtors' restructuring hotline at (844) 319-8438 (domestic toll-free) or +1 503-520-4495 (international); (b) visiting the Debtors' restructuring website at: http://dm.epiq11.com/Ultra; (c) writing to the Solicitation Agent, Attn: Ultra Petroleum Ballot Processing, c/o Epiq Bankruptcy Solutions, LLC, 10300 SW Allen Boulevard, Beaverton, OR 97005; and/or (d) emailing tabulation@epiqsystems.com with a reference to "Ultra Petroleum" in the subject line. You may also obtain copies of any pleadings filed in the Chapter 11 Cases for a fee via PACER at: http://www.txs.uscourts.gov.

---

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE 8.3 CONTAINS A THIRD-PARTY RELEASE**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE SOLICITATION AGENT.**

---

Houston, Texas
_____, 2017


/s/ _____

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
David R. Seligman, P.C. (admitted *pro hac vice*)
Michael B. Slade (TX Bar No. 24013521)
(*pro hac vice* admission pending)
Gregory F. Pesce (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        james.sprayregen@kirkland.com
              david.seligman@kirkland.com
              michael.slade@kirkland.com
              gregory.pesce@kirkland.com


- and -


Christopher T. Greco (admitted *pro hac vice*)
Matthew C. Fagen (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        christopher.greco@kirkland.com
              matthew.fagen@kirkland.com


*Counsel to the Debtors and Debtors in Possession*

## SCHEDULE 9

**Form of Notice of Assumption of Executory Contracts and Unexpired Leases**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  | § |  |
|---|---|---|
| In re: | § | Chapter 11 |
|  | § |  |
| ULTRA PETROLEUM CORP., *et al.*,[1] | § | Case No. 16-32202 (MI) |
|  | § |  |
| Debtors. | § | (Jointly Administered) |
|  | § |  |
|  | § |  |

**NOTICE OF (A) EXECUTORY CONTRACTS AND
UNEXPIRED LEASES TO BE ASSUMED BY THE DEBTORS
PURSUANT TO THE PLAN, (B) CURE AMOUNTS, IF ANY,
AND (C) RELATED PROCEDURES IN CONNECTION THEREWITH**

**PLEASE TAKE NOTICE THAT** on February 13, 2017, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) authorizing Ultra Petroleum Corp. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *Debtors' Second Amended Joint Chapter 11 Plan of Reorganization* (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement for the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization* (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (e) approving the Rights Offering Procedures.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors filed the *Assumed Executory Contract and Unexpired Lease List* [Docket No. [●]] (the "Assumption Schedule") with the Court on February 28, 2017, as part of the Plan Supplement as contemplated under the Plan. The determination to assume the agreements identified on the Assumption Schedule is subject to revision.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **March**

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any), are: Ultra Petroleum Corp. (3838); Keystone Gas Gathering, LLC; Ultra Resources, Inc. (0643); Ultra Wyoming, Inc. (6117); Ultra Wyoming LGS, LLC (0378); UP Energy Corporation (4296); UPL Pinedale, LLC (7214); and UPL Three Rivers Holdings, LLC (7158).

[2]  Capitalized terms not otherwise defined herein have the same meanings as set forth in the Plan.

**14, 2017, at 10:00 a.m.** prevailing Central Time, before the Honorable Marvin Isgur, in the United States Bankruptcy Court for the Southern District of Texas, located at 515 Rusk Street Houston, Texas 77002.

      **PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because the Debtors' records reflect that you are a party to a contract that is listed on the Assumption Schedule. Therefore, you are advised to review carefully the information contained in this notice and the related provisions of the Plan, including the Assumption Schedule.

      **PLEASE TAKE FURTHER NOTICE** that the Debtors are proposing to assume the Executory Contract(s) and Unexpired Lease(s) listed in **Exhibit A** attached hereto to which you are a party:[3]

      **PLEASE TAKE FURTHER NOTICE THAT** section 365(b)(1) of the Bankruptcy Code requires a chapter 11 debtor to cure, or provide adequate assurance that it will promptly cure, any defaults under executory contracts and unexpired leases at the time of assumption. Accordingly, the Debtors have conducted a thorough review of their books and records and have determined the amounts required to cure defaults, if any, under the Executory Contract(s) and Unexpired Lease(s), which amounts are listed in the table above. Please note that if no amount is stated for a particular Executory Contract or Unexpired Lease, the Debtors believe that there is no cure amount outstanding for such contract or lease.

      **PLEASE TAKE FURTHER NOTICE THAT** absent any pending dispute, the monetary amounts required to cure any existing defaults arising under the Executory Contract(s) and Unexpired Lease(s) identified above will be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, by the Debtors in Cash on the Effective Date or as soon as reasonably practicable thereafter. In the event of a dispute, however, payment of the cure amount would be made following the entry of a final order(s) resolving the dispute and approving the assumption. If an objection to the proposed assumption or related cure amount is sustained by the Court, however, the Debtors may elect to reject such Executory Contract or Unexpired Lease in lieu of assuming it.

      **PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **March 6, 2017, at 4:00 p.m.** prevailing Central Time (the "Plan Objection Deadline"). The deadline for objecting to any cure amount is **March 21, 2017**. Any objections *must*: (a) be in writing; (b) conform to the Bankruptcy Rules, the Bankruptcy Local Rules and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if

---

[3]    Neither the exclusion nor inclusion of any Executory Contract or Unexpired Lease on the Assumption Schedule, *nor anything contained in the Plan or each Debtor's schedule of assets and liabilities, shall constitute an* admission by the Debtors that any such contract or lease is in fact an Executory Contract or Unexpired Lease capable of assumption, that any Reorganized Debtor(s) has any liability thereunder, or that such Executory Contract or Unexpired Lease is necessarily a binding and enforceable agreement. Further, the Debtors expressly reserve the right to (a) remove any Executory Contract or Unexpired Lease from the Assumption Schedule and reject such Executory Contract or Unexpired Lease pursuant to the terms of the Plan, up until the Effective Date and (b) contest any Claim (or cure amount) asserted in connection with assumption of any Executory Contract or Unexpired Lease.

practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court.

> **PLEASE TAKE FURTHER NOTICE THAT any counterparty to an Executory Contract or Unexpired Lease that fails to object timely to the proposed assumption or cure amount will be deemed to have assented to such assumption and cure amount.**

**PLEASE TAKE FURTHER NOTICE THAT ASSUMPTION OF ANY EXECUTORY CONTRACT OR UNEXPIRED LEASE PURSUANT TO THE PLAN OR OTHERWISE SHALL RESULT IN THE FULL RELEASE AND SATISFACTION OF ANY CLAIMS OR DEFAULTS, WHETHER MONETARY OR NONMONETARY, INCLUDING DEFAULTS OF PROVISIONS RESTRICTING THE CHANGE IN CONTROL OR OWNERSHIP INTEREST COMPOSITION OR OTHER BANKRUPTCY-RELATED DEFAULTS, ARISING UNDER ANY ASSUMED EXECUTORY CONTRACT OR UNEXPIRED LEASE AT ANY TIME BEFORE THE DATE OF THE DEBTORS OR REORGANIZED DEBTORS ASSUME SUCH EXECUTORY CONTRACT OR UNEXPIRED LEASE. ANY PROOFS OF CLAIM FILED WITH RESPECT TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE THAT HAS BEEN ASSUMED SHALL BE DEEMED DISALLOWED AND EXPUNGED, WITHOUT FURTHER NOTICE TO OR ACTION, ORDER, OR APPROVAL OF THE BANKRUPTCY COURT.**

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Epiq Bankruptcy Solutions, LLC, the solicitation agent retained by the Debtors in the Chapter 11 Cases (the "Solicitation Agent"), by: (a) calling the Debtors' restructuring hotline at (844) 319-8438 (Domestic Toll-Free) or +1 503-520-4495 (International); (b) visiting the Debtors' restructuring website at: http://dm.epiq11.com/Ultra; (c) writing to the Solicitation Agent, Attn: Ultra Petroleum Ballot Processing, c/o Epiq Bankruptcy Solutions, LLC, 10300 SW Allen Boulevard, Beaverton, OR 97005; and/or (d) emailing tabulation@epiqsystems.com with a reference to "Ultra Petroleum" in the subject line. You may also obtain copies of any pleadings filed in the Chapter 11 Cases for a fee via PACER at: http://www.txs.uscourts.gov.

> ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE 8.3 CONTAINS A THIRD-PARTY RELEASE**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.
>
> **THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE SOLICITATION AGENT.**

Houston, Texas
_____, 2017

/s/ _____

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
David R. Seligman, P.C. (admitted *pro hac vice*)
Michael B. Slade (TX Bar No. 24013521)
(*pro hac vice* admission pending)
Gregory F. Pesce (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        james.sprayregen@kirkland.com
              david.seligman@kirkland.com
              michael.slade@kirkland.com
              gregory.pesce@kirkland.com

- and -

Christopher T. Greco (admitted *pro hac vice*)
Matthew C. Fagen (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        christopher.greco@kirkland.com
              matthew.fagen@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

## Exhibit A

**Schedule of Contracts and Leases and Proposed Cure Cost**

| Debtor | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|--------|--------------|---------------------------------------------|-----------|
|        |              |                                             |           |

## SCHEDULE 10

Form of Notice of Rejection of Executory Contracts and Unexpired Leases



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| ULTRA PETROLEUM CORP., *et al.*,[1] | § | Case No. 16-32202 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |
| | § | |

NOTICE REGARDING EXECUTORY CONTRACTS
AND UNEXPIRED LEASES TO BE REJECTED PURSUANT TO THE PLAN

PLEASE TAKE NOTICE THAT on February 13, 2017, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) authorizing Ultra Petroleum Corp. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *Debtors' Second Amended Joint Chapter 11 Plan of Reorganization* (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement for the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization* (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (e) approving the Rights Offering Procedures.

PLEASE TAKE FURTHER NOTICE THAT the Debtors filed the *Rejected Executory Contract and Unexpired Lease List* [Docket No. [●]] (the "Rejection Schedule") with the Court as part of the Plan Supplement on February 28, 2017, as contemplated under the Plan. The determination to reject the agreements identified on the Rejection Schedule is subject to revision.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any), are: Ultra Petroleum Corp. (3838); Keystone Gas Gathering, LLC; Ultra Resources, Inc. (0643); Ultra Wyoming, Inc. (6117); Ultra Wyoming LGS, LLC (0378); UP Energy Corporation (4296); UPL Pinedale, LLC (7214); and UPL Three Rivers Holdings, LLC (7158).

[2]   Capitalized terms not otherwise defined herein have the same meanings as set forth in the Plan.

> **PLEASE TAKE FURTHER NOTICE THAT YOU ARE RECEIVING THIS NOTICE BECAUSE THE DEBTORS' RECORDS REFLECT THAT YOU ARE A PARTY TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE THAT WILL BE REJECTED PURSUANT TO THE PLAN.  THEREFORE, YOU ARE ADVISED TO REVIEW CAREFULLY THE INFORMATION CONTAINED IN THIS NOTICE AND THE RELATED PROVISIONS OF THE PLAN.[3]**

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **March 14, 2017, at 10:00 a.m.**, prevailing Central Time, before the Honorable Marvin Isgur, in the United States Bankruptcy Court for the Southern District of Texas, located at 515 Rusk Street Houston, Texas 77002.

**PLEASE TAKE FURTHER NOTICE THAT** all proofs of Claim with respect to Claims arising from the rejection of Executory Contracts or Unexpired Leases, if any, must be filed with the Court within the earliest to occur of (1) thirty days after the date of entry of an order of the Court (including the Confirmation Order) approving such rejection or (2) thirty days after notice of any rejection that occurs after the Effective Date.  **Any Claims arising from the rejection of an Executory Contract or Unexpired Lease not filed within such time will be automatically disallowed, forever barred from assertion, and shall not be enforceable against the Debtors or the Reorganized Debtors, their Estates, or their property without the need for any objection by the Reorganized Debtors or further notice to, or action, order, or approval of the Court.**

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **March 6, 2017, at 4:00 p.m.** prevailing Central Time (the "Plan Objection Deadline"). Any objection to the Plan **must**:  (a) be in writing; (b) conform to the Bankruptcy Rules, the Bankruptcy Local Rules, and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Epiq Bankruptcy Solutions, LLC, the solicitation agent retained by the Debtors in the Chapter 11 Cases (the "Solicitation Agent"), by:  (a) calling the Debtors' restructuring hotline at (844) 319-8438 (Domestic Toll-Free) or +1 503-520-4495 (Int'l) ; (b) visiting the Debtors' restructuring website at: http://dm.epiq11.com/Ultra; (c) writing to the Solicitation Agent, Attn: Ultra Petroleum Ballot Processing, c/o Epiq Bankruptcy Solutions, LLC, 10300 SW Allen Boulevard, Beaverton, OR 97005; and/or (d) emailing tabulation@epiqsystems.com with a

---

[3]   Neither the exclusion nor inclusion of any Executory Contract or Unexpired Lease on the Rejected Executory Contract and Unexpired Lease List, nor anything contained in the Plan, shall constitute an admission by the Debtors that any such contract or lease is in fact an Executory Contract or Unexpired Lease or that any Reorganized Debtor has any liability thereunder.  Further, the Debtors expressly reserve the right to (a) remove any Executory Contract or Unexpired Lease from the Rejection Schedule and assume such Executory Contract or Unexpired Lease pursuant to the terms of the Plan, up until the Effective Date and (b) contest any Claim asserted in connection with rejection of any Executory Contract or Unexpired Lease.

reference to "Ultra Petroleum" in the subject line.  You may also obtain copies of any pleadings filed in the Chapter 11 Cases for a fee via PACER at: http://www.txs.uscourts.gov.

---

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE 8.3 CONTAINS A THIRD-PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE SOLICITATION AGENT.**

---

Houston, Texas

_____, 2017

/s/ _____

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
David R. Seligman, P.C. (admitted *pro hac vice*)
Michael B. Slade (TX Bar No. 24013521) (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:         james.sprayregen@kirkland.com
                david.seligman@kirkland.com
                michael.slade@kirkland.com
                gregory.pesce@kirkland.com

- and -

Christopher T. Greco (admitted *pro hac vice*)
Matthew C. Fagen (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:         christopher.greco@kirkland.com
                matthew.fagen@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

XXI.   _____

XXII.

## SCHEDULE 11

**Rights Offering Procedures**

## ULTRA PETROLEUM CORP. (THE "COMPANY")
## RIGHTS OFFERING PROCEDURES[37]

- **HoldCo Noteholders: You must hold at least $[●],000 principal amount of HoldCo Notes to be able to exercise at least one of your Subscription Rights.**

- **HoldCo Equityholders: You must hold at least [●] shares of HoldCo Equity Interests to be able to exercise at least one of your Subscription Rights.**

- **If you exercise your Subscription Rights, you will have to PAY for such exercise at the Subscription Price, as described further below, and arrange for the underlying HoldCo Notes or HoldCo Equity Interests to be submitted in accordance with the procedures described further below.**

- **You are _not_ required to exercise any of your Subscription Rights, but you may if you wish to do so and you follow the required procedures.**

- **Regardless of whether or not any Subscription Rights are exercised, holders of HoldCo Notes and holders of HoldCo Equity Interests at the time of Plan distributions will receive (as applicable) a Pro Rata share of the HoldCo Noteholder New Common Stock Distribution or HoldCo Equityholder New Common Stock Distribution (together, the "Plan Equity Distributions").**

- **Holders who have exercised their Subscription Rights will receive _both_ a Pro Rata share of the Plan Equity Distributions _and_ the Rights Offering Shares that were purchased.**

- **Additional information is provided in this document and in the subscription form enclosed herewith.**

---

[37] Terms used and not defined herein shall have the meaning assigned to them in the Plan Support Agreement, dated as of November 21, 2016 (including the terms and conditions set forth in the Plan Term Sheet attached as Exhibit A to the Plan Support Agreement (the "Plan Term Sheet"), the terms and conditions set forth in the Backstop Commitment Agreement attached as Exhibit B to the Plan Support Agreement (the "Backstop Agreement") and collectively, including all the other exhibits thereto, as may be amended, supplemented or otherwise modified from time to time, the "Plan Support Agreement")).

Each Rights Offering Share (as defined below) is being distributed and issued by the Company without registration under the Securities Act of 1933, as amended (the "Securities Act"), in reliance upon the exemption provided in Section 1145 of the Bankruptcy Code (such offering, the "Rights Offering"). None of the Subscription Rights (as defined below) or the Rights Offering Shares issuable upon exercise of such Subscription Rights distributed pursuant to these Rights Offering Procedures in reliance upon the exemption provided in Section 1145 of the Bankruptcy Code have been or will be registered under the Securities Act, nor any state or local law requiring registration for offer and sale of a security.

The Subscription Rights will not be detachable or transferable separately from HoldCo Notes or HoldCo Equity Interests, as applicable. Rather, the Subscription Rights together with the underlying HoldCo Notes or HoldCo Equity Interests with respect to which such Subscription Rights were activated, will trade together and be evidenced by the underlying HoldCo Notes or HoldCo Equity Interests until the Subscription Instruction Deadline, subject to such limitations, if any, that would be applicable to the transferability of the underlying HoldCo Notes or HoldCo Equity Interests; and, provided further, that following the exercise of any Subscription Rights, the holder thereof shall be prohibited from transferring or assigning the HoldCo Notes or the HoldCo Equity Interests, as applicable, corresponding to such Subscription Rights until the earlier of (i) termination of the Rights Offering and (ii) the revocation of exercise of the Subscription Rights to the extent permitted by these Rights Offering Procedures.

The Disclosure Statement (as defined below) has previously been distributed in connection with the Debtors' solicitation of votes to accept or reject the Plan (as defined below) and that document sets forth important information, including risk factors, that should be carefully read and considered by each Eligible Holder (as defined below) prior to making a decision to participate in the Rights Offering (as defined below). Additional copies of the Disclosure Statement are available upon request from the Subscription Agent.

The Rights Offering is being conducted by the Company in good faith and in compliance with the Bankruptcy Code. In accordance with Section 1125(e) of the Bankruptcy Code, a debtor or any of its agents that participate, in good faith and in compliance with the applicable provisions of the Bankruptcy Code, in the offer, issuance, sale, or purchase of a security offered or sold under the plan of the debtor, of an affiliate participating in a joint plan with the debtor, or of a newly organized successor to the debtor under the plan, is not liable, on account of such participation, for violation of any applicable law, rule, or regulation governing the offer, issuance, sale or purchase of securities.

Eligible Holders (as defined below) should note the following times relating to the Rights Offering:

| Date | Calendar Date | Event |
|------|--------------|-------|
| Subscription Commencement Date | February 21, 2017 | Commencement of the Rights Offering and the first date on which holders of the HoldCo Notes and HoldCo Equity Interests become eligible to exercise Subscription Rights. |
| Subscription Instruction Deadline | 4:00 p.m. Houston time on March 21, 2017 | The deadline for Eligible Holders to subscribe for Rights Offering Shares. An Eligible Holder's applicable Beneficial Holder Subscription Form(s) and/or other instructions required by the Eligible Holder's Nominee (as defined below) must be received by such Nominee in sufficient time to allow such Nominee to deliver the relevant HoldCo Notes or HoldCo Equity Interests through ATOP (as defined below) by the Subscription Instruction Deadline; OR *only for HoldCo Equity Interests held directly with the transfer agent*, the Eligible Holder's Subscription Form must be received by the Subscription Agent at the address set forth in the Subscription Form provided to registered holders.  Eligible Holders are urged to consult with their Nominees to determine the necessary deadline to return their Beneficial Holder Subscription Forms to their Nominee. |
| Subscription Payment Deadline | 5:00 p.m. Houston time on March 22, 2017 | Eligible Holders who are not Commitment Parties must deliver the aggregate Purchase Price (as defined below) by the Subscription Payment Deadline. (Commitment Parties are specific, known parties who are already determined and who have agreed to backstop the Rights Offering.)  Any Eligible Holder (except a Commitment Party) submitting payment via its Nominee must coordinate such payment with its Nominee in sufficient time to allow the Nominee to forward such payment to the Subscription Agent by the Subscription Payment Deadline. |

Eligible Holders who are Commitment Parties must deliver the aggregate Purchase Price no later than the deadline specified in the Funding Notice (as defined below) in accordance with the terms of the Backstop Agreement.

To Eligible Holders and Nominees of Eligible Holders:

On February 8, 2017, the Debtors filed the *Debtors' Second Amended Joint Chapter 11 Plan of Reorganization* [Docket No. 1082] (as may be amended, modified, or supplemented from time to time in accordance with the terms thereof, the "Plan") with the United States Bankruptcy Court for the Southern District of Texas, Houston Division, and the *Disclosure Statement for the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization* [Docket No. 1083] (as may be amended from time to time in accordance with its terms, the "Disclosure Statement"). Pursuant to the Plan, each Holder of an Allowed HoldCo Note Claim from the Subscription Commencement Date to the Subscription Instruction Deadline (each such holder, together with its transferees from the Subscription Commencement Date to the Subscription Instruction Deadline, an "Eligible HoldCo Noteholder") shall be entitled to exercise HoldCo Noteholders Subscription Rights (as defined below) pursuant to the HoldCo Noteholders Rights Offering (as defined below), and each Holder of an Allowed HoldCo Equity Interest from the Subscription Commencement Date to the Subscription Instruction Deadline (each such holder, together with its transferees from the Subscription Commencement Date to the Subscription Instruction Deadline, an "Eligible HoldCo Equityholder" and, together with the Eligible HoldCo Noteholders, "Eligible Holders") shall be entitled to exercise HoldCo Equityholders Subscription Rights (as defined below) pursuant to the HoldCo Equityholder Rights Offering (as defined below), in each case, in accordance with the terms and conditions of these Rights Offering Procedures. For the avoidance of doubt, an Eligible Holder is anyone who holds the relevant Holdco Notes and HoldCo Equity Interests during the period beginning on the Subscription Commencement Date and ending on the Subscription Instruction Deadline (the "Rights Exercise Period"). The HoldCo Noteholders Rights Offering and the HoldCo Equityholders Rights Offering are collectively referred to herein as the "Rights Offering".

**HoldCo Notes**: Pursuant to the Plan, each holder of HoldCo Notes during the Rights Exercise Period will have the right (but not the obligation) to subscribe for its *pro rata* portion of 75 percent of the Shares (as defined below) offered in the Rights Offering (the "HoldCo Noteholders Rights Offering," and such Shares, the "HoldCo Noteholders Rights Offering Shares"), which HoldCo Noteholder Rights Offering Shares, collectively, will reflect an aggregate purchase price of $435,000,000 calculated by multiplying the number of Shares offered in the HoldCo Noteholder Rights Offering by the Purchase Price. "Shares" shall be the fully diluted number of shares of Reorganized HoldCo before taking into account issuances of Shares pursuant to the management incentive plan to be adopted by the Company. "Purchase Price" shall be the quotient of $2.7 billion divided by the Shares based on a Total Enterprise Value of the Debtors of $6.0 billion, subject to the adjustment provided in the definition of Purchase Price and Total Enterprise Value in the Backstop Agreement. Beneficial Holder Subscription Forms should only be returned to the broker, bank, commercial bank, transfer agent, trust company, dealer, or other agent or nominee (as applicable, the "Nominee") for processing. Each Nominee will receive a Proof of Payment Form that must be submitted to the Subscription Agent on or before the Subscription Payment Deadline to advise the Subscription

Agent of the specific HoldCo Noteholder ATOP submission instructions that are linked to a particular wire payment.

**HoldCo Equity Interests**:  Pursuant to the Plan, the holders of HoldCo Equity Interests during the Rights Exercise Period will have the right (but not the obligation) to subscribe for its *pro rata* portion of 25 percent of the Shares offered in the Rights Offering (the "HoldCo Equityholders Rights Offering," and such Shares, the "HoldCo Equityholders Rights Offering Shares" and, together with the HoldCo Noteholders Rights Offering Shares, the "Rights Offering Shares"), which HoldCo Equityholder Rights Offering Shares, collectively, will reflect an aggregate purchase price of $145,000,000 calculated by multiplying the number of Shares offered in the HoldCo Equityholder Rights Offering by the Purchase Price.  Beneficial Holder Subscription Forms should only be returned to the Nominee for processing.  Each Nominee will receive a Proof of Payment Form that must be submitted to the Subscription Agent on or before the Subscription Payment Deadline to advise the Subscription Agent of the specific HoldCo Equity Interestholder ATOP submission instructions that are linked to a particular wire payment. Equityholders that hold directly on the books of the transfer agent in their own name (and do not hold the HoldCo Equity Interests through a Nominee) will receive a Registered Holder Subscription Forms that should be returned directly to the Subscription Agent (with an accompanying IRS Form W-9 or appropriate IRS Form W-8, as applicable) in connection with any desired exercise.  Any Eligible HoldCo Equityholder holding in their own name should follow all of the instructions outlined in the Registered Holder Subscription Form.

**As part of the exercise process, following exercise of Subscription Rights, the related HoldCo Notes or Holdco Equity Interests held through DTC will be frozen from trading, as described below.** All Beneficial Holder Subscription Forms and/or other instructions required by the Nominee must be returned to the applicable Nominee in sufficient time to allow such Nominee to process and deliver the underlying HoldCo Notes or HoldCo Equity Interests through The Depository Trust Company ("DTC") Automated Tender Offer Program ("ATOP"), which is how the related Subscription Rights will be exercised. By giving the instruction to its Nominee to submit the underlying HoldCo Notes or HoldCo Equity Interests through ATOP, the holder is (i) authorizing its Nominee to exercise all Subscription Rights associated with the amount of HoldCo Notes or HoldCo Equity Interests as to which the instruction pertains; (ii) authorizing its Nominee to PAY the related subscription price by wire transfer to the Subscription Agent (except in the case of a Commitment Party that provides the Commitment Party Addendum to its Nominee); and (iii) certifying that it understands that, once submitted, the underlying HoldCo Notes or HoldCo Equity Interests will be frozen from trading until the Effective Date, at which point (a) the underlying Holdco Notes or HoldCo Equity Interests will be cancelled pursuant to the Plan; (b) the holder will receive its pro rata share of the Plan Equity Distributions; and (c) the holder will receive any related Rights Offering Shares. The amount of time necessary for a Nominee to process and deliver the applicable HoldCo Notes or HoldCo Equity Interests through ATOP may vary. Eligible Holders are urged to consult with their Nominees to determine the necessary deadline to return their Beneficial Holder Subscription Forms to their Nominee. Failure to submit such Beneficial Holder Subscription Form (or other

instructions required by the Nominee) on a timely basis will result in forfeiture of an Eligible Holder's Subscription Rights. None of the Company, the Subscription Agent or any of the Commitment Parties will have any liability for any such failure.

**No Eligible Holder (except a Commitment Party) shall be entitled to participate in the Rights Offering unless the aggregate Purchase Price (as defined below) for the Rights Offering Shares it subscribes for is received by the Subscription Agent by the Subscription Payment Deadline.**  Any Eligible Holder (except a Commitment Party) submitting payment via its Nominee must coordinate such payment with its Nominee in sufficient time to allow the Nominee to forward such payment to the Subscription Agent by the Subscription Payment Deadline. ***Commitment Parties are party to the Backstop Agreement, have already been designated, and are known both to the company and to themselves.***

Special note for Commitment Parties.  Commitment Parties will receive (through their counsel) a Commitment Party Addendum to provide to their Nominee, and the fully completed Commitment Party Addendum must be provided to the Subscription Agent by the Subscription Payment Deadline with the relevant details with respect to such Commitment Party's subscriptions.  An Eligible Holder that is a Commitment Party must provide its payment no later than the deadline specified in a written notice (a "Funding Notice") delivered by or on behalf of the Debtors to the Commitment Parties in accordance with Section 2.4 of the Backstop Agreement (the "Backstop Funding Deadline"), provided that the Commitment Parties may deposit their aggregate Purchase Price in the Escrow Account (as defined below), in accordance with the terms of the Backstop Agreement.

No interest is payable on any advanced funding of the Purchase Price.  If the Rights Offering is terminated for any reason, the aggregate Purchase Price previously received by the Subscription Agent will be returned to Eligible Holders as provided in Section 6 hereof.  No interest will be paid on any returned Purchase Price.

**To participate in the Rights Offering, an Eligible Holder must complete all of the steps outlined below. If an Eligible Holder does not complete all of the steps outlined below by the Subscription Instruction Deadline, Subscription Payment Deadline, or the Backstop Funding Deadline, as applicable, such Eligible Holder shall be deemed to have forever and irrevocably relinquished and waived its right to participate in the Rights Offering.**

1. **Rights Offering**

Eligible HoldCo Noteholders have the right, but not the obligation, to participate in the HoldCo Noteholders Rights Offering, and Eligible HoldCo Equityholders have the right, but not the obligation, to participate in the HoldCo Equityholders Rights Offering.

During the Rights Exercise Period, Eligible HoldCo Noteholders are eligible to subscribe for their *pro rata* portion of the HoldCo Noteholders Rights Offering Shares, and Eligible HoldCo Equityholders are eligible to subscribe for their pro rata portion of the HoldCo Equityholders Rights Offering Shares.

Subject to the terms and conditions set forth in the Plan and these Rights Offering Procedures, each Eligible HoldCo Noteholder during the Rights Exercise Period is entitled to subscribe for up to [●] HoldCo Noteholders Rights Offering Shares per $1,000 of Principal Amount of 5.75% Senior Notes Due 2018 issued by the Company and up to [●] HoldCo Noteholders Rights Offering Shares per $1,000 of Principal Amount of 6.125% Senior Notes Due 2024 issued by Company at the Purchase Price. **The difference in the number of Rights Offering Shares that an Eligible HoldCo Noteholder is entitled to subscribe for with respect to each series of HoldCo Notes is to take into account the differing amounts, as of the Subscription Commencement Date, of pre-petition accrued and unpaid interest thereon.**

Subject to the terms and conditions set forth in the Plan and these Rights Offering Procedures, each Eligible HoldCo Equityholder during the Rights Exercise Period is entitled to subscribe for up to [●] HoldCo Equityholders Rights Offering Shares per HoldCo Equity Interest at the Purchase Price. You must hold at least [●] shares of HoldCo Equity Interests to be able to exercise at least one Subscription Right.

There will be no over-subscription privilege in the Rights Offering. Any Rights Offering Shares that are unsubscribed by the Eligible Holders entitled thereto will not be offered to other Eligible Holders but will be purchased by the applicable Commitment Parties in accordance with the Backstop Agreement. Subject to the terms and conditions of the Backstop Agreement, each Commitment Party is obligated to exercise all applicable Subscription Rights that are held by it as of the Subscription Instruction Deadline and to purchase its *pro rata* portion of the applicable Rights Offering Shares.

To the extent the Rights Offering Shares are distributed and issued in reliance upon the exemption provided in Section 1145 of the Bankruptcy Code, any Eligible Holder that subscribes for Rights Offering Shares and is deemed to be an "underwriter" under Section 1145(b) of the Bankruptcy Code will be subject to restrictions under the Securities Act on its ability to resell those securities. Resale restrictions are discussed in more detail in Article XIV.D of the Disclosure Statement, entitled "Certain Securities Law Matters."

**SUBJECT TO THE TERMS AND CONDITIONS OF THE RIGHTS OFFERING PROCEDURES AND THE BACKSTOP AGREEMENT IN THE CASE OF ANY COMMITMENT PARTY, ALL SUBSCRIPTIONS SET FORTH IN THE APPLICABLE BENEFICIAL HOLDER SUBSCRIPTION FORM(S) ARE IRREVOCABLE.**

**2.**     **Rights Exercise Period**

The Rights Offering will commence and the Subscription Rights will be activated on the Subscription Commencement Date and will expire at the Subscription Instruction Deadline. Each Eligible Holder intending to purchase Rights Offering Shares in any Rights Offering must affirmatively elect to exercise its Subscription Rights in the manner set forth in the applicable Subscription Form by the Subscription Instruction Deadline and must pay for any exercised Subscription Rights by the applicable deadline.

Any exercise (including payment) of the Subscription Rights to purchase HoldCo Noteholders Rights Offering Shares (the "HoldCo Noteholders Subscription Rights") by an Eligible HoldCo Noteholder after the Subscription Instruction Deadline will not be allowed and any purported exercise (including payment) received by the Subscription Agent after the Subscription Instruction Deadline, regardless of when the documents or payment relating to such exercise were sent, will not be honored, except that the Company shall have the discretion, with the consent of the Holdco Noteholder Commitment Parties holding at least sixty-six and two-thirds percent (66-2/3%) of all outstanding HoldCo Noteholders Backstop Commitments at the time of the relevant determination (the "HoldCo Noteholder Requisite Commitment Parties"), to allow any exercise of HoldCo Noteholders Subscription Rights after the Subscription Instruction Deadline.

Any exercise (or payment) of the Subscription Rights to purchase HoldCo Equityholders Rights Offering Shares (the "HoldCo Equityholders Subscription Rights" and, together with the HoldCo Noteholders Subscription Rights, the "Subscription Rights") by an Eligible HoldCo Equityholder after the Subscription Instruction Deadline will not be allowed and any purported exercise (or payment) received by the Subscription Agent after the Subscription Instruction Deadline, regardless of when the documents or payment relating to such exercise were sent, will not be honored, except that the Company shall have the discretion, with the consent of the Holdco Equityholder Commitment Parties holding at least sixty-six and two-thirds percent (66-2/3%) of all outstanding HoldCo Equityholders Backstop Commitments at the time of the relevant determination (the "HoldCo Equityholder Requisite Commitment Parties" and together with the HoldCo Noteholder Requisite Commitment Parties, the "Requisite Commitment Parties"), to allow any exercise of HoldCo Equityholders Subscription Rights after the Subscription Instruction Deadline.

The Subscription Instruction Deadline may be extended with the consent of the Requisite Commitment Parties, or as required by law.

### 3. Delivery of Subscription Documents

Each Eligible Holder may exercise all or any portion of such Eligible Holder's Subscription Rights, but subject to the terms and conditions contained herein. In order to facilitate the exercise of the Subscription Rights, beginning on the Subscription Commencement Date, the applicable Subscription Form and these Rights Offering Procedures will be sent to Eligible Holders at that time, together with appropriate instructions for the proper completion, due execution and timely delivery of the executed Subscription Form and the payment of the applicable aggregate Purchase Price for its Rights Offering Shares.

### 4. *Exercise of Subscription Rights*

For any Eligible HoldCo Noteholder or Eligible HoldCo Equityholder holding through a Nominee: In order to exercise an Eligible Holder's Subscription Rights, such Eligible Holder's Nominee must submit the relevant portion of HoldCo Notes or HoldCo Equity Interests as to which the Subscription Rights pertain into the ATOP system to the account maintained by the Subscription Agent with DTC. (For any Eligible HoldCo Equityholder holding in their own name please follow the steps outlined in the Registered Holder Subscription Form that should have been mailed to you.)

(a)   In order to validly exercise its Subscription Rights, each Eligible Holder that is not a Commitment Party must:

i.   return duly completed and executed applicable Beneficial Holder Subscription Form(s) to its Nominee (or otherwise follow the directions of its Nominee), so that such holder's subscription instructions may be effected by the Nominee by delivering the applicable HoldCo Notes or HoldCo Equity Interests via DTC's ATOP system prior to the Subscription Instruction Deadline; and

ii.   at the same time it returns its Beneficial Holder Subscription Form(s) to its Nominee, but in no event later than the Subscription Payment Deadline, pay, or arrange for the payment by its Nominee of, the applicable Purchase Price to the Subscription Agent by wire transfer **ONLY** of immediately available funds in accordance with the instructions included in the applicable Beneficial Holder Subscription Form(s).

(b)   In order to validly exercise its Subscription Rights, each Eligible Holder that is a Commitment Party must:

i.  return duly completed and executed applicable Beneficial Holder Subscription Form(s) to its Nominee (or otherwise follow the directions of its Nominee), so that such holder's subscription instructions may be effected by the Nominee by delivering the applicable HoldCo Notes or HoldCo Equity Interests via DTC's ATOP system prior to the Subscription Instruction Deadline;

ii. ensure that the Commitment Party Addendum is completed and returned to the Subscription Agent by the Subscription Payment Deadline, so the Subscription Agent will know your exercised Subscription Rights do not have to be paid for until the Backstop Funding Deadline; and

iii. no later than the Backstop Funding Deadline, pay the applicable Purchase Price to the Subscription Agent or to the escrow account established and maintained by a third party satisfactory to the Commitment Parties and the Company (the "Escrow Account") by wire transfer **ONLY** of immediately available funds in accordance with the wire instructions included in the Funding Notice.

**ALL COMMITMENT PARTIES MUST PAY THEIR APPLICABLE PURCHASE PRICE DIRECTLY TO THE SUBSCRIPTION AGENT OR TO THE ESCROW ACCOUNT, AS APPLICABLE, AND SHOULD NOT PAY THEIR NOMINEE(S).**

(c)  With respect to 4(a) and (b) above, each Eligible Holder must duly complete, execute and return the applicable Beneficial Holder Subscription Form(s) to their Nominee (or otherwise follow their Nominee's instructions) in sufficient time to allow its Nominee to process its instructions and deliver the underlying HoldCo Notes or HoldCo Equity Interests through ATOP, and, solely with respect to the Eligible Holders that are not Commitment Parties, payment of the applicable Purchase Price, payable for the Rights Offering Shares elected to be purchased by such Eligible Holder, by the Subscription Payment Deadline. Eligible Holders that are Commitment Parties must deliver their payment of the applicable Purchase Price payable for the Rights Offering Shares elected to be purchased by such Commitment Party directly to the Subscription Agent or to the Escrow Account, as applicable, no later than the Backstop Funding Deadline.

(d)  In the event that the funds received by the Subscription Agent or the Escrow Account, as applicable, from any Eligible Holder do not correspond to the Purchase Price payable for the Rights Offering Shares elected to be purchased by such Eligible Holder, the number of the Rights Offering Shares deemed to be purchased by such Eligible Holder will be the lesser of (a) the number of the Rights Offering Shares elected to be purchased by such Eligible Holder as evidenced by the relevant ATOP submission(s) and (b) a number of the Rights

Offering Shares determined by dividing the amount of the funds received by the Purchase Price, in each case up to such Eligible Holder's *pro rata* portion of Rights Offering Shares. Any HoldCo Notes or HoldCo Equity Interests submitted through ATOP that do have a corresponding payment amount will be returned to the Nominee that submitted the instruction.

(e)    The cash paid to the Subscription Agent in accordance with these Rights Offering Procedures will be deposited and held by the Subscription Agent in a segregated account until released to the Debtors in connection with the settlement of the Rights Offering on the Effective Date. The Subscription Agent may not use such cash for any other purpose prior to the Effective Date and may not encumber or permit such cash to be encumbered with any lien or similar encumbrance. The cash held by the Subscription Agent hereunder shall not be deemed part of the Debtors' bankruptcy estates.

## 5.    Transfer Restriction; Revocation

- The Subscription Rights will not be detachable or transferable separately from HoldCo Notes or HoldCo Equity Interests, as applicable. If any Subscription Rights are transferred by an Eligible Holder in contravention of the foregoing, the Subscription Rights will be cancelled, and neither such Eligible Holder nor the purported transferee will receive any Rights Offering Shares otherwise purchasable on account of such transferred Subscription Rights;

- The Subscription Rights together with the underlying HoldCo Notes or HoldCo Equity Interests with respect to which such Subscription Rights were activated, will trade together as a unit, subject to such limitations, if any, that would be applicable to the transferability of the underlying HoldCo Notes or HoldCo Equity Interests; and

- Once an Eligible Holder has properly exercised its Subscription Rights, subject to the terms and conditions contained in these Rights Offering Procedures and the Backstop Agreement in the case of any Commitment Party, such exercise will be irrevocable. Moreover, following the exercise of any Subscription Rights, the holder thereof shall be prohibited from transferring or assigning the HoldCo Notes or the HoldCo Equity Interests, as applicable, corresponding to such Subscription Rights until the earlier of (i) termination of the Rights Offering and (ii) the revocation of exercise of the Subscription Rights to the extent permitted by these Rights Offering Procedures.

## 6.    Termination/Return of Payment

Unless the Effective Date has occurred, the Rights Offering will be deemed automatically terminated without any action of any party upon the earlier of (i) termination of the Plan Support

Agreement in accordance with its terms, (ii) termination of the Backstop Agreement in accordance with its terms and (iii) the Outside Date (as such date may be extended pursuant to the terms of the Backstop Agreement). In the event the Rights Offering is terminated, any payments received pursuant to these Rights Offering Procedures will be returned, without interest, to the applicable Eligible Holder as soon as reasonably practicable, and the underlying HoldCo Notes or HoldCo Equity Interests will be returned to the Nominee that submitted them through ATOP.

### 7.    Settlement of the Rights Offering and Distribution of the Rights Offering Shares

The settlement of the Rights Offering is conditioned on confirmation of the Plan by the Bankruptcy Court, compliance by the Debtors with these Rights Offering Procedures, and the simultaneous occurrence of the Effective Date. The Debtors intend that the Rights Offering Shares will be issued to the Eligible Holders in book-entry form, and that The Depository Trust Company ("DTC"), or its nominee, will be the holder of record of such Rights Offering Shares for any Rights Offering Shares exercised through a Nominee. To the extent DTC is unwilling or unable to make the Rights Offering Shares eligible on the DTC system, the Rights Offering Shares will be issued directly to the Eligible Holder's Nominee.

### 8.    Fractional Shares

No fractional Subscription Rights or Rights Offering Shares will be issued in the Rights Offering. All share allocations (including each Eligible Holder's Rights Offering Shares) will be calculated and rounded down to the nearest whole share.

### 9.    Validity of Exercise of Subscription Rights

All questions concerning the timeliness, viability, form and eligibility of any exercise of Subscription Rights will be determined in good faith by the Debtors in consultation with the Requisite Commitment Parties, and, if necessary, subject to a final and binding determination by the Bankruptcy Court. The Debtor, with the consent of the Requisite Commitment Parties, may waive or reject any defect or irregularity in, or permit such defect or irregularity to be corrected within such time as they may determine in good faith, the purported exercise of any Subscription Rights. *Subscriptions will be deemed not to have been received or accepted until all irregularities have been waived or cured within such time as the Debtors determine in good faith* in consultation with the Requisite Commitment Parties.

*Before exercising any Subscription Rights, Eligible Holders should read the Disclosure Statement and the Plan for information relating to the Debtors and the risk factors to be considered.*

All calculations, including, to the extent applicable, the calculation of (a)(i) the value of any Eligible HoldCo Noteholder's Allowed HoldCo Notes Claim for the purposes of the HoldCo Noteholders Rights Offering and (ii) any Eligible HoldCo Noteholder's HoldCo Noteholders Rights Offering Shares, shall be made in good faith by the Company with the consent of the HoldCo Noteholders Requisite Commitment Parties and (b)(i) the value of any Eligible HoldCo Equityholders' HoldCo Equity Interests for the purposes of the HoldCo Equityholders Rights Offering and (ii) any Eligible HoldCo Equityholders' HoldCo Equityholders Rights Offering Shares, shall be made in good faith by the Company with the consent of the HoldCo Equityholders Requisite Commitment Parties and in each case in accordance with any claim amounts included in the Plan, and any disputes regarding such calculations shall be subject to a final and binding determination by the Bankruptcy Court.

## 10.    Modification of Procedures

With the prior written consent of the Requisite Commitment Parties, the Debtors reserve the right to modify these Rights Offering Procedures, or adopt additional procedures consistent with these Rights Offering Procedures to effectuate the Rights Offering and to issue the Rights Offering Shares, provided, however, that the Debtors shall provide prompt written notice to each Eligible Holder of any material modification to these Rights Offering Procedures made after the Subscription Commencement Date by posting a notice with respect to the modified or additional procedures on the Debtors' case website, provided further that any amendments or modifications to the terms of the Rights Offering are subject to the provisions of Section 10.7 of the Backstop Agreement.  In so doing, and subject to the consent of the Requisite Commitment Parties, the Debtors may execute and enter into agreements and take further action that the Debtors determine in good faith is necessary and appropriate to effectuate and implement the Rights Offering and the issuance of the Rights Offering Shares.

## 11.    DTC

Some or all of the Allowed HoldCo Note Claims and the Allowed HoldCo Equity Interests are held in book-entry form in accordance with the practices and procedures of the DTC. The Debtors intend to comply with the practices and procedures of DTC for the purpose of conducting the Rights Offering, and, subject to compliance with Section 11 hereof,  these Rights Offering Procedures will be deemed appropriately modified to achieve such compliance.

Without limiting the foregoing the Company intends, that to the extent practicable, the Rights Offering Shares will be issued in book entry form, except with respect to persons that may be deemed underwriters under section 1145(b) of the Bankruptcy Code (who are obligated to make themselves known to the company), and that DTC, or its nominee, will be the holder of record of such Rights Offering Shares for any Rights Offering Shares exercised through a Nominee. The ownership interest of each holder of such Rights Offering Shares, and transfers of ownership

interests therein, is expected to be recorded on the records of the direct and indirect participants in DTC. It is expected that all exercised Rights Offering Shares (other than Unsubscribed Shares purchased by the Commitment Parties pursuant to the Backstop Agreement) will be automatically allocated to exercising holders through DTC, along with the related HoldCo Noteholder New Common Stock Distribution or HoldCo Equityholder New Common Stock Distribution, as applicable, on or as soon as practicable after the Effective Date.

## 12.      Inquiries And Transmittal of Documents; Subscription Agent

The Rights Offering Instructions for Eligible Holders attached hereto should be carefully read and strictly followed by the Eligible Holders.

Questions relating to the Rights Offering should be directed to the Subscription Agent via email to RightsOffering@epiqsystems.com (please reference "Ultra Rights Offering" in the subject line) or at the following phone number: (844) 319-8438 (domestic toll-free) or +1 503-520-4495 (international).

The risk of non-delivery of any instructions, documents, and payments to any Nominee or to the Subscription Agent or the Escrow Account is on the Eligible Holder electing to exercise its Subscription Rights and not the Debtors, the Subscription Agent, or the Commitment Parties.

# ULTRA PETROLEUM CORP.
## RIGHTS OFFERING INSTRUCTIONS FOR ELIGIBLE HOLDERS

**Terms used and not defined herein shall have the meaning assigned to them in the Plan.**

**To elect to participate in the Rights Offering, you must follow the instructions set out below:**

1. **Insert** the principal amount of the HoldCo Notes or HoldCo Equity Interests, as applicable, that you hold in Item 1 of your applicable Beneficial Holder Subscription Form(s) (if you do not know such amount, please contact your Nominee immediately).

2. **Complete** the calculation in [Item 2a] of your applicable Beneficial Holder Subscription Form(s), which calculates the maximum number of Rights Offering Shares available for you to purchase. Such amount must be rounded down to the nearest whole share.

3. **Complete** the calculation in [Item 2b] of your applicable Beneficial Holder Subscription Form(s) to indicate the number of Rights Offering Shares that you elect to purchase and calculate the aggregate Purchase Price for the Rights Offering Shares that you elect to purchase. If you do not wish to purchase all of the Rights Offering Shares to which you are entitled, you must provide instructions to your Nominee to ONLY submit the relevant portion of HoldCo Notes or HoldCo Interests into the ATOP system. For example, if you only wish to subscribe for 50% of your rights, then request that your Nominee submit only 50% of your HoldCo Notes or Holdco Interests through ATOP.

4. **Read, complete and sign** the certification in Item 5 of your applicable Beneficial Holder Subscription Form(s). Such execution shall indicate your acceptance and approval of the terms and conditions set forth in these Rights Offering Procedures.

5. **Return** your applicable signed Beneficial Holder Subscription Form(s) to your Nominee, or otherwise follow your Nominee's instructions with respect to the Rights Offering, in sufficient time to allow your Nominee to process your instructions and deliver your underlying HoldCo Notes or HoldCo Equity Interests through ATOP by the Subscription Instruction Deadline. (**If you are a registered holder of Equity Interests in your own name on the books and records of the transfer agent**, you should follow the instructions in the Registered Holder Subscription Form to complete and return your form, and also attach a completed IRS Form W-9 if you are a U.S. person. If you are a non-U.S. person, read, complete and sign an appropriate IRS Form W-8. These forms may be obtained from the IRS at its website: www.irs.gov. Payment instructions will also be included in the Registered Holder Subscription Form. Registered positions in the HoldCo Equity Interests will be verified as of the Subscription Instruction Deadline <u>and</u> the Effective Date of the Plan to confirm that a Registered Holder is entitled to participate in the Rights Offering.)

6.  **Arrange for full payment and submission of the Proof of Payment Form** by paying the aggregate Purchase Price by wire transfer of immediately available funds, calculated in accordance with [Item 2b] of your applicable Beneficial Holder Subscription Form(s). For Eligible Holders that are not Commitment Parties, please instruct your Nominee to coordinate payment of the Purchase Price and transmit and deliver such payment to the Subscription Agent by the Subscription Payment Deadline. Each Nominee will receive a Proof of Payment Form, which will include wire payment instructions and which must be completed and submitted to the Subscription Agent on the Subscription Payment Deadline to advise the Subscription Agent of the specific Eligible Holder ATOP submission instructions that are linked to a particular wire payment.

7.  **For Commitment Parties ONLY, Confirm** that you are a Commitment Party by providing the Commitment Party Addendum to your Nominee, and arrange for the fully completed Commitment Party Addendum to be provided to the Subscription Agent by the Subscription Payment Deadline. (*This instruction is only for Commitment Parties, each of whom is aware of their status as a Commitment Party*).

---

- **The Subscription Instruction Deadline is 4:00 p.m. Central Time on March 21, 2017.**

- **The Subscription Payment Deadline is 5:00 p.m. Houston time on March 22, 2017.**

**Please note that the Beneficial Holder Subscription Form(s) (and/or other instructions required by your Nominee) must be received by your Nominee in sufficient time to allow such Nominee to process and deliver the applicable HoldCo Notes or HoldCo Equity Interests through ATOP by the Subscription Instruction Deadline; *and***

**Payment for exercised Subscription Rights (with respect to Eligible Holders that are not Commitment Parties) must be received by the Subscription Agent by the Subscription Payment Deadline.**

**Eligible Holders that are Commitment Parties must deliver the appropriate funding directly to the Subscription Agent or to the Escrow Account, as applicable, pursuant to the Funding Notice no later than the Backstop Funding Deadline.**